**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| ADNEXUS INCORPORATED, | |
| Plaintiff, | Civil Action No. 6:23-cv-00152-JKP |
| v. | |
| META PLATFORMS, INC, | **JURY TRIAL DEMANDED** |
| Defendant. | |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Adnexus Incorporated, LLC ("Adnexus" or "Plaintiff"), files this First Amended Complaint for Patent Infringement against Meta Platforms, Inc ("Meta" or "Defendant"), and would respectfully show the Court as follows:

**PARTIES**

1. Plaintiff is a Texas corporation having an address located at 1756 Bison Meadow Lane, Heath, Texas 75032.

2. On information and belief, Defendant is a Delaware corporation with a principal address of 1601 Willow Road Menlo Park, California 94025 and has regular and established places of business throughout this District, including at least at 300 West 6th Street Austin, Texas 78701. *See* https://www.metacareers.com/locations. Defendant is registered to do business in Texas and has may be served via its registered agent at Corporation Service Company DBA CSC - Lawyers Inco, located at 211 E. 7th Street Suite 620 Austin, Texas 78701.

3. On information and belief, Defendant directly and/or indirectly develops, designs, manufactures, distributes, markets, offers to sell and/or sells infringing products and services in

the United States, including in the Western District of Texas, and otherwise directs infringing activities to this District in connection with its products and services.

## **JURISDICTION**

4.      This civil action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285 based on Defendant's unauthorized commercial manufacture, use, importation, offer for sale, and sale of the Accused Products in the United States. This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

5.      This United States District Court for the Western District of Texas has general and specific personal jurisdiction over Defendant because, directly or through intermediaries, Defendant has committed acts within the District giving rise to this action and are present in and transact and conduct business in and with residents of this District and the State of Texas.

6.      Plaintiff's causes of action arise, at least in part, from Defendant's contacts with and activities in this District and the State of Texas.

7.      Defendant has committed acts of infringing the patent-in-suit within this District and the State of Texas by making, using, selling, offering for sale, and/or importing in or into this District and elsewhere in the State of Texas, products claimed by the patent-in-suit, including without limitation products made by practicing the claimed methods of the patent-in-suit. Defendant, directly and through intermediaries, makes, uses, sells, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing products into this District and the State of Texas. Defendant regularly conducts and solicits business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from goods and services provided to residents of this District and the State of Texas.

8.      This Court has personal jurisdiction over Defendant pursuant to TEX. CIV. PRAC. & REM. CODE § 17.041 *et seq*. Personal jurisdiction exists over Defendant because Defendant has minimum contacts with this forum as a result of business regularly conducted within the State of Texas and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Texas and this District.  This Court has personal jurisdiction over Defendant, in part, because Defendant does continuous and systematic business in this District, including by providing infringing products and services to the residents of the Western District of Texas that Defendant knew would be used within this District, and by soliciting business from the residents of the Western District of Texas. For example, Defendant is subject to personal jurisdiction in this Court because, *inter alia*, Defendant has regular and established places of business throughout this District, including at least at 300 West 6th Street Austin, Texas 78701, and directly and through agents regularly does, solicits, and transacts business in the Western District of Texas. Also, Defendant has hired and is hiring within this District for positions that, on information and belief, relate to infringement of the patent-in-suit.  Accordingly, this Court's jurisdiction over the Defendant comports with the constitutional standards of fair play and substantial justice and arises directly from the Defendant's purposeful minimum contacts with the State of Texas.

9.      This Court also has personal jurisdiction over Defendant, because in addition to Defendant's own online website and advertising within this District, Defendant has also made its products available within this judicial district and advertised to residents within the District to hire employees to be located in this District.

10.     The amount in controversy exceeds $75,000 exclusive of interests and costs.

11.     Venue is proper in this Court under 28 U.S.C. § 1400(b) based on information set forth herein, which is hereby repeated and incorporated by reference.  Further, upon information and belief, Defendant has committed or induced acts of infringement, and/or advertise, market, sell, and/or offer to sell products, including infringing products, in this District. In addition, and without limitation, Defendant has regular and established places of business throughout this District, including at least at 300 West 6th Street Austin, Texas 78701.

## THE PATENT-IN-SUIT

12.     On May 6, 2014, United States Patent No. 8,719,101 ("the '101 Patent"), entitled "System and method of on-line advertising" was duly and legally issued by the United States Patent and Trademark Office ("USPTO").  The '101 Patent claims patent-eligible subject matter and is valid and enforceable.  Adnexus is the exclusive owner by assignment of all rights, title, and interest in the '101 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '101 Patent. Defendant is not licensed to the '101 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '101 patent whatsoever. A true and correct copy of the '101 patent is attached hereto as **Exhibit A**.

13.     The '101 Patent is referred to herein as the "patent-in-suit."

14.     Plaintiff Adnexus is the owner of the entire right, title, and interest in and to the patent-in-suit. The patent-in-suit is presumed valid under 35 U.S.C. § 282.

## ACCUSED INSTRUMENTALITIES

15.     The term "Accused Instrumentalities" or "Accused Products" refers to, by way of example and without limitation, Meta's Meta Lead Ads (*e.g.* See https://en-gb.facebook.com/business/ads/lead-ads?ref=ads_guide# )

**COUNT I**
**PATENT INFRINGEMENT OF THE '101 PATENT**

16.     Plaintiff restates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

17.     Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '101 Patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products.

18.     Defendant also indirectly infringes the '101 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b). Defendant has knowingly and intentionally actively aided, abetted and induced others to directly infringe at least one claim of the '101 patent (such as its users in this District and throughout the United States). Defendant continues to induce infringement of the '101 patent. Defendant has contributorily infringed and is a contributory infringer because, with knowledge of the '101 patent, it supplies a material part of an infringing method and/or system, where the material part is not a staple article of commerce and is incapable of substantial noninfringing use. Defendant contributes to the infringement of the '101 patent because, with knowledge of the '101 patent, Defendant supplies the technology that allows infringement the '101 patent.

19.     Defendant has knowledge that its activities concerning the Accused Products infringe one or more claims of the '101 patent. On information and belief, Defendant will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the Accused Products (which are acts of direct infringement of the '101 patent) and Defendant has and will continue to encourage those acts with the specific intent to infringe one or more claims of the '101 patent. Further, Defendant provides information and technical support to its customers, including

product manuals, brochures, videos, demonstrations, and website materials encouraging its customers to purchase and instructing them to use Defendant's Accused Products (which are acts of direct infringement of the '101 patent). Alternatively, Defendant knows and/or will know that there is a high probability that the importation, sale, offer for sale, and use of the Accused Products constitutes direct infringement of the '101 patent but took deliberate actions to avoid learning of these facts.

20.     On information and belief, Defendant has known that its activities concerning the Accused Products infringed one or more claims of the '101 patent since at least August 25, 2020 when Plaintiff's CEO and President, Charles Cotropia, emailed four of Defendant's Officers including Salil Shah, Director of New Business Development; Grace Schutze of New Business Development; Michael Cohen, Director of Business Development; and Mike Wilardson, Associate General Counsel of IP licensing. A copy of the August 25, 2020 email is attached herein as **Exhibit C**.

21.     In the August 25, 2020 email, Defendant was made aware that the '101 patented methodology is practiced by the Lead Ads program and was provided with a preliminary infringement analysis as an enclosure to the email. A copy of the preliminary analysis is attached herein as **Exhibit D**.

22.     On November 10,2020, Mr. Cotropia again emailed Defendant's four officers following up on his August 25, 2020 correspondence and pointing out Lead Ads practice of the patented methodology of the '101 patent. A copy of the November 10, 2020 email is attached herein as **Exhibit E.**

23.    Finally, on or around May 7, 2021 Mr. Cotropia again emailed Defendant's officer Mr. Cohen informing him of the '101 patent and Defendant's infringing activity. A copy of the August 25, 2020 email is attached herein as **Exhibit F.**

24.    On information and belief, Defendant's infringement of the '101 patent has been willful and merits increased damages. As described above, Defendant knew of the '101 patent since at least August 25, 2020. After learning of the '101 patent in August 2020, Defendant infringed the '101 patent through its use of and improvements made to products including, but not limited to, Meta Lead Ads. Finally, in doing so Defendant knew that this conduct amount to infringement because Defendant was aware of the patent and Defendant's infringing activity as outlined in the enclosures included in an August 25, 2020 email sent to four of Defendant's officers.

25.    On information and belief, Defendant has made no attempt to design around the claims of the '101 Patent.

26.    On information and belief, Defendant did not have a reasonable basis for believing that the claims of the '101 Patent were invalid.

27.    On information and belief, Defendant's Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

28.    Adnexus has been damaged as the result of Defendant's willful infringement. Upon information and belief, Defendant will continue to infringe one or more claims of the '101 patent unless and until they are enjoined by this Court.

29.    The claim charts attached hereto as **Exhibit B** describes how the elements of an exemplary claim 1 from the '101 Patent are infringed by the Accused Products. This provides details regarding only one example of Defendant's infringement, and only as to a single patent

claim. Plaintiff reserves its right to amend and fully provide its infringement arguments and evidence thereof until its Preliminary and Final Infringement Contentions are later produced according to the Court's scheduling order in this case.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Adnexus respectfully requests the following relief:

A.      A judgment that Defendant has directly infringed either literally and/or under the doctrine of equivalents and continue to directly infringe the patent-in-suit;

B.      A judgment that Defendant has induced infringement and continues to induce infringement of the patent-in-suit;

C.      A judgment that Defendant has contributorily infringed and continues to contributorily infringe the patent-in-suit;

D.      A judgment and order requiring Defendant to pay Plaintiff damages under 35 U.S.C. § 284 including past damages based on, *inter alia*, any necessary compliance with 35 U.S.C. §287, treble damages for willful infringement as provided by 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement through entry of the final judgment with an accounting as needed;

E.      A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and Plaintiff is therefore entitled to reasonable attorneys' fees;

F.      A judgment and order requiring Defendant to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded;

G.      A judgment and order awarding a compulsory ongoing royalty;

H.      A judgment and order awarding Plaintiff costs associated with bringing this action;

I.      A judgment granting a preliminary and permanent injunction that restrains and enjoins Defendant, its officers, directors, divisions, employees, agents, servants, parents, subsidiaries, successors, assigns, and all those in privity, concert or participation with them from directly or indirectly infringing the patent-in-suit; and

J.      Such other and further relief as the Court deems just and equitable.

## JURY TRIAL DEMANDED

Pursuant to FED. R. CIV. P. 38, Plaintiff Adnexus hereby demands a trial by jury on all issues so triable.

Dated:  May 26, 2023

Respectfully submitted,

WARREN RHOADES LLP

/s/ *Sanford E. Warren, Jr.*

Sanford E. Warren, Jr. (Lead Attorney)
State Bar No.  20888690
swarren@wriplaw.com
WARREN RHOADES LLP
2909 Turner Warnell Road, Suite 131
Arlington, Texas  76001
Telephone:  972-550-2955
Facsimile:  469-422-0091

R. Scott Rhoades
State Bar No. 90001757
srhoades@wriplaw.com
WARREN RHOADES LLP
2909 Turner Warnell Road, Suite 131
Arlington, Texas  76001
Telephone:  972-550-2997
Facsimile:  469-422-0091

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned certifies that, on May 26, 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ *Sanford E. Warren, Jr.*

Sanford E. Warren, Jr.