# Exhibit 3

Attorney's Docket No. 42129.6
Customer No. 27683

# System and Method of On-line Advertising

### Cross Reference to Related Applications

[0001]    This application claims the benefit of the filing date of U.S. patent application number 61/163,132, attorney docket number 42129.4, filed on March 25, 2009, the disclosure of which is incorporated herein by reference.

### Background

[0002]    Internet advertising companies seek to find effective advertising methods to promote products and services to potential customers. One advertising method is displaying banner advertisements to recipients as part of a web page including images, text, and/or video promoting certain product and services.  Banner advertisements are typically displayed to recipients to the web page hosting the banner, along with other information displayed by the content provider for the web page.  A second internet advertising method is sending e-mail messages to potential customers.   E-mail messages typically include images, text, and/or video promoting certain products and services, and generally allow more information to be conveyed than banners.  E-mail messages that are not solicited by the recipient are much less effective as an advertising method than e-mails specifically requested by the recipient.  Sending unsolicited emails raises the risks associated with non-encrypted electronic transmissions, spam filters, and the sharing of e-mail addresses without permission.

[0003]    Both of the above advertising methods carry the risk on pushing numerous advertisements to potential customers that are not relevant or desired by the recipient. As a result, the potential customer builds an unfavorable image of the advertiser pushing such unwanted advertisements, or the vendor whose product and services are featured. For these reasons, certain vendors may be hesitant to participate in internet advertising. What is needed is a system and method of gathering a recipient's email address, or other preferred information delivery method, and sending targeted advertisements via this delivery method in response to the recipient's subsequent requests for information made through simple interactions with a banner advertisement while browsing the Internet.

1

Attorney's Docket No. 42129.6
Customer No. 27683

## Brief Description of the Drawings

[0004]   Fig. 1 is a diagrammatic illustration of a system according to an exemplary embodiment.

[0005]   Fig. 2 is an illustration of a browser interface for interaction with a banner advertisement according to an exemplary embodiment.

[0006]   Fig. 3 is a flow chart illustration of an online advertisement delivery process conducted using the system of Fig. 1.

[0007]   Fig. 4 is a flow chart illustration of an online recipient tracking process conducted using the system of Fig. 1.

[0008]   Fig. 5 is a diagrammatic illustration of a node for implementing one or more exemplary embodiments of the present disclosure.

## Detailed Description

[0009]   In an exemplary embodiment, as illustrated in Fig. 1, an advertising system 100 is shown.  The advertising system 100 includes a network 102, which is preferably the Internet but may be a private intranet, a local area network (LAN), a wide area network (WAN), an adhoc network, cellular network including CDMA, GSM, and UMTS, a cable network, DSL network, fiber network, WiMAX network, or a combination of some or all of these networks, or any other suitable network.  Communicating with and over the network 102 are a variety of servers, clients, and databases.  The servers include a banner server 108, an e-mail advertisement server 110, a web page server 116, and an analytics server 120.  Each of these servers may be implemented using hardware, software, or a combination of the two.  The servers 108, 110, 116, 120 may be separate from one another, or some or all of them may share computing resources such as data storage, network access, processing resources, memory, operating systems, virtual servers, software libraries, and the like.  The servers may be controlled by one entity, or they may be under the control of separate entities.  For example, the web page server 116 may be controlled by a web page content provider, while the banner server 106, the e-mail advertisement server 108, and the analytics server 120 may be controlled by an Internet marketing company.

[0010]   The analytics server 110 is operably coupled to, and in communication with the network 102.   The analytics server 110 performs tracking of visitor interaction with

Attorney's Docket No. 42129.6
Customer No. 27683

banner advertisements and e-mail advertisements. The tracking data gathered by the analytics server 110 may be used by advertisers for business intelligence and financial analysis purposes, and to improve the delivery of advertising material.

[0011]    The clients include a client 112 and an e-mail client 114.    A visitor's or other recipient's computing device 104 is operably coupled to, and in communication with, the client 112 and the e-mail client 114. In an exemplary embodiment, the visitor's computing device 104 is any device capable of receiving and displaying a network communication over the network 102.  In several exemplary embodiments, the visitor's computing device 104 is a personal computer, interactive display device, mobile device, or the like. In an exemplary embodiment, the client 112 is web browser software executing on a personal computer, for example Microsoft Internet Explorer, Google Chrome, Mozilla Firefox, Apple Safari, or any other suitable web browser.

[0012]    The banner server 104 provides advertising content to the browser client 112 and/or the web page server 116.  The banner server 108 may include multiple servers that provide redundant serving capacity for advertising content, and a server may be selected to provide advertising content to a particular recipient based on the geographic location of the recipient.  In this way, the banner server 108 that is logically or physically nearest to the recipient can deliver the requested advertising content.  The advertising content may be provided via hypertext transfer protocol or any other suitable protocol.

[0013]    During operation of the system 100, the browser client 112 communicates with one or more of the servers.  As one example, the browser client 112 may request a web page or other network communication containing advertising content from the web page server 116.  In response, the web page server 116 provides the web page or other network communication and directs the browser client 112 to request advertising content from the banner server 108.  The banner server 108 then sends a banner advertisement that allows the recipient to request additional information about the product or service being displayed on the banner.  In an exemplary embodiment, this additional information is delivered to the recipient as an e-mail that the recipient has logged and registered through previous interaction with banner advertisements.

[0014]    In an exemplary embodiment, the provider of the banner advertisement determines the content and format of the e-mail pushed to recipient based on the topic of the banner advertisement or preferences previously logged by the recipient.   In this

Attorney's Docket No. 42129.6
Customer No. 27683

way, the system 100 allow the recipient to request or subscribe to delivery of information about specific products and services and to be matched with vendor that wishes to market those types of products and services.

[0015]   In an exemplary embodiment, the provider of the banner advertisement generates a fee to be paid by the vendor of the product or service when the banner advertisement is shown to the recipient and/or when the recipient requests additional information.   In an exemplary embodiment, the number of times the banner advertisement is shown and the number of times a recipient requests additional information is tracked and recorded by the analytics server 120.

[0016]   In an exemplary embodiment, the analytics server 120 tracks recipient behavior and measures the visitor's and other recipient's response to a variety of banner advertisements.   The results of tracking this behavior can be used by advertisers to predict the banner advertisement content that will most likely lead to a sale of a product or service.   The tracking may also track the content of the web page or other network communication displayed in connection with the banner advertisement, self-reported information from the recipient, and records of previous purchases or Internet activities stored within cookies or other identifiers retained on the visitor's computing device 104. Advertisers may also use this behavior tracking to generate demographic profiles of recipients and to customize advertisement of products or services to future visitors based on those profiles.

[0017]   Fig. 2 illustrates a browser interface 150 for interaction with banner advertisements 154 and 166 according to an exemplary embodiment.   In an exemplary embodiment, the browser interface 150 is displayed on the visitor's computing device 104 by the browser client 112.   The browser interface 150 includes an address bar 152, website navigation 160, website content 162, and banner advertisements 154 and 166. In an exemplary embodiment, the website navigation 160 and the website content 162 are provided by a third party owner of the web page associated with the domain name in the address bar 152.

[0018]   Banner advertisements 154 and 166 can be displayed as a shape with any given dimensions, and may even change dimensions, but are typically rectangular areas anchored to a specific area on a web page or network communication.   The banner advertisements 154 and 166 provide the visitor with a variety of information

Attorney's Docket No. 42129.6
Customer No. 27683

corresponding to various products from any number of vendors.   In an exemplary embodiment, the banner advertisements 154 and 166 allow the visitor or other recipient to request additional information be delivered to the recipient by the advertiser, the vendor of the advertised products and services, or another third party.   In an exemplary embodiment, the banner advertisements 154 and 166 supply information regarding sales, comparisons, new features, and other types of advertising messages.

[0019]    In an exemplary embodiment, the banner advertisement 154 allows a recipient to request an email or other electronic communication be sent to the recipient's email address containing information about the product or service advertised.   In an exemplary embodiment, recipients interact with banner advertisements 154 and 166 by interacting with interactive elements within the banner advertisements such as areas denoted by a logo 156 and 164.   The interactive logos 156 and 164 can be resident in an existing banner of any size.   When activated, the interactive logos 156 and 164 provide an interface option to allow a recipient to provide contact information or automatically send advertising or other information to the recipient's email address, or other contact method, without immediately delivering such information in the browser client 112.

[0020]    Visitors and other recipients may activate interactive logos 156 or 164 by clicking, hovering over the interactive logos 156 or 164 for a predetermined time, or other known method or activation.   In one embodiment, a visitor has not previous interacted with the system 100.   In this embodiment, activating interactive logo 156 causes an interface option, such as a text field 158, to appear.

[0021]    Visitors and other recipients may type in contact information, such as an email address into a text field 158.   In an exemplary embodiment, the recipient initiates an e-mail registration process by entering his email address into the text field 158. The recipient may then complete the e-mail registration process by selecting an opt-in option in a confirmation email that is sent to the recipient's email address. The recipient may be warned the confirmation email might be delivered to his spam box.   After the recipient completes the e-mail registration process though the confirmation email; a cookie or other identifier is placed on the recipient's computer.   The placement of cookie allows enhanced interaction between the recipient and the banner advertisement 154 and 166, as further described below.

Attorney's Docket No. 42129.6
Customer No. 27683

[0022]   In several exemplary embodiments, when the cookie other identifier is present and the recipient subsequently clicks or mouse over banner advertisement 154, code within the banner will trigger the delivery preferences 168 to give the option to the recipient to subscribe to regular periodic delivery of additional information regarding the subject of the banner advertisement 154.  In an exemplary embodiment, the information preferences 168 in banner advertisement 154 include a radio button with types of additional information that the recipient may select, such as "newsletter," "sales," and/or "special offers."

[0023]   In an exemplary embodiment, recipients have previously registered their email address through the online registration mechanism described above by way of text balloon 158 to activate the clickable logos 156 and 164.   In this way, banner advertisements 154 and 166 deliver advertising or other information in a timely and unobtrusive manner without the recipient leaving the website hosting the banner advertisements 154 or 166 or otherwise interrupting the recipient's browsing.

[0024]   In an exemplary embodiment, after completing the registration process and placing the cookie, the recipient may mouse over the banner advertisement 166 and select a delivery preference 170 to have the additional information delivered via text message, browser, or instant messaging service.

[0025]   Referring now to Fig. 3, with continuing reference to Fig.1 and Fig. 2, an example operational process 200 for delivering online advertisements is shown.  At step 202, the banner advertisement 154 or 166 is presented to the recipient's browser client 112 by the banner server 108.  At step 204, the banner server 108 determines whether or not the recipient can be recognized by a cookie or other identifier placed on the visitor's computing device 104.

[0026]   If the recipient is recognized, the banner server 108 loads the recipient preferences from the visitor information database 106.  If the recipient is not recognized, the recipient is presented an interface option, such as a text field 158, in the banner advertisement 154 or presented a delivery method preference selection 170 in the banner advertisement 166.   At step 210, additional information is delivered to the visitor's browser client 112, the visitor's e-mail client 114, or via other means to the to visitor's computing device 104.  In an exemplary embodiment, the recipient remains able

Attorney's Docket No. 42129.6
Customer No. 27683

to interact with the entire webpage displaying the banner advertisement 154 or 166 without pop-up of additional web pages, network communications, or other interruption.

[0027]   At step 212, the recipient is given the option to enter delivery preferences for future deliveries of additional information.   In an exemplary embodiment, these preferences include an option to subscribe to further e-mailings from certain selected vendors and advertisers.   In another exemplary embodiment, these preferences include an option to subscribe to further e-mailings regarding certain selected types of products or services, irrespective of the vendor.   In this way, the process 200 targets advertising to potential consumers who have opted-in to receive it.

[0028]   At step 214, the process determines whether or not a response to the request for delivery preferences has been received.   If a response is not received from the recipient, the process returns to step 202.   At step 216, if the recipient enters delivery preferences, the preferences are received and stored in the recipient information database 106 and a cookie is placed on the visitor's computing device 104 so that the recipient will be recognized by the process 200 in the future.

[0029]   Referring now to Fig. 4, with continuing reference to Fig. 1 and Fig. 2, an example operational process 300 for tracking recipients is shown.   At step 312, a banner advertisement 154 or 170 is presented to the recipient's browser client 112 by the banner server 108 during a visit to a third party network communication provided by the web page server 116.

[0030]   At step 316, a mouseover action on top of the banner advertisement 154 is detected by the banner server 108 or the web page server 116.   At step 318, an interface option, such as the text field 158, is presented, opened or activated on the banner advertisement 154.   At step 320, using his or her browser client 112, the recipient enters his or her email address into the text field 158.   At step 322, the email advertisement server 110 send a confirmation email to the recipient's email client 114 using the entered email address.

[0031]   The confirmation email may also contain an option to create a user profile for the recipient.   In an exemplary embodiment, to create the profile, the recipient may enter additional preferences and contact information in the confirmation email, such as a name, a cellular phone number or an instant message screen name.   In an exemplary embodiment, the use profile is stored on the visitor information database 106.   In several

7

Attorney's Docket No. 42129.6
Customer No. 27683

exemplary embodiments, the user profile allows a recipient to opt-in to future updates concerning the advertised product or to allow future email marketing on related items that match the recipient's demographic or request history.  In an exemplary embodiment, once a recipient has created a profile, the recipient can manage the user profile by interaction with another website manages by the advertiser or a third party.  In an exemplary embodiment, management includes changing privacy and contact preferences.  Subject to the preferences set on the user profile, the recipient's contact information is sent to any number of advertisers or vendors.

[0032]    The website used to manage the recipient's user profile may also record the types of information sent by advertisers to the recipient, or act as a delivery service for said information.  The cookie and/or website may also track and record the number of successful clicks and click-through percentage for banner advertisements 154 and 166 in order to send relevant information to vendors.  In an exemplary embodiment, the vendor of the product or services pays the vendor based on the interactions of recipient with the banner advertisements 154 and 166.

[0033]    At step 324, a cookie or other identifier is placed on the visitor's computing device 104 contain unique identifying information for that recipient.

[0034]    At step 326, a mouseclick action on top of logo 156 or 164 within the banner advertisement 154 or 166 is detected by the banner server 108 or the web page sever 116.  At step 328, the banner server 108 determines whether or not a cookie or other identifier containing unique identifying information for the recipient has been placed on the visitor's computing device 104.  If no cookie is present, additional information regarding the subject of the banner advertisement 154 or 166 is displayed to the recipient's browser client 112.

[0035]    At step 332, if a cookie is present on the visitor's computing device 104, the additional advertising information is sent to the e-mail client 114.  At the step 334, the recipient's request for additional advertising information is recorded by the analytics server 120.  In an exemplary embodiment, the data recorded by the analytics server 120 is associated with the unique identifying information stored in the cookie, allowing recipient's individual interactions with banner advertisements 154 and 166 to be tracked.  At step 336, this recording and recipient tracking data gathered by the analytics server 120 may be shared with third party vendors or other advertisers.  In an exemplary

Attorney's Docket No. 42129.6
Customer No. 27683

embodiment, the recipient may select which vendors have access to this data by adjusting settings in his or her user profile.

[0036]    Referring to Fig. 5, an illustrative node 500 for implementing one or more embodiments of the present disclosure is depicted.    Node 500 includes a microprocessor 502, an input device 504, a storage device 506, a video controller 508, a system memory 510, and a display 514, and a communication device 516 all of which are operably coupled to one another by one or more buses 512.  The storage device 506 could include any type of computer readable medium.  The storage device 506 could be a floppy drive, hard drive, CD-ROM, optical drive, or any other form of storage device.  In addition, the storage device 506 may be capable of receiving a floppy disk, CD-ROM, DVD-ROM, or any other form of computer-readable medium that may contain computer-executable instructions.  Further, the communication device 516 could be a modem, network card, wireless chipset, or any other device to enable the node to communicate with other nodes.   It is understood that any node could represent a plurality of interconnected (whether by intranet or Internet) computer systems, including without limitation, personal computers, mainframes, PDAs, and cell phones.   In several exemplary embodiments, the node 500 and/or one or more components thereof, including one or more of the microprocessor 502, the input device 504, the storage device 506, the video controller 508, the system memory 510, the display 514, and the communication device 516, and/or any combination thereof, are distributed throughout the system 100 and/or one or more components thereof, and/or any combination thereof.

[0037]    In an exemplary embodiment, the visitor's computing device 104, and each of the servers 108, 110, 116, and 120 is a node 500.

[0038]    The system 100 includes at least hardware capable of executing machine readable instructions, as well as the software for executing acts (typically machine-readable instructions) that produce a desired result. In addition, the system 100 may include hybrids of hardware and software, as well as computer sub-systems.

[0039]    Hardware generally includes at least processor-capable platforms, such as client-machines (also known as personal computers or servers), and hand-held processing devices (such as smart phones, portable computing devices, or personal computing devices (PCDs), for example). Further, hardware may include any physical

9

Attorney's Docket No. 42129.6
Customer No. 27683

device that is capable of storing machine-readable instructions, such as memory or other data storage devices. Other forms of hardware include hardware sub-systems, including transfer devices such as modems, modem cards, ports, and port cards, for example. Software includes any machine code stored in any memory medium, such as RAM or ROM, and machine code stored on other devices (such as floppy disks, flash memory, or a CD ROM, for example).  Software may include source or object code, for example. In addition, software encompasses any set of instructions capable of being executed in a client machine or server. Combinations of software and hardware could also be used for providing enhanced functionality and performance for certain embodiments of the present disclosure.  One example is to directly manufacture software functions into a silicon chip.  Accordingly, it should be understood that combinations of hardware and software are also included within the definition of a computer system and are thus envisioned by the present disclosure as possible equivalent structures and equivalent methods.

**[0040]**    Computer-readable mediums include passive data storage, such as a random access memory (RAM) as well as semi-permanent data storage such as a compact disk read only memory (CD-ROM). In addition, an embodiment of the present disclosure may be embodied in the RAM of a computer to transform a standard computer into a new specific computing machine.

**[0041]**    Data structures are defined organizations of data that may enable an embodiment of the present disclosure.  For example, a data structure may provide an organization of data, or an organization of executable code.

**[0042]**    The system 100 may be designed to work on any specific architecture. For example, the system may be executed on a single computer, local area networks, client-server networks, wide area networks, internets, hand-held and other portable and wireless devices and networks.

**[0043]**    The visitor information database 106, and any other database described, may be any standard or proprietary database software, such as Oracle, Microsoft Access, SyBase, or DBase II, for example.  The database may have fields, records, data, and other database elements that may be associated through database specific software. Additionally, data may be mapped.  Mapping is the process of associating one data entry with another data entry. For example, the data contained in the location of a character

Attorney's Docket No. 42129.6
Customer No. 27683

file can be mapped to a field in a second table. The physical location of the database is not limiting, and the database may be distributed. For example, the database may exist remotely from the server, and run on a separate platform.  Further, the database may be accessible across the Internet.  Note that more than one database may be implemented.

[0044]   A method has been described that includes displaying to a recipient an advertisement associated with a first party that contains an interactive element displayed within the advertisement in a network communication associated with a second party, displaying an interface option within the advertisement as a result of an interaction by the recipient with the interactive element, receiving contact information in the interface option from the recipient, and storing the contact information in a database.

[0045]   A method has been described that includes displaying a second interface option within the advertisement, wherein the second interface option displays a delivery preference selectable by the recipient, receiving the delivery preference in the second interface option, and storing the delivery preference in a database.

[0046]   A method has been described that includes displaying, to the recipient, a second advertisement associated with a third party that contains a second interactive element within the second advertisement in a second network communication associated with a fourth party, receiving an input from the recipient in the second interactive element, wherein the recipient remains able to interact with the entire portion of the Web page, querying a cookie or other identifier stored on a computer associated with the recipient, identifying an email address associated with the cookie, and sending advertising information to the email address.

[0047]   A computer readable medium has been described that includes a plurality of instructions including instructions for displaying to a recipient an advertisement associated with a first party that contains an interactive element displayed within the advertisement in a network communication associated with a second party, instructions for displaying an interface option within the advertisement as a result of an interaction by the recipient with the interactive element, instructions for receiving contact information in the interface option from the recipient, and instructions for storing the contact information in a database.

[0048]   A system been described that includes a an advertisement associated with a first party on a network communication associated with a second party, an interactive

Attorney's Docket No. 42129.6
Customer No. 27683

element displayed within the advertisement as a result of an interaction by the recipient with the interactive element, an interface option within the advertisement to receive contact information from the recipient; and a database to store the contact information.

[0049]    In several exemplary embodiments, the elements and teachings of the various illustrative exemplary embodiments may be combined in whole or in part in some or all of the illustrative exemplary embodiments.  In addition, one or more of the elements and teachings of the various illustrative exemplary embodiments may be omitted, at least in part, and/or combined, at least in part, with one or more of the other elements and teachings of the various illustrative embodiments.

[0050]    In several exemplary embodiments, while different steps, processes, and procedures are described as appearing as distinct acts, one or more of the steps, one or more of the processes, and/or one or more of the procedures may also be performed in different orders, simultaneously and/or sequentially.  In several exemplary embodiments, the steps, processes and/or procedures may be merged into one or more steps, processes and/or procedures.

[0051]    In several exemplary embodiments, one or more of the operational steps in each embodiment may be omitted.  Moreover, in some instances, some features of the present disclosure may be employed without a corresponding use of the other features.  Moreover, one or more of the above-described embodiments and/or variations may be combined in whole or in part with any one or more of the other above-described embodiments and/or variations.

[0052]    Although several exemplary embodiments have been described in detail above, the embodiments described are exemplary only and are not limiting, and those skilled in the art will readily appreciate that many other modifications, changes and/or substitutions are possible in the exemplary embodiments without materially departing from the novel teachings and advantages of the present disclosure.  Accordingly, all such modifications, changes and/or substitutions are intended to be included within the scope of this disclosure as defined in the following claims.  In the claims, means-plus-function clauses are intended to cover the structures described herein as performing the recited function and not only structural equivalents, but also equivalent structures.

Attorney's Docket No. 42129.6
Customer No. 27683

## Claims

What is claimed is:

1.      A method for delivering an online advertisement comprising:

displaying, in a network communication delivered to a recipient, an advertisement associated with a first party, wherein the advertisement contains an interactive element displayed within the advertisement, and wherein the network communication is associated with a second party;

displaying, as a result of an interaction by the recipient with the interactive element, an interface option within the advertisement;

receiving contact information in the interface option from the recipient; and

storing the contact information in a database.

2.      The method of claim 1, wherein the interface option is a text field that is displayed within the advertisement.

3.      The method of claim 1, wherein the contact information is an email address associated with the recipient.

4.      The method of claim 1, further comprising sending a confirmation message to the recipient using the contact information.

5.      The method of claim 1, further comprising:

displaying a second interface option within the advertisement, wherein the second interface option displays a delivery preference selectable by the recipient;

receiving the delivery preference in the second interface option; and

storing the delivery preference in a database.

6.      The method of claim 1, further comprising:

displaying, in a second network communication to the recipient, a second advertisement associated with a third party that contains a second interactive element

Attorney's Docket No. 42129.6
Customer No. 27683

within the second advertisement, wherein the second network communication is associated with a fourth party;

receiving an input from the recipient in the second interactive element, wherein the second network communication is still displayed to the recipient after the input is received;

querying an identifier stored on a computer associated with the recipient;

identifying an email address associated with the identifier; and

sending advertising information to the email address.

7.     The method of claim 6, wherein the identifier is stored in response to a confirmation message sent to the recipient using the contact information.

8.     The method of claim 6, wherein the email address is entered by the recipient in response to a confirmation message sent to the recipient using the contact information.

9.     A plurality of instructions stored on the computer readable medium for execution by a processor, the plurality of instructions comprising:

instructions for displaying, in a network communication delivered to a recipient, an advertisement associated with a first party, wherein the advertisement contains an interactive element displayed within the advertisement, and wherein the network communication is associated with a second party;

instructions for displaying, as a result of an interaction by the recipient with the interactive element, an interface option within the advertisement;

instructions for receiving contact information in the interface option from the recipient; and

instructions for storing the contact information in a database.

10.    The plurality of instructions of claim 9, wherein the interface option is a text field that is displayed within the advertisement.

Attorney's Docket No. 42129.6
Customer No. 27683

11.    The plurality of instructions of claim 9, wherein the contact information is an email address associated with the recipient.

12.    The plurality of instructions of claim 9, further comprising instructions for sending a confirmation message to the recipient using the contact information.

13.    The plurality of instructions of claim 9, further comprising:

instructions for displaying a second interface option within the advertisement, wherein the second interface option displays a delivery preference selectable by the recipient;

instructions for receiving the delivery preference in the second interface option; and

instructions for storing the delivery preference in a database.

14.    The plurality of instructions of claim 9, further comprising:

instructions for displaying, in a second network communication to the recipient, a second advertisement associated with a third party that contains a second interactive element within the second advertisement, wherein the second network communication is associated with a fourth party;

instructions for receiving an input from the recipient in the second interactive element, wherein the second network communication is still displayed to the recipient after the input is received;

instructions for querying an identifier stored on a computer associated with the recipient;

instructions for identifying an email address associated with the identifier; and

instructions for sending advertising information to the email address.

15.    The method of claim 14, wherein the identifier is stored in response to a confirmation message sent to the recipient using the contact information.

16.    The method of claim 14, wherein the email address is entered by the recipient in response to a confirmation message sent to the recipient using the contact information.

Attorney's Docket No. 42129.6
Customer No. 27683

17.    A advertising system comprising:

an advertisement associated with a first party displayed on a network communication associated with a second party;

an interactive element displayed within the advertisement as a result of an interaction by the recipient with the interactive element;

an interface option within the advertisement to receive contact information from the recipient; and

a database to store the contact information.

Attorney's Docket No. 42129.6
Customer No. 27683

## Abstract

A system and method according to which an advertisement associated with a first party that contains an interactive element displayed within the advertisement is displayed to a recipient in a network communication associated with a second party, an interface option within the advertisement is displayed as a result of an interaction by the recipient with the interactive element, contact information in the interface option is received from the recipient, and the contact information is stored in a database.

.



Fig. 1



Fig. 2



Fig. 3



300
312
Display Banner Advertisement
316
Detect Mouseover from Recipient
326
Detect Mouseclick from Recipient
317
Cookie Placed?
No
End
328
Cookie Placed?
330
No
Display Additional Information in Browser
Yes
318
Open Text Balloon
Yes
320
Receive E-mail Address from Recipient
332
Send Additional Advertising Information to Recipient's E-mail Address
322
Send Confirmation Message to Recipient's E-mail Address
334
Track and Record Interaction with Recipient
324
Place Cookie on Recipient's Computing Device
336
Send Recipient's Contact Information to Vendor

Fig. 4



Fig. 5

PTO/SB/14 (07-07)
Approved for use through 06/30/2010.  OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | 42129.6 |
|---|---|---|
| | Application Number | |

| Title of Invention | System and Method of On-line Advertising |
|---|---|

The application data sheet is part of the provisional or nonprovisional application for which it is being submitted. The following form contains the bibliographic data arranged in a format specified by the United States Patent and Trademark Office as outlined in 37 CFR 1.76.
This document may be completed electronically and submitted to the Office in electronic format using the Electronic Filing System (EFS) or the document may be printed and included in a paper filed application.

## Secrecy Order 37 CFR 5.2

☐ Portions or all of the application associated with this Application Data Sheet may fall under a Secrecy Order pursuant to 37 CFR 5.2 (Paper filers only. Applications that fall under Secrecy Order may not be filed electronically.)

## Applicant Information:

**Applicant 1**   [ Remove ]

Applicant Authority ⦿Inventor  ◯Legal Representative under  35 U.S.C. 117  ◯Party of Interest under 35 U.S.C. 118

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| | Timothy | L. | Booth | |

**Residence Information (Select One)** ⦿ US Residency  ◯ Non US Residency  ◯ Active US Military Service

| City | Murphy | State/Province | TX | Country of Residence i | US |
|---|---|---|---|---|---|

| Citizenship under 37 CFR 1.41(b) i | US |
|---|---|

**Mailing Address of Applicant:**

| Address 1 | 1219 Whitestone Drive |
|---|---|
| Address 2 | |

| City | Murphy | State/Province | TX |
|---|---|---|---|
| Postal Code | 75094 | Country i | US |

**Applicant 2**   [ Remove ]

Applicant Authority ⦿Inventor  ◯Legal Representative under  35 U.S.C. 117  ◯Party of Interest under 35 U.S.C. 118

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| | Shawn | | Sandifer | |

**Residence Information (Select One)** ⦿ US Residency  ◯ Non US Residency  ◯ Active US Military Service

| City | Frisco | State/Province | TX | Country of Residence i | US |
|---|---|---|---|---|---|

| Citizenship under 37 CFR 1.41(b) i | US |
|---|---|

**Mailing Address of Applicant:**

| Address 1 | 6624 Longhorn Trail |
|---|---|
| Address 2 | |

| City | Frisco | State/Province | TX |
|---|---|---|---|
| Postal Code | 75034 | Country i | US |

All Inventors Must Be Listed - Additional Inventor Information blocks may be generated within this form by selecting the **Add** button.   [ Add ]

## Correspondence Information:

Enter either Customer Number or complete the Correspondence Information section below.
For further information see 37 CFR 1.33(a).

☐ **An Address is being provided for the correspondence Information of this application.**

PTO/SB/14 (07-07)
Approved for use through 06/30/2010.  OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | 42129.6 |
|---|---|---|
| | Application Number | |

| Title of Invention | System and Method of On-line Advertising |
|---|---|

| Customer Number | 27683 | | |
|---|---|---|---|
| Email Address | ipdocketing@haynesboone.com | Add Email | Remove Email |

## Application Information:

| Title of the Invention | System and Method of On-line Advertising | | |
|---|---|---|---|
| Attorney Docket Number | 42129.6 | Small Entity Status Claimed | ☒ |
| Application Type | Nonprovisional | | |
| Subject Matter | Utility | | |
| Suggested Class (if any) | | Sub Class (if any) | |
| Suggested Technology Center (if any) | | | |
| Total Number of Drawing Sheets (if any) | 5 | Suggested Figure for Publication (if any) | |

## Publication Information:

| ☐ | Request Early Publication (Fee required at time of Request 37 CFR 1.219) |
|---|---|
| ☒ | **Request Not to Publish.**  I hereby request that the attached application not be published under 35 U.S. C. 122(b) and certify  that the invention disclosed in the attached application **has not and will not** be the subject of an application filed in another country, or under a  multilateral international agreement, that requires publication at eighteen months after filing. |

## Representative Information:

| Representative information should be provided for all practitioners having a power of attorney in the application. Providing this information in the Application Data Sheet does not constitute a power of attorney in the application (see 37 CFR 1.32). Enter either  Customer  Number  or  complete  the  Representative  Name  section  below.  If  both  sections are completed the Customer Number will be used for the Representative Information during processing. |
|---|

| Please Select One: | ⦿ Customer Number | ◯ US Patent Practitioner | ◯ Limited Recognition (37 CFR 11.9) |
|---|---|---|---|
| Customer Number | 27683 | | |

## Domestic Benefit/National Stage Information:

| This section allows for the applicant to either claim benefit under 35 U.S.C. 119(e), 120, 121, or 365(c) or indicate National Stage entry from a PCT application. Providing this information in the application data sheet constitutes the specific reference required by 35 U.S.C. 119(e) or 120, and 37 CFR 1.78(a)(2) or CFR 1.78(a)(4), and need not otherwise be made part of the specification. | | | |
|---|---|---|---|
| Prior Application Status | | | Remove |
| Application Number | Continuity Type | Prior Application Number | Filing Date (YYYY-MM-DD) |
| | non provisional of | 61/163132 | 2009-03-25 |

| Additional Domestic Benefit/National Stage Data may be generated within this form by selecting the **Add** button. | Add |
|---|---|

## Foreign Priority Information:

PTO/SB/14 (07-07)
Approved for use through 06/30/2010. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | 42129.6 |
| | Application Number | |

| Title of Invention | System and Method of On-line Advertising |

This section allows for the applicant to claim benefit of foreign priority and to identify any prior foreign application for which priority is not claimed. Providing this information in the application data sheet constitutes the claim for priority as required by 35 U.S.C. 119(b) and 37 CFR 1.55(a).

Remove

| Application Number | Country [i] | Parent Filing Date (YYYY-MM-DD) | Priority Claimed |
| | | | ◯ Yes ◉ No |

Additional Foreign Priority Data may be generated within this form by selecting the **Add** button.

Add

## Assignee Information:

Providing this information in the application data sheet does not substitute for compliance with any requirement of part 3 of Title 37 of the CFR to have an assignment recorded in the Office.

**Assignee 1**                                                                    Remove

| If the Assignee is an Organization check here. | ☒ |

| Organization Name | COR, Inc. |

**Mailing Address Information:**

| **Address 1** | 5729 Lebanon Road, Suite 144-407 | | |
| Address 2 | | | |
| **City** | Frisco | **State/Province** | TX |
| **Country** [i] | US | Postal Code | 75034 |
| Phone Number | | Fax Number | |
| Email Address | | | |

Additional Assignee Data may be generated within this form by selecting the **Add** button.

Add

## Signature:

A signature of the applicant or representative is required in accordance with 37 CFR 1.33 and 10.18. Please see 37 CFR 1.4(d) for the form of the signature.

| **Signature** | /Gavin George/ | | | Date (YYYY-MM-DD) | 2010-03-25 |
| **First Name** | Gavin | **Last Name** | George | Registration Number | 60393 |

This collection of information is required by 37 CFR 1.76. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 23 minutes to complete, including gathering, preparing, and submitting the completed application data sheet form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

# Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1.  The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these records.

2.  A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3.  A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4.  A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5.  A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.

6.  A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7.  A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8.  A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9.  A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | |
| **Filing Date:** | |
| **Title of Invention:** | System and Method of On-line Advertising |
| **First Named Inventor/Applicant Name:** | Timothy L. Booth |
| **Filer:** | Gavin D. George/Kathy Mettee |
| **Attorney Docket Number:** | 42129.6 |

Filed as Small Entity

## Utility under 35 USC 111(a) Filing Fees

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| Utility filing Fee (Electronic filing) | 4011 | 1 | 82 | 82 |
| Utility Search Fee | 2111 | 1 | 270 | 270 |
| Utility Examination Fee | 2311 | 1 | 110 | 110 |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |
| **Miscellaneous:** | | | | |
| | | | **Total in USD ($)** | **462** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 7288667 |
| **Application Number:** | 12731973 |
| **International Application Number:** | |
| **Confirmation Number:** | 2161 |
| **Title of Invention:** | System and Method of On-line Advertising |
| **First Named Inventor/Applicant Name:** | Timothy L. Booth |
| **Customer Number:** | 27683 |
| **Filer:** | Gavin D. George/Kathy Mettee |
| **Filer Authorized By:** | Gavin D. George |
| **Attorney Docket Number:** | 42129.6 |
| **Receipt Date:** | 25-MAR-2010 |
| **Filing Date:** | |
| **Time Stamp:** | 17:55:04 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Deposit Account |
| Payment was successfully received in RAM | $462 |
| RAM confirmation Number | 4260 |
| Deposit Account | 081394 |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |
| Charge any Additional Fees required under 37 C.F.R. Section 1.21 (Miscellaneous fees and charges) | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | Patent_Application_42129_6.pdf | 1250009 <br> 10d181dc41bd7242803dcde3f0d64173698857e1 | yes | 17 |

| | Multipart Description/PDF files in .zip description | | | | |
|---|---|---|---|---|---|
| | **Document Description** | | **Start** | | **End** |
| | Specification | | 1 | | 12 |
| | Claims | | 13 | | 16 |
| | Abstract | | 17 | | 17 |

| Warnings: | | | | | |
|---|---|---|---|---|---|
| Information: | | | | | |
| 2 | Drawings-only black and white line drawings | Drawings_42129_6.pdf | 151529 <br> 52384f11ea228ba18009d5786d6dcf9a7a4f6a35 | no | 5 |
| Warnings: | | | | | |
| Information: | | | | | |
| 3 | Application Data Sheet | Application_Data_Sheet_42129_6.pdf | 1067918 <br> defa1e3df607fec5649fb0a4b691b196359975ca | no | 4 |
| Warnings: | | | | | |
| Information: | | | | | |
| 4 | Fee Worksheet (PTO-875) | fee-info.pdf | 32758 <br> 36fa6eeee7adea552bf40a2c0ae0fd91e4e27930 | no | 2 |
| Warnings: | | | | | |
| Information: | | | | | |
| | **Total Files Size (in bytes):** | | 2502214 | | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable.  It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/SB/06 (12-04)

**Date:**     03/25/10

Approved for use through 7/31/2006. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>**12/731,973** |
|---|---|

## APPLICATION AS FILED – PART I

|  | (Column 1) | (Column 2) | SMALL ENTITY | | OR | OTHER THAN<br>SMALL ENTITY | |
|---|---|---|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) | | RATE ($) | FEE ($) |
| BASIC FEE<br>(37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | 82 | | N/A | |
| SEARCH FEE<br>(37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | 270 | | N/A | |
| EXAMINATION FEE<br>(37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | 110 | | N/A | |
| TOTAL CLAIMS<br>(37 CFR 1.16(i)) | 17 | minus 20 = | x$26 | | OR | x$52 | |
| INDEPENDENT CLAIMS<br>(37 CFR 1.16(h)) | 3 | minus 3 = * | x$110 | | | x$220 | |
| APPLICATION SIZE FEE<br>(37 CFR 1.16(s)) | | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $270 ($135 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR | | | | | |
| MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | 195 | | | 390 | |
| | | | TOTAL | **462** | | TOTAL | |

\* If the difference in column 1 is less than zero, enter "0" in column 2.

## APPLICATION AS AMENDED – PART II

| | | (Column 1) | (Column 2) | (Column 3) | SMALL ENTITY | | OR | OTHER THAN<br>SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|---|
| | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDI-TIONAL FEE ($) | | RATE ($) | ADDI-TIONAL FEE ($) |
| **AMENDMENT A** | Total<br>(37 CFR 1.16(i)) | * | Minus ** | = | x = | | OR | x = | |
| | Independent<br>(37 CFR 1.16(h)) | * | Minus *** | = | x = | | OR | x = | |
| | Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | N/A | | OR | N/A | |
| | | | | | TOTAL ADD'T FEE | | OR | TOTAL ADD'T FEE | |

| | | (Column 1) | (Column 2) | (Column 3) | | | OR | | |
|---|---|---|---|---|---|---|---|---|---|
| | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDI-TIONAL FEE ($) | | RATE ($) | ADDI-TIONAL FEE ($) |
| **AMENDMENT B** | Total<br>(37 CFR 1.16(i)) | * | Minus ** | = | x = | | OR | x = | |
| | Independent<br>(37 CFR 1.16(h)) | * | Minus *** | = | x = | | OR | x = | |
| | Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | N/A | | OR | N/A | |
| | | | | | TOTAL ADD'T FEE | | OR | TOTAL ADD'T FEE | |

\*   If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
\*\*  If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
\*\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
    The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*



## UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE REC'D | ATTY.DOCKET.NO | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|
| 12/731,973 | 03/25/2010 | 2447 | 462 | 42129.6 | 17 | 3 |

**CONFIRMATION NO. 2161**

27683
HAYNES AND BOONE, LLP
IP Section
2323 Victory Avenue
Suite 700
Dallas, TX 75219

**FILING RECEIPT**

*OC000000042058230*

Date Mailed: 06/11/2010

Receipt is acknowledged of this non-provisional patent application. The application will be taken up for examination in due course. Applicant will be notified as to the results of the examination. Any correspondence concerning the application must include the following identification information: the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. **If an error is noted on this Filing Receipt, please submit a written request for a Filing Receipt Correction. Please provide a copy of this Filing Receipt with the changes noted thereon. If you received a "Notice to File Missing Parts" for this application, please submit any corrections to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections**

**Applicant(s)**
Timothy L. Booth, Murphy, TX;
Shawn Sandifer, Frisco, TX;
**Assignment For Published Patent Application**
COR, INC., Frisco, TX
**Power of Attorney:** None

**Domestic Priority data as claimed by applicant**
This appln claims benefit of 61/163,132 03/25/2009

**Foreign Applications**

**If Required, Foreign Filing License Granted:** 06/11/2010

The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US 12/731,973**

**Projected Publication Date:** Request for Non-Publication Acknowledged

**Non-Publication Request:** Yes

**Early Publication Request:** No
**\*\* SMALL ENTITY \*\***

**Title**

System and Method of On-line Advertising

**Preliminary Class**

709

# PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or in regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process **simplifies** the filing of patent applications on the same invention in member countries, but **does not result** in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.

Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.

Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.

Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.

For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative, this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4158).

# LICENSE FOR FOREIGN FILING UNDER

## Title 35, United States Code, Section 184

## Title 37, Code of Federal Regulations, 5.11 & 5.15

**GRANTED**

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as

set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Bureau of Industry and Security, Department of Commerce (15 CFR parts 730-774); the Office of Foreign AssetsControl, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

## NOT GRANTED

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 12/731,973 | 03/25/2010 | Timothy L. Booth | 42129.6 |

**CONFIRMATION NO. 2161**

27683
HAYNES AND BOONE, LLP
IP Section
2323 Victory Avenue
Suite 700
Dallas, TX 75219

**FORMALITIES LETTER**


*OC000000042058231*

Date Mailed: 06/11/2010

# NOTICE TO FILE MISSING PARTS OF NONPROVISIONAL APPLICATION

## FILED UNDER 37 CFR 1.53(b)

### *Filing Date Granted*

**Items Required To Avoid Abandonment:**

An application number and filing date have been accorded to this application. The item(s) indicated below, however, are missing. Applicant is given **TWO MONTHS** from the date of this Notice within which to file all required items and pay any fees required below to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).

- The oath or declaration is missing.
  *A properly signed oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date, is required.*
  *Note: If a petition under 37 CFR 1.47 is being filed, an oath or declaration in compliance with 37 CFR 1.63 signed by all available joint inventors, or if no inventor is available by a party with sufficient proprietary interest, is required.*

The applicant needs to satisfy supplemental fees problems indicated below.

The required item(s) identified below must be timely submitted to avoid abandonment:

- To avoid abandonment, a surcharge (for late submission of filing fee, search fee, examination fee or oath or declaration) as set forth in 37 CFR 1.16(f) of **$65** for a small entity in compliance with 37 CFR 1.27, must be submitted with the missing items identified in this notice.

**SUMMARY OF FEES DUE:**

Total additional fee(s) required for this application is **$65** for a small entity
- **$65** Surcharge.

Replies should be mailed to:

> Mail Stop Missing Parts
> Commissioner for Patents
> P.O. Box 1450
> Alexandria VA 22313-1450

Registered users of EFS-Web may alternatively submit their reply to this notice via EFS-Web.
https://sportal.uspto.gov/authenticate/AuthenticateUserLocalEPF.html

For more information about EFS-Web please call the USPTO Electronic Business Center at **1-866-217-9197** or visit our website at http://www.uspto.gov/ebc.

If you are not using EFS-Web to submit your reply, you must include a copy of this notice.

/sgorems/

Office of Data Management, Application Assistance Unit (571) 272-4000, or (571) 272-4200, or 1-888-786-0101



PTO/SB/81 (07-08)
Approved for use through 12/31/2008. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| | |
|---|---|
| **POWER OF ATTORNEY**<br>**OR**<br>**REVOCATION OF POWER OF ATTORNEY**<br>**WITH A NEW POWER OF ATTORNEY**<br>**AND**<br>**CHANGE OF CORRESPONDENCE ADDRESS** | **Application Number** 12/731,973<br>**Filing Date** March 25, 2010<br>**First Named Inventor** Timothy L. Booth<br>**Title** System and Method of On-line Advertising<br>**Art Unit**<br>**Examiner Name**<br>**Attorney Docket Number** 42129.6 |

I hereby revoke all previous powers of attorney given in the above-identified application.

☐    A Power of Attorney is submitted herewith.

   *OR*

☒    I hereby appoint Practitioner(s) associated with the following Customer Number as my/our attorney(s) or agent(s) to prosecute the application identified above, and to transact all business in the United States Patent and Trademark Office connected therewith:
     27683

   *OR*

☐    I hereby appoint Practitioner(s) named below as my/our attorney(s) or agent(s) to prosecute the application identified above, and to transact all business in the United States Patent and Trademark Office connected therewith:

| Practitioner(s) Name | Registration Number |
|---|---|
| | |
| | |
| | |
| | |

Please recognize or change the correspondence address for the above-identified application to:

☒    The address associated with the above-mentioned Customer Number.

   *OR*

☐    The address associated with Customer Number:

| Firm or Individual Name | |
|---|---|
| Address | |
| City | State     Zip |
| Country | |
| Telephone | Email |

I am the:

☐    Applicant/Inventor.

   *OR*

☒    Assignee of record of the entire interest. See 37 CFR 3.71.
     Statement under 37 CFR 3.73(b) (Form PTO/SB/96) submitted herewith or filed on _____.

**SIGNATURE of Applicant or Assignee of Record**

| Signature | | Date 8-6-2010 |
|---|---|---|
| Name Timothy L. Booth | | Telephone 972-896-8200 |
| Title and Company CEO, COR, Inc. | | |

**NOTE:** Signatures of all the inventors or assignees of record of the entire interest or their representative(s) are required. Submit multiple forms if more than one signature is required, see below*.

☒   *Total of  1  forms are submitted.

This collection of information is required by 37 CFR 1.31, 1.32 and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: **Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/SB/96 (09-04)
Approved for use through 07/31/2006. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## STATEMENT UNDER 37 CFR 3.73(b)

Applicant/Patent Owner: Timothy Booth

Application No./Patent No.: 12/731,973          Filed/Issue Date: March 25, 2010

Entitled:  WEB-BASED WORKFLOW PROCESS APPLICATION

COR, Inc.                                                          , a    corporation
(Name of Assignee)                                              (Type of Assignee, e.g., corporation, partnership, university, government agency, etc.)

states that it is:
1. [✓]  the assignee of the entire right, title, and interest; or

2. [ ]  an assignee of less than the entire right, title and interest.
         The extent (by percentage) of its ownership interest is_____ %

in the patent application/patent identified above by virtue of either:

A.[✓]  An assignment  from the inventor(s) of the patent application/patent identified above. The assignment was recorded
         in the United States Patent and Trademark Office at Reel _____, Frame _____, or for which a copy
         thereof is attached.
OR
B.[ ]  A chain of title from the inventor(s), of the patent application/patent identified above, to the current assignee as shown
         below:

         1. From: _____ To: _____
            The document was recorded in the United States Patent and Trademark Office at
            Reel _____, Frame _____, or for which a copy thereof is attached.

         2. From: _____ To: _____
            The document was recorded in the United States Patent and Trademark Office at
            Reel _____, Frame _____, or for which a copy thereof is attached.

         3. From: _____ To: _____
            The document was recorded in the United States Patent and Trademark Office at
            Reel _____, Frame _____, or for which a copy thereof is attached.

         [ ]  Additional documents in the chain of title are listed on a supplemental sheet.

[ ] Copies of assignments or other documents in the chain of title are attached.
     [NOTE: A separate copy (i.e., a true copy of the original assignment document(s)) must be submitted to Assignment
     Division in accordance with 37 CFR Part 3, if the assignment is to be recorded in the records of the USPTO. See
     MPEP 302.08]

The undersigned (whose title is supplied below) is authorized to act on behalf of the assignee.

_____                    8 - 6 - 2010
                   Signature                                             Date

Timothy L. Booth                                                 972 - 896 - 8200
            Printed or Typed Name                                   Telephone Number

CEO
_____
                     Title

This collection of information is required by 37 CFR 3.73(b). The information is required to obtain or retain a benefit by the public which is to file (and by the
USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14.  This collection is estimated to take 12 minutes to
complete, including gathering, preparing, and submitting the completed application form to the USPTO.  Time will vary depending upon the individual case.  Any
comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer,
U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA  22313-1450.  DO NOT SEND FEES OR COMPLETED
FORMS TO THIS ADDRESS.  SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

D 1549750v1

# ASSIGNMENT

WHEREAS, we,

**(1)**     Timothy L. Booth, of Murphy, Texas, USA

**(2)**     Shawn Sandifer, of Frisco, Texas, USA

have invented certain improvements in

## SYSTEM AND METHOD OF ON-LINE ADVERTISING

for which we have filed a Patent Application in the United States of America on March 25, 2010, as Application Serial No. 12/731,973; and

WHEREAS, COR, Inc. (Assignee), a corporation having its principal office and place of business in the City of Plano, State of Texas, is desirous of obtaining the entire right, title, and interest in, to and under the said invention and the said application in the United States of America and in any and all countries foreign thereto;

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, we have sold, assigned, transferred and set over, and by these presents do hereby sell, assign, transfer and set over, unto the said Assignee, its successors, legal representatives, and assigns, the entire right, title, and interest in, to and under the said invention, and the said application, and all divisional, renewal, substitutional, and continuing applications thereof, and all Letters Patent of the United States of America which may be granted thereon and all reissues and extensions thereof, and all applications for Letters Patent which may be filed for said invention in said country or countries foreign to the United States of America, and all extensions, renewals, and reissues thereof, and all prior patents and patent applications from which a filing priority of the above-described patent application may be obtained, including the right to collect past damages; and we hereby authorize and request the Commissioner of Patents of the United States of America, and any official of any country or countries foreign to the United States of America, whose duty it is to issue patents on applications as aforesaid, to issue all Letters Patent for said invention to the said Assignee, its successors, legal representatives and assigns, in accordance with the terms of this instrument.

AND WE HEREBY covenant that we have full right to convey the entire interest herein assigned, and that we have not executed, and will not execute, any agreement in conflict herewith.

AND WE HEREBY further covenant and agree that we will communicate to said Assignee its successors, legal representatives and assigns, any facts known to us respecting said invention, and testify in any legal proceedings, sign all lawful papers, execute all divisional, renewal, substitutional, continuing, and reissue applications, make all rightful declarations and/or oaths and generally do everything possible to aid the said Assignee, its successors, legal representatives and assigns, to obtain and enforce proper patent protection for said invention in all countries.

First Inventor Name:     **Timothy L. Booth**
Residence Address:       1219 Whitestone Drive
                         Murphy, TX  75094

Dated: _8 - 6 - 2010_

Inventor Signature

Dated: _8/6/10_

Witness Signature
Witness Name: _Steven Mears_

Second Inventor Name:    **Shawn Sandifer**
Residence Address:       6624 Longhorn Trail
                         Frisco, TX 75034

Dated: _8/6/10_

Inventor Signature

Dated: _8/6/10_

Witness Signature
Witness Name: _Steven Mears_

## Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 12731973 |
| **Filing Date:** | 25-Mar-2010 |
| **Title of Invention:** | System and Method of On-line Advertising |
| **First Named Inventor/Applicant Name:** | Timothy L. Booth |
| **Filer:** | Gavin D. George/April Reasoner |
| **Attorney Docket Number:** | 42129.6 |

Filed as Small Entity

## Utility under 35 USC 111(a) Filing Fees

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| Late filing fee for oath or declaration | 2051 | 1 | 65 | 65 |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| Miscellaneous: | | | | |
| | | | **Total in USD ($)** | **65** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 8186880 |
| **Application Number:** | 12731973 |
| **International Application Number:** | |
| **Confirmation Number:** | 2161 |
| **Title of Invention:** | System and Method of On-line Advertising |
| **First Named Inventor/Applicant Name:** | Timothy L. Booth |
| **Customer Number:** | 27683 |
| **Filer:** | Gavin D. George/April Reasoner |
| **Filer Authorized By:** | Gavin D. George |
| **Attorney Docket Number:** | 42129.6 |
| **Receipt Date:** | 10-AUG-2010 |
| **Filing Date:** | 25-MAR-2010 |
| **Time Stamp:** | 12:25:21 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Deposit Account |
| Payment was successfully received in RAM | $65 |
| RAM confirmation Number | 8256 |
| Deposit Account | 081394 |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

Charge any Additional Fees required under 37 C.F.R. Section 1.16 (National application filing, search, and examination fees)

Charge any Additional Fees required under 37 C.F.R. Section 1.17 (Patent application and reexamination processing fees)

Charge any Additional Fees required under 37 C.F.R. Section 1.19 (Document supply fees)

Charge any Additional Fees required under 37 C.F.R. Section 1.20 (Post Issuance fees)

Charge any Additional Fees required under 37 C.F.R. Section 1.21 (Miscellaneous fees and charges)

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Applicant Response to Pre-Exam Formalities Notice | Notice.pdf | 63954<br>d6613f8e9467faabdf96e376d80095fb7d65ada8 | no | 2 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 2 | Oath or Declaration filed | Declaration.pdf | 78026<br>caa9c82c630d67a7654e2bfb423be65fa6e862fb | no | 1 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 3 | Power of Attorney | PowerofAttorney.pdf | 205296<br>3bf455cfb44c7723b93f5643f066c67861bf232f | no | 4 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 4 | Fee Worksheet (PTO-875) | fee-info.pdf | 29767<br>8f4f9ad776e75463533e148e91f0d2e540e14c44 | no | 2 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| | | **Total Files Size (in bytes):** | 377043 | | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 12/731,973 | 03/25/2010 | Timothy L. Booth | 42129.6 |

27683
HAYNES AND BOONE, LLP
IP Section
2323 Victory Avenue
Suite 700
Dallas, TX 75219

**CONFIRMATION NO. 2161**
**FORMALITIES LETTER**

\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|
OC00000042058231

Date Mailed: 06/11/2010

## NOTICE TO FILE MISSING PARTS OF NONPROVISIONAL APPLICATION

### FILED UNDER 37 CFR 1.53(b)

*Filing Date Granted*

**Items Required To Avoid Abandonment:**

An application number and filing date have been accorded to this application. The item(s) indicated below, however, are missing. Applicant is given **TWO MONTHS** from the date of this Notice within which to file all required items and pay any fees required below to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).

• The oath or declaration is missing.
  *A properly signed oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date, is required.*
  *Note: If a petition under 37 CFR 1.47 is being filed, an oath or declaration in compliance with 37 CFR 1.63 signed by all available joint inventors, or if no inventor is available by a party with sufficient proprietary interest, is required.*

The applicant needs to satisfy supplemental fees problems indicated below.

The required item(s) identified below must be timely submitted to avoid abandonment:

• To avoid abandonment, a surcharge (for late submission of filing fee, search fee, examination fee or oath or declaration) as set forth in 37 CFR 1.16(f) of **$65** for a small entity in compliance with 37 CFR 1.27, must be submitted with the missing items identified in this notice.

**SUMMARY OF FEES DUE:**

Total additional fee(s) required for this application is **$65** for a small entity
  • $65 Surcharge.

Docketed: 6.17.10
                Cef

By: _____
        42129.6

page 1 of 2

Replies should be mailed to:

> Mail Stop Missing Parts
> Commissioner for Patents
> P.O. Box 1450
> Alexandria VA 22313-1450

Registered users of EFS-Web may alternatively submit their reply to this notice via EFS-Web.
https://sportal.uspto.gov/authenticate/AuthenticateUserLocalEPF.html

For more information about EFS-Web please call the USPTO Electronic Business Center at **1-866-217-9197** or visit our website at http://www.uspto.gov/ebc.

If you are not using EFS-Web to submit your reply, you must include a copy of this notice.

/sgorems/

Office of Data Management, Application Assistance Unit (571) 272-4000, or (571) 272-4200, or 1-888-786-0101

PTO/SB/01A (01-09)
Approved for use through 06/30/2010. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## DECLARATION (37 CFR 1.63) FOR UTILITY OR DESIGN APPLICATION USING AN APPLICATION DATA SHEET (37 CFR 1.76)

| Title of Invention | System and Method of On-line Advertising |
|---|---|

As the below named inventor(s), I/we declare that:

This declaration is directed to:

☐ The attached application, or

☒ Application No. 12/731,973 _____ filed on March 25, 2010

☐ As amended on _____ (if applicable);

I/we believe that I/we am/are the original and first inventor(s) of the subject matter which is claimed and for which a patent is sought;

I/we have reviewed and understand the contents of the above-identified application, including the claims, as amended by any amendment specifically referred to above;

I/we acknowledge the duty to disclose to the United States Patent and Trademark Office all information known to me/us to be material to patentability as defined in 37 CFR 1.56, including for continuation-in-part applications, material information which became available between the filing date of the prior application and the national or PCT International filing date of the continuation-in-part application.

### WARNING:

Petitioner/applicant is cautioned to avoid submitting personal information in documents filed in a patent application that may contribute to identity theft. Personal information such as social security numbers, bank account numbers, or credit card numbers (other than a check or credit card authorization form PTO-2038 submitted for payment purposes) is never required by the USPTO to support a petition or an application. If this type of personal information is included in documents submitted to the USPTO, petitioners/applicants should consider redacting such personal information from the documents before submitting them to the USPTO. Petitioner/applicant is advised that the record of a patent application is available to the public after publication of the application (unless a non-publication request in compliance with 37 CFR 1.213(a) is made in the application) or issuance of a patent. Furthermore, the record from an abandoned application may also be available to the public if the application is referenced in a published application or an issued patent (see 37 CFR 1.14). Checks and credit card authorization forms PTO-2038 submitted for payment purposes are not retained in the application file and therefore are not publicly available.

All statements made herein of my/our own knowledge are true, all statements made herein on information and belief are believed to be true, and further that these statements were made with the knowledge that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. 1001, and may jeopardize the validity of the application or any patent issuing thereon.

### FULL NAME OF INVENTOR(S)

Inventor one: Timothy L. Booth          Date: 8-6-2010

Signature: _____          Citizen of: US

Inventor two: Shawn Sandifer          Date: _____

Signature: _____          Citizen of: US  8/6/10

☐ Additional inventors or a legal representative are being named on _____ additional form(s) attached hereto.

This collection of information is required by 35 U.S.C. 115 and 37 CFR 1.63. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 1 minute to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.
If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 12/731,973 | 03/25/2010 | Timothy L. Booth | 42129.6 |

**CONFIRMATION NO. 2161**

27683
HAYNES AND BOONE, LLP
IP Section
2323 Victory Avenue
Suite 700
Dallas, TX 75219

**POA ACCEPTANCE LETTER**


*OC000000043086609*

Date Mailed: 08/19/2010

## NOTICE OF ACCEPTANCE OF POWER OF ATTORNEY

This is in response to the Power of Attorney filed 08/10/2010.

The Power of Attorney in this application is accepted. Correspondence in this application will be mailed to the above address as provided by 37 CFR 1.33.

/nbekele/

_____

Office of Data Management, Application Assistance Unit (571) 272-4000, or (571) 272-4200, or 1-888-786-0101



# United States Patent and Trademark Office

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE REC'D | ATTY.DOCKET.NO | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|
| 12/731,973 | 03/25/2010 | 2447 | 527 | 42129.6 | 17 | 3 |

**CONFIRMATION NO. 2161**

27683
HAYNES AND BOONE, LLP
IP Section
2323 Victory Avenue
Suite 700
Dallas, TX 75219

**UPDATED FILING RECEIPT**


"OC000000043086597"

Date Mailed: 08/19/2010

Receipt is acknowledged of this non-provisional patent application. The application will be taken up for examination in due course. Applicant will be notified as to the results of the examination. Any correspondence concerning the application must include the following identification information: the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. **If an error is noted on this Filing Receipt, please submit a written request for a Filing Receipt Correction. Please provide a copy of this Filing Receipt with the changes noted thereon. If you received a "Notice to File Missing Parts" for this application, please submit any corrections to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections**

**Applicant(s)**
    Timothy L. Booth, Murphy, TX;
    Shawn Sandifer, Frisco, TX;
**Assignment For Published Patent Application**
    COR, INC., Frisco, TX
**Power of Attorney:** The patent practitioners associated with Customer Number 27683

**Domestic Priority data as claimed by applicant**
    This appln claims benefit of 61/163,132 03/25/2009

**Foreign Applications**


**If Required, Foreign Filing License Granted:** 06/11/2010

The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US 12/731,973**

**Projected Publication Date:**  Request for Non-Publication Acknowledged

**Non-Publication Request:** Yes

**Early Publication Request:** No
** SMALL ENTITY **

**Title**

System and Method of On-line Advertising

**Preliminary Class**

709

# PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or in regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process **simplifies** the filing of patent applications on the same invention in member countries, but **does not result** in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.

Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.

Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.

Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.

For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative, this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4158).

# LICENSE FOR FOREIGN FILING UNDER

## Title 35, United States Code, Section 184

## Title 37, Code of Federal Regulations, 5.11 & 5.15

### GRANTED

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as

set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Bureau of Industry and Security, Department of Commerce (15 CFR parts 730-774); the Office of Foreign AssetsControl, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

## NOT GRANTED

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).

PLUS Search Results for S/N 12731973, Searched Tue Mar 06 10:52:28 EST 2012
The Patent Linguistics Utility System (PLUS) is a USPTO automated search system
for U.S. Patents from 1971 to the present PLUS is a query-by-example search system which
produces a list of patents that are most closely related linguistically to the application
searched. This search was prepared by the staff of the Scientific and Technical Information
Center, SIRA.

| | |
|---|---|
| 5848397 99 | 7167907 82 |
| 6205432 99 | |
| 6633850 99 | |
| 20040078304 99 | |
| 20030078854 86 | |
| 20080312948 86 | |
| 20110202408 86 | |
| 6883000 84 | |
| 8108240 84 | |
| 20020032602 84 | |
| 20020087631 84 | |
| 20030093315 84 | |
| 20050251448 84 | |
| 20090210270 84 | |
| 20100017294 84 | |
| 6061659 82 | |
| 6141010 82 | |
| 6014698 82 | |
| 6212554 82 | |
| 6212554 82 | |
| 5937392 82 | |
| 5948061 82 | |
| 5995102 82 | |
| 6006197 82 | |
| 6065057 82 | |
| 6118449 82 | |
| 6128663 82 | |
| 6247047 82 | |
| 6286045 82 | |
| 6314451 82 | |
| 6317761 82 | |
| 6438125 82 | |
| 6442529 82 | |
| 6442590 82 | |
| 6466967 82 | |
| 6466975 82 | |
| 6487538 82 | |
| 6516338 82 | |
| 6567854 82 | |
| 6615251 82 | |
| 6628314 82 | |
| 6654725 82 | |
| 6748397 82 | |
| 6748426 82 | |
| 6771290 82 | |
| 6804660 82 | |
| 6874018 82 | |
| 7054917 82 | |
| 7099831 82 | |



United States Patent and Trademark Office

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/731,973 | 03/25/2010 | Timothy L. Booth | 42129.6 | 2161 |

27683          7590          04/06/2012

HAYNES AND BOONE, LLP
IP Section
2323 Victory Avenue
Suite 700
Dallas, TX 75219

| EXAMINER |
|---|
| VIG, NARESH |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3688 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 04/06/2012 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A  (Rev. 04/07)

| | Application No. | Applicant(s) |
|---|---|---|
| ***Office Action Summary*** | 12/731,973 | BOOTH ET AL. |
| | **Examiner** | **Art Unit** | |
| | NARESH VIG | 3688 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>25 March 2010</u>.

2a)☐ This action is **FINAL**.    2b)☒ This action is non-final.

3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

5)☒ Claim(s) <u>1-17</u> is/are pending in the application.

    5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6)☐ Claim(s) _____ is/are allowed.

7)☒ Claim(s) <u>1-17</u> is/are rejected.

8)☐ Claim(s) _____ is/are objected to.

9)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

10)☐ The specification is objected to by the Examiner.

11)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

12)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

13)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All   b)☐ Some * c)☐ None of:

      1.☐ Certified copies of the priority documents have been received.

      2.☐ Certified copies of the priority documents have been received in Application No. _____.

      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)

2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3)☐ Information Disclosure Statement(s) (PTO/SB/08)
    Paper No(s)/Mail Date _____.

4)☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date. _____ .

5)☐ Notice of Informal Patent Application

6)☐ Other: _____.

Application/Control Number: 12/731,973                                    Page 2
Art Unit: 3688

## DETAILED ACTION

### *Claim Rejections - 35 USC § 112*

The following is a quotation of the second paragraph of 35 U.S.C. 112:

The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

Claims 1 – 17 are rejected under 35 U.S.C. 112, second paragraph, as being vague to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

Applicant has not positively claimed how collecting of contact information of a user is tied to the claimed invention because said collected information is not used in the claimed invention. As currently claimed, it is deemed that said collecting of information is an insignificant activity.

As for claims 1, 9 and 17, it is not clear whether the claimed invention is directed to collecting contact information of a user by solicitation, or claimed invention is directed to mass advertising, or something else.

As for claims 5 and 13, applicant receives delivery preference from the recipient and stores the delivery preference in a database. Applicant has not positively claimed how collecting of delivery preference is tied to the claimed invention because said collected delivery preference is not used in the claimed invention. As currently claimed, it is deemed that said collecting of delivery preference is an insignificant activity.

Application/Control Number: 12/731,973                                    Page 3
Art Unit: 3688

As for claims 9 – 16, applicant has not positively claimed whether the instructions are computer executable instructions which when executed on a computer enables the computer to perform the recited steps, or said instruction are is a document which are opened by an executable application like a word processor to open the document and display the instructions.

### *Claim Rejections - 35 USC § 103*

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

**Claims 1 – 17 are rejected under 35 U.S.C. 103(a) as being unpatentable over Dustin et al. US Patent 6,496,857 in view of Caughey US Publication 2003/0212745.**

Regarding claims 1, 6, 9, 14 and 17, Dustin teaches capability and concept of system and method for delivering an online advertisement [Dustin, Fig. 2-1 – 2-3 and associated disclosure]. Dustin teaches capability and concept for:

displaying, in a network communication delivered to a recipient, an advertisement associated with a first party, wherein the advertisement contains an interactive element

displayed within the advertisement, and wherein the network communication is

associated with a second party [Dustin, Fig. 2-3 and associated disclosure];

displaying, as a result of an interaction by the recipient with the interactive

element, an interface option within the advertisement [Dustin, Fig. 4-1 – 4-3 and

associated disclosure];

Even though, Dustin does not explicitly recite identifying email address, Caughey

teaches capability and concept for system and method that allows use of email

messages for mass-advertisement [Caughey, 0011]. In addition, Caughey teaches

capability and concept for forwarding of advertisements through email [Caughey, 0013].

Therefore, at the time of invention, it would have been obvious to one of ordinary

skill in the art to modify Dustin by adopting teachings of Caughey to make the marketing

campaign more productive by soliciting users who have higher probability for

responding to the advertisement; reduce cost by eliminating users who will merely

discard the solicitation; apply a known technique to a known device (method, or

product) ready for improvement to yield predictable results; known work in one field of

endeavor may prompt variations of it for use in either the same field or a different one

based on design incentives or other market forces if the variations would have been

predictable to one of ordinary skill in the art.

Dustin in view of Caughey teaches capability and concept for:

receiving contact information in the interface option from the recipient [Dustin,

Fig, 6; Caughey, Fig. 6 and associated disclosure]; and

Application/Control Number: 12/731,973                                             Page 5
Art Unit: 3688

storing the contact information in a database [Caughey, Fig. 4a, 6 and associated disclosure];

displaying, in a second network communication to the recipient, a second advertisement associated with a third party that contains a second interactive element within the second advertisement, wherein the second network communication is associated with a fourth party [Dustin, Fig. 6 and associated disclosure];

receiving an input from the recipient in the second interactive element, wherein the second network communication is still displayed to the recipient after the input is received [Dustin, Fig. 6, 4-1 – 4-4 and associated disclosure];

querying an identifier stored on a computer associated with the recipient [Dustin, Fig. 6, 4-1 – 4-4; Caughey, Fig. 6 and associated disclosure];

identifying an email address associated with the identifier  [Dustin, Fig. 6, 4-1 – 4-4; Caughey, Fig. 6 and associated disclosure]; and

sending advertising information to the email address [Dustin, Fig. 6, 4-1 – 4-4; Caughey, Fig. 6 and associated disclosure].


Regarding claim 2, Dustin in view of Caughey teaches capability and concept wherein the interface option can be a text field that is displayed within the advertisement.


Regarding claim 3, Dustin in view of Caughey teaches capability and concept wherein the contact information can be an email address associated with the recipient.

Application/Control Number: 12/731,973                                    Page 6
Art Unit: 3688

Regarding claim 4, Dustin in view of Caughey teaches capability and concept for sending a confirmation message to the recipient using the contact information.

Regarding claims 5 and 13, as best understood by examiner, Dustin in view of Caughey teaches capability and concept for:

displaying a second interface option within the advertisement, wherein the second interface option displays a delivery preference selectable by the recipient; receiving the delivery preference in the second interface option; and storing the delivery preference in a database.

Regarding claim 7, Dustin in view of Caughey teaches capability and concept wherein the identifier can be stored in response to a confirmation message sent to the recipient using the contact information.

Regarding claim 8, Dustin in view of Caughey teaches capability and concept wherein the email address can be entered by the recipient in response to a confirmation message sent to the recipient using the contact information.

Regarding claim 10, Dustin in view of Caughey teaches capability and concept wherein the interface option can be a text field that is displayed within the advertisement.

Application/Control Number: 12/731,973                                    Page 7
Art Unit: 3688

      Regarding claim 11, Dustin in view of Caughey teaches capability and concept wherein the contact information can be an email address associated with the recipient.

      Regarding claim 12, Dustin in view of Caughey teaches capability and concept for sending a confirmation message to the recipient using the contact information.

      Regarding claim 15, Dustin in view of Caughey teaches capability and concept wherein the identifier can be stored in response to a confirmation message sent to the recipient using the contact information.

      Regarding claim 16, Dustin in view of Caughey teaches capability and concept wherein the email address can be entered by the recipient in response to a confirmation message sent to the recipient using the contact information.

Application/Control Number: 12/731,973                                    Page 8
Art Unit: 3688

### *Conclusion*

The prior art made of record and not relied upon is considered pertinent to applicant's disclosure. Applicant is required under 37 CFR '1.111 (c) to consider the references fully when responding to this office action

1.      Kim et al. US Publication 2008/0040219

Any inquiry concerning this communication or earlier communications from the examiner should be directed to NARESH VIG whose telephone number is (571)272-6810.  The examiner can normally be reached on Mon-Thu 7:00 - 5:30.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, John Weiss can be reached on (571) 272-6812.  The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system.  Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/Naresh  Vig/

April 3, 2012                                    Primary Examiner, Art Unit 3688

| *Notice of References Cited* | Application/Control No.  12/731,973 | Applicant(s)/Patent Under Reexamination  BOOTH ET AL. | |
| --- | --- | --- | --- |
| | Examiner  NARESH VIG | Art Unit  3688 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number  Country Code-Number-Kind Code | Date  MM-YYYY | Name | Classification |
| --- | --- | --- | --- | --- | --- |
| * | A | US-6,496,857 | 12-2002 | Dustin et al. | 709/219 |
| * | B | US-2003/0212745 | 11-2003 | Caughey, David A. | 709/206 |
| * | C | US-2008/0040219 | 02-2008 | Kim et al. | 705/14 |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number  Country Code-Number-Kind Code | Date  MM-YYYY | Country | Name | Classification |
| --- | --- | --- | --- | --- | --- | --- |
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
| --- | --- | --- |
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

| *Index of Claims* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 12731973 | BOOTH ET AL. |
| | **Examiner** | **Art Unit** |
| | NARESH VIG | 3688 |

| ✓ | **Rejected** | | - | **Cancelled** | | **N** | **Non-Elected** | | **A** | **Appeal** |
|---|---|---|---|---|---|---|---|---|---|---|
| = | **Allowed** | | ÷ | **Restricted** | | **I** | **Interference** | | **O** | **Objected** |

| ☐  Claims renumbered in the same order as presented by applicant | | ☐ CPA | ☐ T.D. | ☐ R.1.47 |

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 04/03/2012 | | | | | | | | |
| | 1 | ✓ | | | | | | | | |
| | 2 | ✓ | | | | | | | | |
| | 3 | ✓ | | | | | | | | |
| | 4 | ✓ | | | | | | | | |
| | 5 | ✓ | | | | | | | | |
| | 6 | ✓ | | | | | | | | |
| | 7 | ✓ | | | | | | | | |
| | 8 | ✓ | | | | | | | | |
| | 9 | ✓ | | | | | | | | |
| | 10 | ✓ | | | | | | | | |
| | 11 | ✓ | | | | | | | | |
| | 12 | ✓ | | | | | | | | |
| | 13 | ✓ | | | | | | | | |
| | 14 | ✓ | | | | | | | | |
| | 15 | ✓ | | | | | | | | |
| | 16 | ✓ | | | | | | | | |
| | 17 | ✓ | | | | | | | | |

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 12731973 | BOOTH ET AL. |
| | Examiner | Art Unit |
| | NARESH VIG | 3688 |

| SEARCHED | | | |
|---|---|---|---|
| Class | Subclass | Date | Examiner |
| 705 | 14.73 | 04/03/2012 | nvig |

| SEARCH NOTES | | |
|---|---|---|
| Search Notes | Date | Examiner |
| EAST; PLUS; ip.com | 04/03/2012 | nvig |

| INTERFERENCE SEARCH | | | |
|---|---|---|---|
| Class | Subclass | Date | Examiner |
| | | | |

| | |
|---|---|
| | |

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| In re application of: | § | Attorney Docket No. 42129.6 |
|     Timothy L. Booth, et al. | § | |
| | § | Group Art Unit:  3688 |
| Application No.  12/731,973 | § | |
| | § | Examiner:  Naresh Vig |
| Filed:  March 25, 2010 | § | |
| | § | Confirmation No.:  2161 |
| For:  System and Method of On-line | § | |
|     Advertising | § | |

<u>**RESPONSE TO OFFICE ACTION MAILED APRIL 6, 2012**</u>

Mail Stop Amendment
Commissioner For Patents
PO Box 1450
Alexandria, VA  22313-1450

      The present paper is being submitted in response to the Office Action mailed
April 6, 2012.

      A fee in the amount of $30.00 is being paid for one additional claim.  No additional fees
are believed to be due in connection with this filing.  Should any additional fees be required,
please charge any such fees to Haynes & Boone LLP Deposit Account No. 08-1394.

      **Listing of Claims** begins on page **2** of this paper.

      **Remarks/Arguments** begin on page **9** of this paper.

Appl. No.: 12/731,973                                                    Attorney Docket No.: 42129.6
Response to Office Action mailed April 6, 2012                                    Customer No.: 27683

## Listing of Claims

This listing of claims will replace all prior versions, and listings, of claims in the application:

1. (Currently amended) A method for delivering an online advertisement comprising:

displaying, in a network communication delivered to a recipient <u>during a browsing session</u>, an advertisement associated with a first party, wherein the advertisement contains an interactive element displayed within the advertisement, and wherein the network communication is associated with a second party;

displaying, as a result of an interaction by the recipient with the interactive element, an interface option within the advertisement;

receiving contact information ~~in~~ <u>inputted into</u> the interface option ~~from~~ <u>by</u> the recipient; ~~and~~

storing the contact information in a database<u>;</u>

<u>displaying, in a further network communication delivered to a recipient, a further advertisement associated with a third party, wherein the further advertisement contains a further interactive element displayed within the further advertisement, and wherein the further network communication is associated with a fourth party;</u>

<u>receiving an indication that the recipient activated the further interactive element displayed within the further advertisement; and</u>

<u>delivering additional information associated with the further advertisement to the recipient using the contact information.</u>

2. (Original) The method of claim 1, wherein the interface option is a text field that is displayed within the advertisement.

3. (Original) The method of claim 1, wherein the contact information is an email address associated with the recipient.

Appl. No.: 12/731,973                                                                          Attorney Docket No.: 42129.6
Response to Office Action mailed April 6, 2012                                                Customer No.: 27683

4. (Original) The method of claim 1, further comprising sending a confirmation message to the recipient using the contact information.

5. (Currently amended) The method of claim 1, further comprising:

displaying a second interface option within the advertisement, wherein the second interface option displays a delivery preference selectable by the recipient;

receiving the delivery preference in the second interface option; and

storing the delivery preference in a database;

wherein delivering additional information associated with the further advertisement is based in part on the delivery preference.

6. (Currently amended) The method of claim 1, ~~further comprising~~ wherein delivering additional information includes:

~~displaying, in a second network communication to the recipient, a second advertisement associated with a third party that contains a second interactive element within the second advertisement, wherein the second network communication is associated with a fourth party;~~

~~receiving an input from the recipient in the second interactive element, wherein the second network communication is still displayed to the recipient after the input is received;~~

querying an identifier stored on a computer associated with the recipient;

identifying an email address associated with the identifier; and

sending advertising information to the email address.

7. (Original) The method of claim 6, wherein the identifier is stored in response to a confirmation message sent to the recipient using the contact information.

8. (Original) The method of claim 6, wherein the email address is entered by the recipient in response to a confirmation message sent to the recipient using the contact information.

Appl. No.: 12/731,973                                                    Attorney Docket No.: 42129.6
Response to Office Action mailed April 6, 2012                                        Customer No.: 27683

9. (Currently amended) A plurality of <u>computer-executable</u> instructions stored on ~~the~~ <u>a</u> computer readable medium for execution by a processor <u>of a computer, wherein upon execution the instructions enable the computer to perform a method for delivering an online advertisement,</u> the plurality of instructions comprising:

instructions for displaying, in a network communication delivered to a recipient <u>during a browsing session</u>, an advertisement associated with a first party, wherein the advertisement contains an interactive element displayed within the advertisement, and wherein the network communication is associated with a second party;

instructions for displaying, as a result of an interaction by the recipient with the interactive element, an interface option within the advertisement;

instructions for receiving contact information [[in]] <u>inputted into</u> the interface option ~~from~~ <u>by</u> the recipient; ~~and~~

instructions for storing the contact information in a database;

<u>instructions for displaying, in a further network communication delivered to a recipient, a further advertisement associated with a third party, wherein the further advertisement contains a further interactive element displayed within the further advertisement, and wherein the further network communication is associated with a fourth party;</u>

<u>instructions for receiving an indication that the recipient activated the further interactive element displayed within the further advertisement; and</u>

<u>instructions for delivering additional information associated with the further advertisement to the recipient using the contact information.</u>

10. (Original) The plurality of instructions of claim 9, wherein the interface option is a text field that is displayed within the advertisement.

11. (Original) The plurality of instructions of claim 9, wherein the contact information is an email address associated with the recipient.

12. (Original) The plurality of instructions of claim 9, further comprising instructions for sending a confirmation message to the recipient using the contact information.

13.  (Currently amended) The plurality of instructions of claim 9, further comprising:

instructions for displaying a second interface option within the advertisement, wherein the second interface option displays a delivery preference selectable by the recipient;

instructions for receiving the delivery preference in the second interface option; and

instructions for storing the delivery preference in a database:

wherein the instructions for delivering additional information associated with the further advertisement are based in part on the delivery preference.

14.  (Currently amended) The plurality of instructions of claim 9, ~~further comprising~~ wherein the instructions for delivering additional information include:

~~instructions for displaying, in a second network communication to the recipient, a second advertisement associated with a third party that contains a second interactive element within the second advertisement, wherein the second network communication is associated with a fourth party;~~

~~instructions for receiving an input from the recipient in the second interactive element, wherein the second network communication is still displayed to the recipient after the input is received;~~

instructions for querying an identifier stored on a computer associated with the recipient;

instructions for identifying an email address associated with the identifier; and

instructions for sending advertising information to the email address.

15.  (Original) The method of claim 14, wherein the identifier is stored in response to a confirmation message sent to the recipient using the contact information.

16.  (Original) The method of claim 14, wherein the email address is entered by the recipient in response to a confirmation message sent to the recipient using the contact information.

17.  (Canceled).

18.  (New) A method of online advertising, comprising:

providing an advertisement associated with a first party for display in a network communication delivered to a computing device of a recipient during a browsing session, wherein the advertisement contains an interactive element displayed within the advertisement, and wherein the network communication is associated with a second party different than the first party;

receiving an indication that the recipient activated the interactive element displayed within the advertisement;

determining, in response to the receiving the indication, whether an identifier containing unique identifying information about the recipient is present on the computing device;

if the identifier containing unique identifying information about the recipient is not present on the computing device:

      causing a text field to be displayed in at least a portion of the advertisement;

      receiving contact information inputted into the text field by the recipient;

      generating a user profile associated with the recipient based on the contact information; and

      causing an identifier associated with the user profile to be stored on the computing device of the recipient; and

if the identifier containing unique identifying information about the recipient is present on the computing device:

      retrieving a user profile associated with the recipient from a visitor information database using at least a portion of the identifier, wherein the user profile comprises at least delivery method preferences and demographic information;

      retrieving additional information associated with the advertisement based on at least a portion of the user profile associated with the recipient;

      delivering the additional information to the recipient based on the delivery method preferences, the delivering being performed without interrupting the browsing session of the recipient; and

Appl. No.: 12/731,973                                                    Attorney Docket No.: 42129.6
Response to Office Action mailed April 6, 2012                                          Customer No.: 27683

recording the activation by the recipient of the interactive element as recipient
tracking data in an analytics server, the recipient tracking data being associated with the
unique identifying information about the recipient.


19. (New) The method of claim 18, further including:

causing an interface option to be displayed in at least a portion of the advertisement,
wherein the interface option includes a plurality of delivery methods selectable by the recipient;

receiving an indication of at least one delivery method selected by the recipient; and

updating the delivery method preferences in the user profile of the recipient to reflect the
at least one delivery method selected by the recipient.


20. (New) The method of claim 18, further including:

causing a plurality of selectable delivery preference options to be displayed in at least a
portion of the advertisement, the plurality of selectable delivery preference options including
types of additional information available for delivery to the recipient;

receiving an indication of at least one delivery preference selected by the recipient; and

updating the user profile of the recipient to reflect the at least one delivery preference
selected by the recipient.


21. (New) The method of claim 18, further including:

providing a further advertisement associated with a third party for display in a further
network communication delivered to the computing device of the recipient, wherein the further
advertisement contains a further interactive element displayed within the further advertisement,
and wherein the further network communication is associated with a fourth party different than
the third party;

receiving an indication that the recipient activated the further interactive element
displayed within the further advertisement;

if the identifier containing unique identifying information about the recipient is present
on the computing device:

retrieving the user profile associated with the recipient from the visitor
information database using at least a portion of the identifier;

Appl. No.: 12/731,973                                                      Attorney Docket No.: 42129.6
Response to Office Action mailed April 6, 2012                                    Customer No.: 27683

retrieving further additional information associated with the further advertisement based on at least a portion of the user profile associated with the recipient;

delivering the further additional information to the recipient based on the delivery method preferences, the delivering being performed without interrupting the browsing session of the recipient; and

recording the activation by the recipient of the further interactive element as recipient tracking data in the analytics server.

Appl. No.: 12/731,973                                                                    Attorney Docket No.: 42129.6
Response to Office Action mailed April 6, 2012                                                    Customer No.: 27683

## REMARKS

Claims 1, 5, 6, 9, 13, and 14 have been amended by this paper, claim 17 has been canceled by this paper, and claims 18-21 have been added by this paper. Claims 1-16 and 18-21 will be pending after the entry of this paper. In view of the foregoing amendments and the remarks that follow, Applicants respectfully request reconsideration.

Patentability Under 35 U.S.C. §112, Second Paragraph

On pages 2-3 of the present Office Action, the Examiner rejects claims 1-17 under the second paragraph of 35 U.S.C. §112 based on an assertion that they fail to particularly point out and distinctly claim the subject matter which Applicants regard as the invention. In particular, the Examiner asserts that "collected information is not used in the claim invention" and thus "said collecting of information is an insignificant activity." Applicants respectfully disagree; however, in the interest of furthering prosecution, Applicants have amended claims 1 and 9 to more clearly indicate that "receiving contact information" is not an insignificant activity. For example, amended independent claim 1 recites not only "receiving contact information" but also "storing the contact information in a database" and "delivering additional information associated with the further advertisement to the recipient using the contact information." Amended independent claim 9 includes similar recitations regarding contact information.

Further, the Examiner asserts that in claims 1, 9, and 17 "it is not clear whether the claimed invention is directed to collecting contact information of a user by solicitation, or claimed invention is directed to mass advertising, or something else." Applicants have carefully reviewed claims 1 and 9 and cannot find recitations exclusively directing the claims to "solicitation" or "mass advertising" or "something else." Instead, Applicants respectfully submit that claim 1 is directed towards "a method for delivering an online advertisement" that includes "displaying, in a network communication delivered to a recipient during a browsing session, an advertisement associated with a first party." Similarly, claim 9 is directed towards "a plurality of computer-executable instructions stored on a computer readable medium for execution by a processor of a computer, wherein upon execution the instructions enable the computer to perform a method for delivering an online advertisement" that includes "instructions for displaying, in a network communication delivered to a recipient during a browsing session, an advertisement associated with a first party."

The Examiner additionally asserts that in claims 5 and 13, "collected delivery preference is not used in the claimed invention" and thus "collecting of delivery preference is an insignificant activity." Applicants respectfully disagree; however, in the interest of furthering prosecution, Applicants have amended claims 5 and 13 to more clearly indicate that "receiving the delivery preference" is not an insignificant activity. For example, amended independent claim 5 recites not only "receiving the delivery preference" but also "storing the delivery preference in a database" and "wherein delivering additional information associated with the further advertisement is based in part on the delivery preference." Amended independent claim 13 includes similar recitations regarding delivery preferences.

Finally, the Examiner asserts that the scope of the "instructions" recited in claims 9-16 is unclear. Applicants do not necessarily agree; however, in the interest of furthering prosecution, the preamble of claim 9 has been amended to recite "[a] plurality of computer-executable instructions stored on a computer readable medium for execution by a processor of a computer, wherein upon execution the instructions enable the computer to perform a method for delivering an online advertisement, the plurality of instructions comprising: . . . ."

Accordingly, for all of the above reasons, Applicants respectfully submit that claims 1-17 now particularly point out and distinctly claim the subject matter which Applicants regard as the invention as required under the second paragraph of 35 U.S.C. §112. Notice to that effect is respectfully requested.


Independent Claim 1

Claim 1 stands rejected under 35 U.S.C. §103(a) as being unpatentable over U.S. Patent No. 6,496,857 to Dustin et al. ("Dustin") in view of U.S. Patent Application Publication No. 2003/0212745 to Caughey. Applicants respectfully traverse this rejection and respectfully submit that the Office Action fails to establish a *prima facie* case of obviousness under § 103 with respect to claim 1 for the following reasons.

MPEP § 2143.03 states that "[a]ll words in a claim must be considered in judging the patentability of that claim against the prior art." (quoting In re Wilson, 424 F.2d 1382, 1385 (CCPA 1970)). In the present matter, claim 1 has been amended and includes a recitation of:

> . . . displaying, in a network communication delivered to a recipient during a browsing session, an advertisement associated with a first party, wherein the advertisement contains an interactive element displayed within the advertisement, and wherein the network communication is associated with a second party;
>
> displaying, as a result of an interaction by the recipient with the interactive element, an interface option within the advertisement;
>
> receiving contact information inputted into the interface option by the recipient;
>
> storing the contact information in a database;
>
> displaying, in a further network communication delivered to a recipient, a further advertisement associated with a third party, wherein the further advertisement contains a further interactive element displayed within the further advertisement, and wherein the further network communication is associated with a fourth party;
>
> receiving an indication that the recipient activated the further interactive element displayed within the further advertisement; and
>
> delivering additional information associated with the further advertisement to the recipient using the contact information.

On pages 3-5 of the current Office Action, the Examiner asserts that portions of Dustin combined with portions of Caughey disclose every limitation of claim 1. However, the indicated portions of Dustin and Caughey, even when considered together, fail to disclose at least "receiving contact information inputted into the interface option by the recipient," as recited in amended claim 1. In more detail, the Examiner points to Fig. 6 of Dustin and Fig. 6 of Caughey as disclosing the claimed "receiving contact information inputted into the interface option by the recipient." Fig. 6 of Dustin generally describes steps related to displaying a banner ad to a user,

Appl. No.: 12/731,973                                             Attorney Docket No.: 42129.6
Response to Office Action mailed April 6, 2012                           Customer No.: 27683

saving an enhanced version of the ad to a storage space if the user clicks on the banner ad, and
retrieving the enhanced version of the ad when requested by the user.  Notably, the steps of Fig.
6 and the associated text in Dustin lack any discussion related to contact information, much less
any discussion related to receiving contact information inputted into an interface option disposed
within an advertisement.

Similarly, the indicated portions of Caughey cited by the Examiner also fail to disclose
"receiving contact information inputted into the interface option by the recipient."  Specifically,
Fig. 6 and associated text in Caughey generally describe "a method of selectively forwarding
multi-steps email messages." Caughey, para. [0093].  It appears these portions of Caughey lack
any disclosure related to interface options disposed within advertisements.  Although paragraph
[0094] of Caughey discloses automatically inserting an email address of a user into a multi-step
email message, this task is plainly different than receiving contact information inputted into an
interface option disposed within an advertisement.

Accordingly, the portions of Dustin and Caughey relied upon by the Examiner, even
when considered together, fail to disclose "receiving contact information inputted into the
interface option by the recipient," as recited in amended claim 1.  Therefore, for the reasons
above, the Examiner has failed to establish a *prima facie* case of obviousness under §103 with
respect to amended claim 1.  Claim 1 is thus believed to be allowable over Dustin and Caughey,
and notice to that effect is respectfully requested.


Independent Claim 9

Claim 9 also stands rejected under 35 U.S.C. §103(a) as being unpatentable over Dustin
in view of Caughey.  Applicants respectfully traverse this rejection and respectfully submit that
the Office Action fails to establish a *prima facie* case of obviousness under §103 with respect to
claim 9 for the following reasons.

In the present matter, claim 9 has been amended and includes a recitation of:

> instructions for displaying, in a network communication
> delivered to a recipient during a browsing session, an
> advertisement associated with a first party, wherein the
> advertisement contains an interactive element displayed within the

advertisement, and wherein the network communication is
associated with a second party;

  instructions for displaying, as a result of an interaction by
the recipient with the interactive element, an interface option
within the advertisement;

  instructions for receiving contact information inputted into
the interface option by the recipient;

  instructions for storing the contact information in a
database;

  instructions for displaying, in a further network
communication delivered to a recipient, a further advertisement
associated with a third party, wherein the further advertisement
contains a further interactive element displayed within the further
advertisement, and wherein the further network communication is
associated with a fourth party;

  instructions for receiving an indication that the recipient
activated the further interactive element displayed within the
further advertisement; and

  instructions for delivering additional information associated
with the further advertisement to the recipient using the contact
information.  (Emphasis added).


The rationale offered in the Office Action for the rejection of claim 9 is effectively the same
rationale that is offered for the rejection of claim 1.  Therefore, for reasons similar to those
discussed above in association with claim 1, it is respectfully submitted that claim 9 is not
obvious under §103 in view of Dustin and Caughey.  Accordingly, claim 9 is believed to be
allowable, and notice to that effect is respectfully requested.


New Independent Claim 18

  This paper adds new independent claim 18.  Applicants believe claim 18 more fully
describes a method of online advertising as embodied in Applicant's originally-filed

Appl. No.: 12/731,973
Response to Office Action mailed April 6, 2012

Attorney Docket No.: 42129.6
Customer No.: 27683

specification.  In that regard, Applicants respectfully submit that new claim 18 recites one or more limitations not disclosed by the prior art cited by the Examiner, including Dustin and Caughey.  Applicants therefore believe new claim 18 is allowable over the prior art of record, and notice to that effect is respectfully requested.

Dependent Claims

Claims 2-8, Claims 10-16, and Claims 19-21 respectively depend from Claim 1, Claim 9, and Claim 18, and are also believed to be patentable, for example for the same reasons discussed above with respect to Claims 1, 9, and 18.

Appl. No.: 12/731,973
Response to Office Action mailed April 6, 2012

Attorney Docket No.: 42129.6
Customer No.: 27683

## **CONCLUSION**

Based on the foregoing, it is respectfully submitted that all of the pending claims are fully allowable, and favorable reconsideration of this application is therefore respectfully requested. If the Examiner believes that examination of the present application may be advanced by a telephone conference, the Examiner is invited to telephone the undersigned attorney.

Further, the Office Action contains characterizations of the claims and the related art of which Applicants do not necessarily agree. Unless expressly noted otherwise, Applicants decline to subscribe to any statement or characterization in the Office Action.

Respectfully submitted,

Andrew S. Ehmke
Registration No. 50,271

Date:   July 5, 2012

HAYNES AND BOONE, LLP
Telephone: 972-739-8639
Facsimile: 214-200-0853
Customer No.: 27683
Attorney Docket: 42129.6

R-309711_1.DOCXX

<table>
<tr><td><b>Certificate of Service</b></td></tr>
<tr><td>I hereby certify that this correspondence is being filed with the U.S. Patent and Trademark Office via EFS-Web on <u>July 5, 2012</u>.<br><br>Linda Ingram</td></tr>
</table>

## Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 12731973 |
| **Filing Date:** | 25-Mar-2010 |
| **Title of Invention:** | System and Method of On-line Advertising |
| **First Named Inventor/Applicant Name:** | Timothy L. Booth |
| **Filer:** | Andrew s. Ehmke/Linda Ingram |
| **Attorney Docket Number:** | 42129.6 |

Filed as Small Entity

## Utility under 35 USC 111(a) Filing Fees

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| Claims in excess of 20 | 2202 | 1 | 30 | 30 |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Miscellaneous:** | | | | |
| | | | **Total in USD ($)** | **30** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 13183985 |
| **Application Number:** | 12731973 |
| **International Application Number:** | |
| **Confirmation Number:** | 2161 |
| **Title of Invention:** | System and Method of On-line Advertising |
| **First Named Inventor/Applicant Name:** | Timothy L. Booth |
| **Customer Number:** | 27683 |
| **Filer:** | Andrew s. Ehmke/Linda Ingram |
| **Filer Authorized By:** | Andrew s. Ehmke |
| **Attorney Docket Number:** | 42129.6 |
| **Receipt Date:** | 05-JUL-2012 |
| **Filing Date:** | 25-MAR-2010 |
| **Time Stamp:** | 16:29:56 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Credit Card |
| Payment was successfully received in RAM | $ 30 |
| RAM confirmation Number | 3037 |
| Deposit Account | 081394 |
| Authorized User | EHMKE,ANDREW S. |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |
| Charge any Additional Fees required under 37 C.F.R. Section 1.21 (Miscellaneous fees and charges) | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 421296_Response.pdf | 636621 <br> 7d030662d7f6be0182bc12ab41783f1a094e2f30 | yes | 15 |

| | Multipart Description/PDF files in .zip description | | | |
|---|---|---|---|---|
| | **Document Description** | **Start** | **End** | |
| | Amendment/Req. Reconsideration-After Non-Final Reject | 1 | 1 | |
| | Claims | 2 | 8 | |
| | Applicant Arguments/Remarks Made in an Amendment | 9 | 15 | |

| Warnings: |
|---|
| Information: |

| 2 | Fee Worksheet (SB06) | fee-info.pdf | 29665 <br> e47072b42ca096672c8bbea467568b9608f4ea94 | no | 2 |
|---|---|---|---|---|---|

| Warnings: |
|---|
| Information: |

| | | **Total Files Size (in bytes):** | 666286 |
|---|---|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

__New Applications Under 35 U.S.C. 111__
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

__National Stage of an International Application under 35 U.S.C. 371__
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

__New International Application Filed with the USPTO as a Receiving Office__
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/731,973 | 03/25/2010 | Timothy L. Booth | 42129.6 | 2161 |

27683        7590        08/14/2012
HAYNES AND BOONE, LLP
IP Section
2323 Victory Avenue
Suite 700
Dallas, TX 75219

| EXAMINER |
|---|
| VIG, NARESH |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3688 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 08/14/2012 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

| | Application No. | Applicant(s) |
|---|---|---|
| ***Office Action Summary*** | 12/731,973 | BOOTH ET AL. |
| | **Examiner** | **Art Unit** | |
| | NARESH VIG | 3688 | |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>*1*</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a).  In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment.  See 37 CFR 1.704(b).

## Status

1)☒ Responsive to communication(s) filed on <u>05 July 2012</u>.

2a)☐ This action is **FINAL**.  2b)☒ This action is non-final.

3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims

5)☒ Claim(s) <u>1-16 and 18-21</u> is/are pending in the application.

   5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6)☐ Claim(s) _____ is/are allowed.

7)☐ Claim(s) _____ is/are rejected.

8)☐ Claim(s) _____ is/are objected to.

9)☐ Claim(s) _____ are subject to restriction and/or election requirement.

## Application Papers

10)☐ The specification is objected to by the Examiner.

11)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

   Applicant may not request that any objection to the drawing(s) be held in abeyance.  See 37 CFR 1.85(a).

   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

12)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

## Priority under 35 U.S.C. § 119

13)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

   a)☐ All  b)☐ Some * c)☐ None of:

   1.☐ Certified copies of the priority documents have been received.

   2.☐ Certified copies of the priority documents have been received in Application No. _____.

   3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

   * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☐ Notice of References Cited (PTO-892)

2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3)☐ Information Disclosure Statement(s) (PTO/SB/08)
   Paper No(s)/Mail Date _____.

4)☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date. _____ .

5)☐ Notice of Informal Patent Application

6)☐ Other: _____.

Application/Control Number: 12/731,973                                    Page 2
Art Unit: 3688

## DETAILED ACTION

This is in reference to communication received 05 July 2012. Cancellation of

Claim 17 and Addition of new claims 18 – 21 is acknowledged.

### *Response to Amendment*

The reply filed on 05 July 2012 to the office action mailed on 06 April 2012 is not

fully responsive to the prior Office Action because newly added claims are directed to

an invention that is independent or distinct from the invention originally claimed for the

following reasons:

The claims has changed the scope of the invention from the method of facilitating

an exchange of information among plurality of entities. Claims invention as originally

filed was directed to system and method of displaying, in a network communication

delivered to a recipient, displaying an interface option within the advertisement;

receiving contact information inputted by the recipient; delivering additional information

associated with the further advertisement to the recipient using the contact information

wherein contact information is an email address of the recipient (**i.e. sending**

**advertisements to the emails address of the recipient**).

New invention as currently claimed in newly added claims 18 - 21 are directed to

system and method of displaying, in a network communication delivered to a recipient,

displaying an interface option within the advertisement; receiving contact information

inputted by the recipient; delivering additional information associated with the further

Application/Control Number: 12/731,973                                   Page 3
Art Unit: 3688

advertisement to the recipient using the contact information wherein contact information

is **not** an email address of the recipient (**i.e. sending advertisements to the recipient**

**in some other form like pop-up banner**).

     Since the applicant has received an action on merits for the originally presented

invention, this invention has been constructively elected by original presentation for

prosecution on the merits. See 37 CFR 1.142(b) and MPEP 821.03.

     If the examiner wishes to further prosecute the newly presented claim/invention,

the examiner suggest the filing of a continuation.

     <u>See</u> 37 CFR 1.111.  Since the above-mentioned reply appears to be *bona fide*,

applicant is given **ONE (1) MONTH or THIRTY (30) DAYS** from the mailing date of this

notice, whichever is longer, within which to supply the omission or correction in order to

avoid abandonment.  EXTENSIONS OF THIS TIME PERIOD MAY BE GRANTED

UNDER 37 CFR 1.136(a).

Application/Control Number: 12/731,973                                     Page 4
Art Unit: 3688

     Any inquiry concerning this communication or earlier communications from the

examiner should be directed to NARESH VIG whose telephone number is (571)272-

6810.  The examiner can normally be reached on Mon-Thu 7:00 - 5:30.

     If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, John Weiss can be reached on (571) 272-6812.  The fax phone number for

the organization where this application or proceeding is assigned is 571-273-8300.

     Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


                       /Naresh  Vig/
August 11, 2012                          Primary Examiner, Art Unit 3688

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| In re application of:<br>    Timothy L. Booth, et al. | §<br>§<br>§ | Attorney Docket No. 42129.6 |
| | § | Group Art Unit:  3688 |
| Application No.  12/731,973 | §<br>§ | |
| | § | Examiner:  Naresh Vig |
| Filed:  March 25, 2010 | §<br>§ | |
| | § | Confirmation No.:  2161 |
| For:    System and Method of On-line<br>        Advertising | §<br>§<br>§ | |

### RESPONSE TO OFFICE ACTION MAILED AUGUST 14, 2012

Mail Stop Amendment
Commissioner For Patents
PO Box 1450
Alexandria, VA  22313-1450


        The present paper is being submitted in response to the Office Action mailed
August 14, 2012.

        No fees are believed to be due in connection with this filing.  Should any additional fees
be required, the Commissioner is hereby authorized to charge any fees, including those for any
extensions of time, to Haynes & Boone LLP Deposit Account No. 08-1394.


        **Listing of Claims** begins on page **2** of this paper.

        **Remarks/Arguments** begin on page **8** of this paper.

Appl. No.: 12/731,973                                                    Attorney Docket No.: 42129.6
Response to Office Action mailed August 14, 2012                                Customer No.: 27683

**Listing of Claims**

This listing of claims will replace all prior versions, and listings, of claims in the application:

1. (Previously presented) A method for delivering an online advertisement comprising:

displaying, in a network communication delivered to a recipient during a browsing session, an advertisement associated with a first party, wherein the advertisement contains an interactive element displayed within the advertisement, and wherein the network communication is associated with a second party;

displaying, as a result of an interaction by the recipient with the interactive element, an interface option within the advertisement;

receiving contact information inputted into the interface option by the recipient;

storing the contact information in a database;

displaying, in a further network communication delivered to a recipient, a further advertisement associated with a third party, wherein the further advertisement contains a further interactive element displayed within the further advertisement, and wherein the further network communication is associated with a fourth party;

receiving an indication that the recipient activated the further interactive element displayed within the further advertisement; and

delivering additional information associated with the further advertisement to the recipient using the contact information.

2. (Original) The method of claim 1, wherein the interface option is a text field that is displayed within the advertisement.

3. (Canceled).

4. (Original) The method of claim 1, further comprising sending a confirmation message to the recipient using the contact information.

Appl. No.: 12/731,973                                                                 Attorney Docket No.: 42129.6
Response to Office Action mailed August 14, 2012                                      Customer No.: 27683

5. (Previously presented) The method of claim 1, further comprising:

displaying a second interface option within the advertisement, wherein the second interface option displays a delivery preference selectable by the recipient;

receiving the delivery preference in the second interface option; and

storing the delivery preference in a database;

wherein delivering additional information associated with the further advertisement is based in part on the delivery preference.


6. (Previously presented) The method of claim 1, wherein delivering additional information includes:

querying an identifier stored on a computer associated with the recipient;

identifying an email address associated with the identifier; and

sending advertising information to the email address.


7. (Original) The method of claim 6, wherein the identifier is stored in response to a confirmation message sent to the recipient using the contact information.


8. (Original) The method of claim 6, wherein the email address is entered by the recipient in response to a confirmation message sent to the recipient using the contact information.

9. (Previously presented) A plurality of computer-executable instructions stored on a computer readable medium for execution by a processor of a computer, wherein upon execution the instructions enable the computer to perform a method for delivering an online advertisement, the plurality of instructions comprising:

instructions for displaying, in a network communication delivered to a recipient during a browsing session, an advertisement associated with a first party, wherein the advertisement contains an interactive element displayed within the advertisement, and wherein the network communication is associated with a second party;

instructions for displaying, as a result of an interaction by the recipient with the interactive element, an interface option within the advertisement;

Appl. No.: 12/731,973                                                                        Attorney Docket No.: 42129.6
Response to Office Action mailed August 14, 2012                                                   Customer No.: 27683

instructions for receiving contact information inputted into the interface option by the recipient;

instructions for storing the contact information in a database;

instructions for displaying, in a further network communication delivered to a recipient, a further advertisement associated with a third party, wherein the further advertisement contains a further interactive element displayed within the further advertisement, and wherein the further network communication is associated with a fourth party;

instructions for receiving an indication that the recipient activated the further interactive element displayed within the further advertisement; and

instructions for delivering additional information associated with the further advertisement to the recipient using the contact information.


10. (Original) The plurality of instructions of claim 9, wherein the interface option is a text field that is displayed within the advertisement.


11. (Canceled).


12. (Original) The plurality of instructions of claim 9, further comprising instructions for sending a confirmation message to the recipient using the contact information.


13. (Previously presented) The plurality of instructions of claim 9, further comprising:

instructions for displaying a second interface option within the advertisement, wherein the second interface option displays a delivery preference selectable by the recipient;

instructions for receiving the delivery preference in the second interface option; and

instructions for storing the delivery preference in a database;

wherein the instructions for delivering additional information associated with the further advertisement are based in part on the delivery preference.


4

Appl. No.: 12/731,973                                                                                Attorney Docket No.: 42129.6
Response to Office Action mailed August 14, 2012                                                    Customer No.: 27683

14.  (Previously presented) The plurality of instructions of claim 9, wherein the instructions for delivering additional information include:

    instructions for querying an identifier stored on a computer associated with the recipient;

    instructions for identifying an email address associated with the identifier; and

    instructions for sending advertising information to the email address.

15.  (Original) The method of claim 14, wherein the identifier is stored in response to a confirmation message sent to the recipient using the contact information.

16.  (Original) The method of claim 14, wherein the email address is entered by the recipient in response to a confirmation message sent to the recipient using the contact information.

17.  (Canceled).

18.  (Previously presented) A method of online advertising, comprising:

    providing an advertisement associated with a first party for display in a network communication delivered to a computing device of a recipient during a browsing session, wherein the advertisement contains an interactive element displayed within the advertisement, and wherein the network communication is associated with a second party different than the first party;

    receiving an indication that the recipient activated the interactive element displayed within the advertisement;

    determining, in response to the receiving the indication, whether an identifier containing unique identifying information about the recipient is present on the computing device;

    if the identifier containing unique identifying information about the recipient is not present on the computing device:

        causing a text field to be displayed in at least a portion of the advertisement;

        receiving contact information inputted into the text field by the recipient;

        generating a user profile associated with the recipient based on the contact information; and

Appl. No.: 12/731,973                                                          Attorney Docket No.: 42129.6
Response to Office Action mailed August 14, 2012                                                Customer No.: 27683

causing an identifier associated with the user profile to be stored on the
computing device of the recipient; and

if the identifier containing unique identifying information about the recipient is present
on the computing device:

retrieving a user profile associated with the recipient from a visitor information
database using at least a portion of the identifier, wherein the user profile comprises at
least delivery method preferences and demographic information;

retrieving additional information associated with the advertisement based on at
least a portion of the user profile associated with the recipient;

delivering the additional information to the recipient based on the delivery
method preferences, the delivering being performed without interrupting the browsing
session of the recipient; and

recording the activation by the recipient of the interactive element as recipient
tracking data in an analytics server, the recipient tracking data being associated with the
unique identifying information about the recipient.


19.  (Previously presented) The method of claim 18, further including:

causing an interface option to be displayed in at least a portion of the advertisement,
wherein the interface option includes a plurality of delivery methods selectable by the recipient;

receiving an indication of at least one delivery method selected by the recipient; and

updating the delivery method preferences in the user profile of the recipient to reflect the
at least one delivery method selected by the recipient.


20.  (Previously presented) The method of claim 18, further including:

causing a plurality of selectable delivery preference options to be displayed in at least a
portion of the advertisement, the plurality of selectable delivery preference options including
types of additional information available for delivery to the recipient;

receiving an indication of at least one delivery preference selected by the recipient; and

updating the user profile of the recipient to reflect the at least one delivery preference
selected by the recipient.

Appl. No.: 12/731,973                                                      Attorney Docket No.: 42129.6
Response to Office Action mailed August 14, 2012                                     Customer No.: 27683

21.  (Previously presented) The method of claim 18, further including:

providing a further advertisement associated with a third party for display in a further network communication delivered to the computing device of the recipient, wherein the further advertisement contains a further interactive element displayed within the further advertisement, and wherein the further network communication is associated with a fourth party different than the third party;

receiving an indication that the recipient activated the further interactive element displayed within the further advertisement;

if the identifier containing unique identifying information about the recipient is present on the computing device:

retrieving the user profile associated with the recipient from the visitor information database using at least a portion of the identifier;

retrieving further additional information associated with the further advertisement based on at least a portion of the user profile associated with the recipient;

delivering the further additional information to the recipient based on the delivery method preferences, the delivering being performed without interrupting the browsing session of the recipient; and

recording the activation by the recipient of the further interactive element as recipient tracking data in the analytics server.

Appl. No.: 12/731,973                                                                    Attorney Docket No.: 42129.6
Response to Office Action mailed August 14, 2012                                          Customer No.: 27683

## REMARKS

Claims 3 and 11 have been canceled by this paper. Claims 1, 2, 4-10, 12-16, and 18-21 will be pending after the entry of this paper. In view of the foregoing amendments and the remarks that follow, Applicants respectfully request reconsideration.

Examiner Interview Summary

Applicants appreciate the courtesies extended by the Examiner in the telephone interview conducted on September 12, 2012. Generally, the Applicants' Response filed July 5, 2012 and the subsequent Office Action mailed August 14, 2012 were discussed. No exhibits were shown in the interview. In more detail, Applicants' representative and the Examiner discussed the Examiner's assertion in the Office Action mailed August 14, 2012 that the claims newly added in the Response filed July 5, 2012 were directed to an invention that is independent or distinct from the invention originally claimed. As an aspect of this, Applicants' representative and the Examiner discussed independent claims 1 and 18. Applicants respectfully submit that there would not be a serious burden on the Examiner to examine both independent claim 1 and independent claim 18. For example, because both claims 1 and 18 are drawn to methods of online advertising described by FIGS. 2-4 and associated text of Applicants' as-filed specification, the claims do not necessitate different fields of search. *See* MPEP §808.02. Additionally, the Examiner and Applicants' representative discussed canceling claims 3 and 11, which recite "wherein the contact information is an email address." In an effort to accommodate the Examiner, the foregoing amendments cancel claim 3 and 11. Accordingly, in view of the cancellation of claims 3 and 11 and the lack of a serious examination burden on the Examiner, Applicants respectfully request an Office Action on the merits that addresses all of independent claims 1, 9, and 18.

Applicants respectfully submit that this Response to Office Action corrects the deficiencies asserted by the Examiner in the present Office Action. Applicants therefore submit that this Response is fully responsive to both the Office Action mailed April 6, 2012 and the present Office Action.

Appl. No.: 12/731,973                                      Attorney Docket No.: 42129.6
Response to Office Action mailed August 14, 2012                      Customer No.: 27683

Patentability Under 35 U.S.C. §112, Second Paragraph

On pages 2-3 of the Office Action mailed April 6, 2012, the Examiner rejects claims 1-17 under the second paragraph of 35 U.S.C. §112 based on an assertion that they fail to particularly point out and distinctly claim the subject matter which Applicants regard as the invention.  In particular, the Examiner asserts that "collected information is not used in the claim invention" and thus "said collecting of information is an insignificant activity."  Applicants respectfully disagree; however, in the interest of furthering prosecution, Applicants amended claims 1 and 9 in the Response filed July 5, 2012 to more clearly indicate that "receiving contact information" is not an insignificant activity.  For example, amended independent claim 1 recites not only "receiving contact information" but also "storing the contact information in a database" and "delivering additional information associated with the further advertisement to the recipient using the contact information."  Amended independent claim 9 includes similar recitations regarding contact information.

Further, the Examiner asserts that in claims 1, 9, and 17 "it is not clear whether the claimed invention is directed to collecting contact information of a user by solicitation, or claimed invention is directed to mass advertising, or something else."  Applicants have carefully reviewed claims 1 and 9 and cannot find recitations exclusively directing the claims to "solicitation" or "mass advertising" or "something else."  Instead, Applicants respectfully submit that claim 1 is directed towards "a method for delivering an online advertisement" that includes "displaying, in a network communication delivered to a recipient during a browsing session, an advertisement associated with a first party."  Similarly, claim 9 is directed towards "a plurality of computer-executable instructions stored on a computer readable medium for execution by a processor of a computer, wherein upon execution the instructions enable the computer to perform a method for delivering an online advertisement" that includes "instructions for displaying, in a network communication delivered to a recipient during a browsing session, an advertisement associated with a first party."

The Examiner additionally asserts that in claims 5 and 13, "collected delivery preference is not used in the claimed invention" and thus "collecting of delivery preference is an insignificant activity."  Applicants respectfully disagree; however, in the interest of furthering prosecution, Applicants amended claims 5 and 13 in the Response filed July 5, 2012 to more clearly indicate that "receiving the delivery preference" is not an insignificant activity.  For

example, amended independent claim 5 recites not only "receiving the delivery preference" but also "storing the delivery preference in a database" and "wherein delivering additional information associated with the further advertisement is based in part on the delivery preference." Amended independent claim 13 includes similar recitations regarding delivery preferences.

Finally, the Examiner asserts that the scope of the "instructions" recited in claims 9-16 is unclear. Applicants do not necessarily agree; however, in the interest of furthering prosecution, the preamble of claim 9 was amended in the Response filed July 5, 2012 to recite "[a] plurality of computer-executable instructions stored on a computer readable medium for execution by a processor of a computer, wherein upon execution the instructions enable the computer to perform a method for delivering an online advertisement, the plurality of instructions comprising: . . . ."

Accordingly, for all of the above reasons, Applicants respectfully submit that claims 1-17 particularly point out and distinctly claim the subject matter which Applicants regard as the invention as required under the second paragraph of 35 U.S.C. §112. Notice to that effect is respectfully requested.

Independent Claim 1

Claim 1 stands rejected under 35 U.S.C. §103(a) as being unpatentable over U.S. Patent No. 6,496,857 to Dustin et al. ("Dustin") in view of U.S. Patent Application Publication No. 2003/0212745 to Caughey. Applicants respectfully traverse this rejection and respectfully submit that the Office Action fails to establish a *prima facie* case of obviousness under § 103 with respect to claim 1 for the following reasons.

MPEP § 2143.03 states that "[a]ll words in a claim must be considered in judging the patentability of that claim against the prior art." (quoting In re Wilson, 424 F.2d 1382, 1385 (CCPA 1970)). In the present matter, claim 1 was amended in the Response filed July 5, 2012 and includes a recitation of:

> . . . displaying, in a network communication delivered to a
> recipient during a browsing session, an advertisement associated
> with a first party, wherein the advertisement contains an interactive

element displayed within the advertisement, and wherein the
network communication is associated with a second party;

displaying, as a result of an interaction by the recipient with
the interactive element, an interface option within the
advertisement;

receiving contact information inputted into the interface
option by the recipient;

storing the contact information in a database;

displaying, in a further network communication delivered
to a recipient, a further advertisement associated with a third party,
wherein the further advertisement contains a further interactive
element displayed within the further advertisement, and wherein
the further network communication is associated with a fourth
party;

receiving an indication that the recipient activated the
further interactive element displayed within the further
advertisement; and

delivering additional information associated with the
further advertisement to the recipient using the contact
information.

On pages 3-5 of the Office Action mailed April 6, 2012, the Examiner asserts that
portions of Dustin combined with portions of Caughey disclose every limitation of claim 1.
However, the indicated portions of Dustin and Caughey, even when considered together, fail to
disclose at least "receiving contact information inputted into the interface option by the
recipient," as recited in amended claim 1. In more detail, the Examiner points to Fig. 6 of Dustin
and Fig. 6 of Caughey as disclosing the claimed "receiving contact information inputted into the
interface option by the recipient." Fig. 6 of Dustin generally describes steps related to displaying
a banner ad to a user, saving an enhanced version of the ad to a storage space if the user clicks on
the banner ad, and retrieving the enhanced version of the ad when requested by the user.
Notably, the steps of Fig. 6 and the associated text in Dustin lack any discussion related to

11

contact information, much less any discussion related to receiving contact information inputted into an interface option disposed within an advertisement.

Similarly, the indicated portions of Caughey cited by the Examiner also fail to disclose "receiving contact information inputted into the interface option by the recipient." Specifically, Fig. 6 and associated text in Caughey generally describe "a method of selectively forwarding multi-steps email messages." Caughey, para. [0093]. It appears these portions of Caughey lack any disclosure related to interface options disposed within advertisements. Although paragraph [0094] of Caughey discloses automatically inserting an email address of a user into a multi-step email message, this task is plainly different than receiving contact information inputted into an interface option disposed within an advertisement.

Accordingly, the portions of Dustin and Caughey relied upon by the Examiner, even when considered together, fail to disclose "receiving contact information inputted into the interface option by the recipient," as recited in amended claim 1. Therefore, for the reasons above, the Examiner has failed to establish a *prima facie* case of obviousness under §103 with respect to amended claim 1. Claim 1 is thus believed to be allowable over Dustin and Caughey, and notice to that effect is respectfully requested.

Independent Claim 9

Claim 9 also stands rejected under 35 U.S.C. §103(a) as being unpatentable over Dustin in view of Caughey. Applicants respectfully traverse this rejection and respectfully submit that the Office Action fails to establish a *prima facie* case of obviousness under §103 with respect to claim 9 for the following reasons.

In the present matter, claim 9 was amended in the Response filed July 5, 2012 and includes a recitation of:

> instructions for displaying, in a network communication delivered to a recipient during a browsing session, an advertisement associated with a first party, wherein the advertisement contains an interactive element displayed within the advertisement, and wherein the network communication is associated with a second party;

Appl. No.: 12/731,973
Response to Office Action mailed August 14, 2012

Attorney Docket No.: 42129.6
Customer No.: 27683

instructions for displaying, as a result of an interaction by the recipient with the interactive element, an interface option within the advertisement;

instructions for receiving contact information inputted into the interface option by the recipient;

instructions for storing the contact information in a database;

instructions for displaying, in a further network communication delivered to a recipient, a further advertisement associated with a third party, wherein the further advertisement contains a further interactive element displayed within the further advertisement, and wherein the further network communication is associated with a fourth party;

instructions for receiving an indication that the recipient activated the further interactive element displayed within the further advertisement; and

instructions for delivering additional information associated with the further advertisement to the recipient using the contact information. (Emphasis added).

The rationale offered in the Office Action for the rejection of claim 9 is effectively the same rationale that is offered for the rejection of claim 1. Therefore, for reasons similar to those discussed above in association with claim 1, it is respectfully submitted that claim 9 is not obvious under §103 in view of Dustin and Caughey. Accordingly, claim 9 is believed to be allowable, and notice to that effect is respectfully requested.

Independent Claim 18

Applicants' Response filed July 5, 2012 added new independent claim 18. Applicants believe claim 18 more fully describes a method of online advertising as embodied in Applicant's originally-filed specification. In that regard, Applicants respectfully submit that new claim 18 recites one or more limitations not disclosed by the prior art cited by the Examiner, including

Appl. No.: 12/731,973                                          Attorney Docket No.: 42129.6
Response to Office Action mailed August 14, 2012                          Customer No.: 27683

Dustin and Caughey.  Applicants therefore believe new claim 18 is allowable over the prior art of record, and notice to that effect is respectfully requested.

Dependent Claims

Claims 2, 4-8, Claims 10, 12-16, and Claims 19-21 respectively depend from Claim 1, Claim 9, and Claim 18, and are also believed to be patentable, for example for the same reasons discussed above with respect to Claims 1, 9, and 18.

Appl. No.: 12/731,973                                                    Attorney Docket No.: 42129.6
Response to Office Action mailed August 14, 2012                                Customer No.: 27683

## **CONCLUSION**

Based on the foregoing, it is respectfully submitted that all of the pending claims are fully allowable, and favorable reconsideration of this application is therefore respectfully requested. If the Examiner believes that examination of the present application may be advanced by a telephone conference, the Examiner is invited to telephone the undersigned attorney.

Further, the Office Action contains characterizations of the claims and the related art of which Applicants do not necessarily agree. Unless expressly noted otherwise, Applicants decline to subscribe to any statement or characterization in the Office Action.

Respectfully submitted,

Andrew S. Ehmke
Registration No. 50,271

Date:  September 13, 2012

HAYNES AND BOONE, LLP
Telephone:  972-739-8639
Facsimile:  214-200-0853
Customer No.: 27683
Attorney Docket: 42129.6

R-314878_1.docx

| Certificate of Service |
| --- |
| I hereby certify that this correspondence is being filed with the U.S. Patent and Trademark Office via EFS-Web on September 13, 2012 |
| Linda Ingram |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 13736919 |
| **Application Number:** | 12731973 |
| **International Application Number:** | |
| **Confirmation Number:** | 2161 |
| **Title of Invention:** | System and Method of On-line Advertising |
| **First Named Inventor/Applicant Name:** | Timothy L. Booth |
| **Customer Number:** | 27683 |
| **Filer:** | Andrew s. Ehmke/Linda Ingram |
| **Filer Authorized By:** | Andrew s. Ehmke |
| **Attorney Docket Number:** | 42129.6 |
| **Receipt Date:** | 13-SEP-2012 |
| **Filing Date:** | 25-MAR-2010 |
| **Time Stamp:** | 15:41:40 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 421296_Response.pdf | 637126 <br> 82907a3106b609aff5b067b1cd423637ecb c0160 | yes | 15 |

**Multipart  Description/PDF files in .zip description**

| Document Description | Start | End |
|---|---|---|
| Amendment/Req. Reconsideration-After Non-Final Reject | 1 | 1 |
| Claims | 2 | 7 |
| Applicant Arguments/Remarks Made in an Amendment | 8 | 15 |

**Warnings:**

**Information:**

| | |
|---|---|
| **Total Files Size (in bytes):** | 637126 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable.  It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/SB/06 (07-06)
Approved for use through 1/31/2007. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>12/731,973 | Filing Date<br>03/25/2010 | ☐ To be Mailed |
|---|---|---|---|

### APPLICATION AS FILED – PART I

| | (Column 1) | (Column 2) | SMALL ENTITY ☒ | | OR | OTHER THAN<br>SMALL ENTITY | |
|---|---|---|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) | | RATE ($) | FEE ($) |
| ☐ BASIC FEE<br>(37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | | N/A | |
| ☐ SEARCH FEE<br>(37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | | N/A | |
| ☐ EXAMINATION FEE<br>(37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | | N/A | |
| TOTAL CLAIMS<br>(37 CFR 1.16(i)) | minus 20 = | * | X $ = | | OR | X $ = | |
| INDEPENDENT CLAIMS<br>(37 CFR 1.16(h)) | minus 3 = | * | X $ = | | | X $ = | |
| ☐ APPLICATION SIZE FEE<br>(37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $250 ($125 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | | TOTAL | |

### APPLICATION AS AMENDED – PART II

| | | (Column 1) | (Column 2) | (Column 3) | SMALL ENTITY | | OR | OTHER THAN<br>SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|---|
| **AMENDMENT** | **09/13/2012** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) | | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 18 | Minus ** 21 | = 0 | X $30 = | 0 | OR | X $ = | |
| | Independent (37 CFR 1.16(h)) | * 3 | Minus *** 3 | = 0 | X $125 = | | OR | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | **0** | OR | TOTAL ADD'L FEE | |

| | | (Column 1) | (Column 2) | (Column 3) | RATE ($) | ADDITIONAL FEE ($) | | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|---|
| **AMENDMENT** | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | | | | | |
| | Total (37 CFR 1.16(i)) | * | Minus ** | = | X $ = | | OR | X $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | X $ = | | OR | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

\* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.

\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".

\*\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".

The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

Legal Instrument Examiner:
/ZURIASHWORK ZENEBE/

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*



UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/731,973 | 03/25/2010 | Timothy L. Booth | 42129.6 | 2161 |

27683          7590          09/17/2012
HAYNES AND BOONE, LLP
IP Section
2323 Victory Avenue
Suite 700
Dallas, TX 75219

| EXAMINER |
|---|
| VIG, NARESH |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3688 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 09/17/2012 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A  (Rev. 04/07)

| *Applicant-Initiated Interview Summary* | Application No. | Applicant(s) | |
|---|---|---|---|
| | 12/731,973 | BOOTH ET AL. | |
| | Examiner | Art Unit | |
| | NARESH VIG | 3688 | |

All participants (applicant, applicant's representative, PTO personnel):

(1) _NARESH VIG_.                                    (3)_____.

(2) _Andres Ehmke (Reg. No. 50,271)_.                (4)_____.

Date of Interview: _09 September 2012_.

Type:  ☒ Telephonic   ☐ Video Conference
       ☐ Personal [copy given to: ☐ applicant   ☐ applicant's representative]

Exhibit shown or demonstration conducted:  ☐ Yes   ☒ No.
    If Yes, brief description: _____.

Issues Discussed  ☐101  ☐112  ☐102  ☐103  ☒Others
(For each of the checked box(es) above, please describe below the issue and detailed description of the discussion)

Claim(s) discussed: _1,3 and 18_.

Identification of prior art discussed: _____.

Substance of Interview
(For each issue discussed, provide a detailed description and indicate if agreement was reached. Some topics may include: identification or clarification of a reference or a portion thereof, claim interpretation, proposed amendments, arguments of any applied references etc...)

_During the Telephone Interview, discussion was related to office action mailed 14 August 2012. Office position to the office action was explained to the Attorney._

_Applicant will file a response in due course._.

**Applicant recordation instructions:** The formal written reply to the last Office action must include the substance of the interview. (See MPEP section 713.04). If a reply to the last Office action has already been filed, applicant is given a non-extendable period of the longer of one month or thirty days from this interview date, or the mailing date of this interview summary form, whichever is later, to file a statement of the substance of the interview

**Examiner recordation instructions:** Examiners must summarize the substance of any interview of record. A complete and proper recordation of the substance of an interview should include the items listed in MPEP 713.04 for complete and proper recordation including the identification of the general thrust of each argument or issue discussed, a general indication of any other pertinent matters discussed regarding patentability and the general results or outcome of the interview, to include an indication as to whether or not agreement was reached on the issues raised.

☐ Attachment

/Naresh  Vig/
Primary Examiner, Art Unit 3688

## Summary of Record of Interview Requirements

**Manual of Patent Examining Procedure (MPEP), Section 704.04, Substance of Interview Must be Made of Record**
A complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

### Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews
Paragraph (b)

In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant. An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135. (35 U.S.C. 132)

37 CFR §1.2 Business to be transacted in writing.
All business with the Patent or Trademark Office should be transacted in writing. The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary. The action of the Patent and Trademark Office will be based exclusively on the written record in the Office. No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

_____

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.

It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so. It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks. Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below. Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.

The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper. In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview. In the case of a telephone or video-conference interview, the copy is mailed to the applicant's correspondence address either with or prior to the next official communication. If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

The Form provides for recordation of the following information:
– Application Number (Series Code and Serial Number)
– Name of applicant
– Name of examiner
– Date of interview
– Type of interview (telephonic, video-conference, or personal)
– Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
– An indication whether or not an exhibit was shown or a demonstration conducted
– An identification of the specific prior art discussed
– An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable). Note: Agreement as to allowability is tentative and does not restrict further action by the examiner to the contrary.
– The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action)

It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of the interview of each case. It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.

A complete and proper recordation of the substance of any interview should include at least the following applicable items:
1) A brief description of the nature of any exhibit shown or any demonstration conducted,
2) an identification of the claims discussed,
3) an identification of the specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the Examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner,
   (The identification of arguments need not be lengthy or elaborate. A verbatim or highly detailed description of the arguments is not required. The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file. Of course, the applicant may desire to emphasize and fully describe those arguments which he or she feels were or might be persuasive to the examiner.)
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.
Examiners are expected to carefully review the applicant's record of the substance of an interview. If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record.

### Examiner to Check for Accuracy

If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiner's version of the statement attributed to him or her. If the record is complete and accurate, the examiner should place the indication, "Interview Record OK" on the paper recording the substance of the interview along with the date and the examiner's initials.



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/731,973 | 03/25/2010 | Timothy L. Booth | 42129.6 | 2161 |

27683        7590        10/03/2012
HAYNES AND BOONE, LLP
IP Section
2323 Victory Avenue
Suite 700
Dallas, TX 75219

| EXAMINER |
|---|
| VIG, NARESH |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3688 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 10/03/2012 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A  (Rev. 04/07)

| **Notice of Non-Compliant Amendment (37 CFR 1.121)** | Application No. | Applicant(s) |
|---|---|---|
| | 12/731,973 | BOOTH ET AL. |
| | Examiner | Art Unit |
| | NARESH VIG | 3688 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

The amendment document filed on <u>13 September 2012</u> is considered non-compliant because it has failed to meet the requirements of 37 CFR 1.121 or 1.4. In order for the amendment document to be compliant, correction of the following item(s) is required.

THE FOLLOWING MARKED (X) ITEM(S) CAUSE THE AMENDMENT DOCUMENT TO BE NON-COMPLIANT:

- ☐ 1. Amendments to the specification:
  - ☐ A. Amended paragraph(s) do not include markings.
  - ☐ B. New paragraph(s) should not be underlined.
  - ☐ C. Other _____.
- ☐ 2. Abstract:
  - ☐ A. Not presented on a separate sheet. 37 CFR 1.72.
  - ☐ B. Other _____.
- ☐ 3. Amendments to the drawings:
  - ☐ A. The drawings are not properly identified in the top margin as "Replacement Sheet," "New Sheet," or "Annotated Sheet" as required by 37 CFR 1.121(d).
  - ☐ B. The practice of submitting proposed drawing correction has been eliminated. Replacement drawings showing amended figures, without markings, in compliance with 37 CFR 1.84 are required.
  - ☐ C. Other _____.
- ☒ 4. Amendments to the claims:
  - ☐ A. A complete listing of all of the claims is not present.
  - ☐ B. The listing of claims does not include the text of all pending claims (including withdrawn claims)
  - ☒ C. Each claim has not been provided with the proper status identifier, and as such, the individual status of each claim cannot be identified. Note: the status of every claim must be indicated after its claim number by using one of the following status identifiers: (Original), (Currently amended), (Canceled), (Previously presented), (New), (Not entered), (Withdrawn) and (Withdrawn-currently amended).
  - ☐ D. The claims of this amendment paper have not been presented in ascending numerical order.
  - ☒ E. Other: <u>See Continuation Sheet</u>.
- ☐ 5. Other (e.g., the amendment is unsigned or not signed in accordance with 37 CFR 1.4):
  _____.

For further explanation of the amendment format required by 37 CFR 1.121, see MPEP § 714.

TIME PERIODS FOR FILING A REPLY TO THIS NOTICE:

1. Applicant is given **no new time period** if the non-compliant amendment is an after-final amendment or an amendment filed after allowance. If applicant wishes to resubmit the non-compliant after-final amendment with corrections, the **entire corrected amendment** must be resubmitted.

2. Applicant is given **one month**, or thirty (30) days, whichever is longer, from the mail date of this notice to supply the correction, if the non-compliant amendment is one of the following: a preliminary amendment, a non-final amendment (including a submission for a request for continued examination (RCE) under 37 CFR 1.114), a supplemental amendment filed within a suspension period under 37 CFR 1.103(a) or (c), and an amendment filed in response to a *Quayle* action. If any of above boxes 1. to 4. are checked, the correction required is only the **corrected section** of the non-compliant amendment in compliance with 37 CFR 1.121.

    <u>Extensions of time</u> are available under 37 CFR 1.136(a) <u>only</u> if the non-compliant amendment is a non-final amendment or an amendment filed in response to a *Quayle* action.

    <u>Failure to timely respond</u> to this notice will result in:
    **Abandonment** of the application if the non-compliant amendment is a non-final amendment or an amendment filed in response to a *Quayle* action; or
    **Non-entry** of the amendment if the non-compliant amendment is a preliminary amendment or supplemental amendment.

/Naresh  Vig/
Primary Examiner, Art Unit 3688

Continuation of 4(e) Other:

Applicant filed preliminary in response to the office action mailed 06 April 2012. In the response filed by the applicant on05 July 2012, it is deemed that amendements to the previously pending claims were filed, and in addition claims 18 - 21 were added.

In the response filed 13 September 2012, preliminary amendments to the claims were presented by the applicant. However, proper status of newly added claims and amendments made to the claims upon which the office action was mailed 06 April 2012 are not properly identified.

In response to this office action, applicant is requested to file the amended claims and newly added claims with proper idenfying information taking claims filed 25 March 2010 as previously pending set of claims based upon which office action was maild 06 April 2012.

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: | § |
| Timothy L. BOOTH | § |
| | § |
| Application No.: 12/731,973 | § |
| | § |
| Filed:  March 25, 2010 | § |
| | § |
| For:  SYSTEM AND METHOD OF | § |
| ON-LINE ADVERTISING | § |

Attorney Docket No.:   42129.6

Group Art Unit: 3688

Examiner:  Naresh Vig

Confirmation No.:  2161

**Mail Stop Amendment**
Commissioner For Patents
PO Box 1450
Alexandria, VA  22313-1450

## AMENDMENT – REVISED IN RESPONSE TO
## NOTICE OF NON-COMPLIANT AMENDMENT

Sir:

On September 13, 2012, Applicants provided a response to the Office Action of August 14, 2012.  On October 3, 2012, the Office issued a Notice of Non-Compliant Amendment stating that the listing of claims in the previously-filed response did not include proper status identifiers based upon the office action mailed April 6, 2012.  Entry of the following amendments and comments into the record of the above-identified application is respectfully requested.

No fees are believed necessary for consideration of the present paper.  However, if any fees are necessary, the Commissioner is hereby authorized to charge any such fees to Haynes and Boone, LLP's Deposit Account No. 08-1394.

**Amendments to the Claims** are reflected in the listing of claims which begins on page 2 of this paper.

**Remarks/Arguments** begin on page 9 of this paper.

**Listing of Claims:**

This listing of claims will replace all prior versions, and listings, of claims in the application:

1.  (Currently amended) A method for delivering an online advertisement comprising:

displaying, in a network communication delivered to a recipient <u>during a browsing session</u>, an advertisement associated with a first party, wherein the advertisement contains an interactive element displayed within the advertisement, and wherein the network communication is associated with a second party;

displaying, as a result of an interaction by the recipient with the interactive element, an interface option within the advertisement;

receiving contact information [[in]] <u>inputted into</u> the interface option ~~from~~ <u>by</u> the recipient; ~~and~~

storing the contact information in a database<u>;</u>

<u>displaying, in a further network communication delivered to a recipient, a further advertisement associated with a third party, wherein the further advertisement contains a further interactive element displayed within the further advertisement, and wherein the further network communication is associated with a fourth party;</u>

<u>receiving an indication that the recipient activated the further interactive element displayed within the further advertisement; and</u>

<u>delivering additional information associated with the further advertisement to the recipient using the contact information.</u>

2.  (Original) The method of claim 1, wherein the interface option is a text field that is displayed within the advertisement.

3.  (Canceled).

4.  (Original) The method of claim 1, further comprising sending a confirmation message to the recipient using the contact information.

5. (Currently amended) The method of claim 1, further comprising:

displaying a second interface option within the advertisement, wherein the second interface option displays a delivery preference selectable by the recipient;

receiving the delivery preference in the second interface option; and

storing the delivery preference in a database;

wherein delivering additional information associated with the further advertisement is based in part on the delivery preference.

6. (Currently amended) The method of claim 1, ~~further comprising~~ wherein delivering additional information includes:

~~displaying, in a second network communication to the recipient, a second advertisement associated with a third party that contains a second interactive element within the second advertisement, wherein the second network communication is associated with a fourth party;~~

~~receiving an input from the recipient in the second interactive element, wherein the second network communication is still displayed to the recipient after the input is received;~~

querying an identifier stored on a computer associated with the recipient;

identifying an email address associated with the identifier; and

sending advertising information to the email address.

7. (Original) The method of claim 6, wherein the identifier is stored in response to a confirmation message sent to the recipient using the contact information.

8. (Original) The method of claim 6, wherein the email address is entered by the recipient in response to a confirmation message sent to the recipient using the contact information.

3

Serial No.: 12/731,973                                              Attorney Docket No.: 42129.6
Response to Notice of Non-Compliant Amendment mailed October 3, 2012                    Customer No.: 27683

9. (Currently amended) A plurality of computer-executable instructions stored on ~~the~~ a computer readable medium for execution by a processor of a computer, wherein upon execution the instructions enable the computer to perform a method for delivering an online advertisement, the plurality of instructions comprising:

instructions for displaying, in a network communication delivered to a recipient during a browsing session, an advertisement associated with a first party, wherein the advertisement contains an interactive element displayed within the advertisement, and wherein the network communication is associated with a second party;

instructions for displaying, as a result of an interaction by the recipient with the interactive element, an interface option within the advertisement;

instructions for receiving contact information [[in]] inputted into the interface option ~~from~~ by the recipient; ~~and~~

instructions for storing the contact information in a database;

instructions for displaying, in a further network communication delivered to a recipient, a further advertisement associated with a third party, wherein the further advertisement contains a further interactive element displayed within the further advertisement, and wherein the further network communication is associated with a fourth party;

instructions for receiving an indication that the recipient activated the further interactive element displayed within the further advertisement; and

instructions for delivering additional information associated with the further advertisement to the recipient using the contact information.


10. (Original) The plurality of instructions of claim 9, wherein the interface option is a text field that is displayed within the advertisement.


11. (Canceled).


12. (Original) The plurality of instructions of claim 9, further comprising instructions for sending a confirmation message to the recipient using the contact information.

13.  (Currently amended) The plurality of instructions of claim 9, further comprising:

instructions for displaying a second interface option within the advertisement, wherein the second interface option displays a delivery preference selectable by the recipient;

instructions for receiving the delivery preference in the second interface option; and

instructions for storing the delivery preference in a database<u>;</u>

<u>wherein the instructions for delivering additional information associated with the further advertisement are based in part on the delivery preference</u>.

14.  (Currently amended) The plurality of instructions of claim 9, ~~further comprising~~ <u>wherein the instructions for delivering additional information include</u>:

~~instructions for displaying, in a second network communication to the recipient, a second advertisement associated with a third party that contains a second interactive element within the second advertisement, wherein the second network communication is associated with a fourth party;~~

~~instructions for receiving an input from the recipient in the second interactive element, wherein the second network communication is still displayed to the recipient after the input is received;~~

instructions for querying an identifier stored on a computer associated with the recipient;

instructions for identifying an email address associated with the identifier; and

instructions for sending advertising information to the email address.

15.  (Original) The method of claim 14, wherein the identifier is stored in response to a confirmation message sent to the recipient using the contact information.

16.  (Original) The method of claim 14, wherein the email address is entered by the recipient in response to a confirmation message sent to the recipient using the contact information.

17.  (Canceled).

Serial No.: 12/731,973                                                     Attorney Docket No.: 42129.6
Response to Notice of Non-Compliant Amendment mailed October 3, 2012        Customer No.: 27683

18.   (New) A method of online advertising, comprising:

providing an advertisement associated with a first party for display in a network communication delivered to a computing device of a recipient during a browsing session, wherein the advertisement contains an interactive element displayed within the advertisement, and wherein the network communication is associated with a second party different than the first party;

receiving an indication that the recipient activated the interactive element displayed within the advertisement;

determining, in response to the receiving the indication, whether an identifier containing unique identifying information about the recipient is present on the computing device;

if the identifier containing unique identifying information about the recipient is not present on the computing device:

  causing a text field to be displayed in at least a portion of the advertisement;

  receiving contact information inputted into the text field by the recipient;

  generating a user profile associated with the recipient based on the contact information; and

  causing an identifier associated with the user profile to be stored on the computing device of the recipient; and

if the identifier containing unique identifying information about the recipient is present on the computing device:

  retrieving a user profile associated with the recipient from a visitor information database using at least a portion of the identifier, wherein the user profile comprises at least delivery method preferences and demographic information;

  retrieving additional information associated with the advertisement based on at least a portion of the user profile associated with the recipient;

  delivering the additional information to the recipient based on the delivery method preferences, the delivering being performed without interrupting the browsing session of the recipient; and

Serial No.: 12/731,973                                                    Attorney Docket No.: 42129.6
Response to Notice of Non-Compliant Amendment mailed October 3, 2012                    Customer No.: 27683

recording the activation by the recipient of the interactive element as recipient
tracking data in an analytics server, the recipient tracking data being associated with the
unique identifying information about the recipient.

19.  (New) The method of claim 18, further including:
causing an interface option to be displayed in at least a portion of the advertisement,
wherein the interface option includes a plurality of delivery methods selectable by the recipient;
receiving an indication of at least one delivery method selected by the recipient; and
updating the delivery method preferences in the user profile of the recipient to reflect the
at least one delivery method selected by the recipient.

20.  (New) The method of claim 18, further including:
causing a plurality of selectable delivery preference options to be displayed in at least a
portion of the advertisement, the plurality of selectable delivery preference options including
types of additional information available for delivery to the recipient;
receiving an indication of at least one delivery preference selected by the recipient; and
updating the user profile of the recipient to reflect the at least one delivery preference
selected by the recipient.

21.  (New) The method of claim 18, further including:
providing a further advertisement associated with a third party for display in a further
network communication delivered to the computing device of the recipient, wherein the further
advertisement contains a further interactive element displayed within the further advertisement,
and wherein the further network communication is associated with a fourth party different than
the third party;
receiving an indication that the recipient activated the further interactive element
displayed within the further advertisement;
if the identifier containing unique identifying information about the recipient is present
on the computing device:

Serial No.: 12/731,973                                                      Attorney Docket No.: 42129.6
Response to Notice of Non-Compliant Amendment mailed October 3, 2012                    Customer No.: 27683

retrieving the user profile associated with the recipient from the visitor information database using at least a portion of the identifier;

retrieving further additional information associated with the further advertisement based on at least a portion of the user profile associated with the recipient;

delivering the further additional information to the recipient based on the delivery method preferences, the delivering being performed without interrupting the browsing session of the recipient; and

recording the activation by the recipient of the further interactive element as recipient tracking data in the analytics server.

**Remarks**

Claims 1, 5, 6, 9, 13 and 14 are amended by this response.  Claims 3, 11 and 17 have been canceled.  Claims 18-21 are new.  Reconsideration of presently pending claims 1, 2, 4-10, 12-16 and 18-21 is respectfully requested in light of the following remarks.

**Response to Notice of Non-Compliant Amendment**

The Notice objected to the Amendment stating that the listing of claims in the previously-filed response did not include proper status identifiers based on the Office Action mailed April 6, 2012.  In that regard, the Applicants respectfully submit that the above corrected sections address the informality identified in the Notice.

Applicants believe no fee is due.  However, the Director is hereby authorized to charge any deficiency fees or credit any overpayment associated with this communication to Deposit Account Number 08-1394.

Respectfully submitted,

Andrew S. Ehmke
Reg. No. 50,271

Dated: _10/25/12_

HAYNES AND BOONE, LLP
Customer No.  42717
Telephone: 972/739-6923
Facsimile: 214/200-0853
Client Matter No.: 24061.926

File: R-317974_1.doc

---

**Certificate of Service**

I hereby certify that this correspondence is being filed with the U.S. Patent and Trademark Office via EFS-Web on October 25, 2012.

Linda Ingram

---

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 14073236 |
| **Application Number:** | 12731973 |
| **International Application Number:** | |
| **Confirmation Number:** | 2161 |
| **Title of Invention:** | System and Method of On-line Advertising |
| **First Named Inventor/Applicant Name:** | Timothy L. Booth |
| **Customer Number:** | 27683 |
| **Filer:** | Andrew s. Ehmke/Linda Ingram |
| **Filer Authorized By:** | Andrew s. Ehmke |
| **Attorney Docket Number:** | 42129.6 |
| **Receipt Date:** | 25-OCT-2012 |
| **Filing Date:** | 25-MAR-2010 |
| **Time Stamp:** | 12:31:22 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 42129_6_Amendment.pdf | 364118 <br> aecfb150b0876d858e91fd18b4f9e1242e71 385e | yes | 9 |

**Multipart Description/PDF files in .zip description**

| Document Description | Start | End |
|---|---|---|
| Amendment/Req. Reconsideration-After Non-Final Reject | 1 | 1 |
| Claims | 2 | 8 |
| Applicant Arguments/Remarks Made in an Amendment | 9 | 9 |

| | |
|---|---|
| **Warnings:** | |
| **Information:** | |
| **Total Files Size (in bytes):** | 364118 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

New Applications Under 35 U.S.C. 111
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

National Stage of an International Application under 35 U.S.C. 371
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

New International Application Filed with the USPTO as a Receiving Office
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/SB/06 (07-06)
Approved for use through 1/31/2007. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## PATENT APPLICATION FEE DETERMINATION RECORD
### Substitute for Form PTO-875

| Application or Docket Number | Filing Date | |
|---|---|---|
| 12/731,973 | 03/25/2010 | ☐ To be Mailed |

### APPLICATION AS FILED – PART I

| | (Column 1) | (Column 2) | SMALL ENTITY ☒ | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) | | RATE ($) | FEE ($) |
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | X $ = | | OR | X $ = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | X $ = | | | X $ = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $250 ($125 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | | TOTAL | |

### APPLICATION AS AMENDED – PART II

| | | (Column 1) | (Column 2) | (Column 3) | SMALL ENTITY | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|---|
| | **10/25/2012** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) | | RATE ($) | ADDITIONAL FEE ($) |
| AMENDMENT | Total (37 CFR 1.16(i)) | * 18 | Minus ** 21 | = 0 | X $31 = | 0 | OR | X $ = | |
| | Independent (37 CFR 1.16(h)) | * 3 | Minus *** 3 | = 0 | X $125 = | 0 | OR | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | **0** | OR | TOTAL ADD'L FEE | |

| | | (Column 1) | (Column 2) | (Column 3) | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) | | RATE ($) | ADDITIONAL FEE ($) |
| AMENDMENT | Total (37 CFR 1.16(i)) | * | Minus ** | = | X $ = | | OR | X $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | X $ = | | OR | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

Legal Instrument Examiner:
/DORRETTA BROOKS/

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/731,973 | 03/25/2010 | Timothy L. Booth | 42129.6 | 2161 |

27683        7590        12/04/2012

HAYNES AND BOONE, LLP
IP Section
2323 Victory Avenue
Suite 700
Dallas, TX 75219

| EXAMINER |
|---|
| VIG, NARESH |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3688 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 12/04/2012 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A  (Rev. 04/07)

| ***Office Action Summary*** | **Application No.**<br>12/731,973 | **Applicant(s)**<br>BOOTH ET AL. | |
|---|---|---|---|
| | **Examiner**<br>NARESH VIG | **Art Unit**<br>3688 | |

| *-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --* |
|---|

### Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>*1*</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

### Status

1)☒ Responsive to communication(s) filed on <u>25 October 2012</u>.

2a)☐ This action is **FINAL**.  2b)☐ This action is non-final.

3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____ ; the restriction requirement and election have been incorporated into this action.

4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

### Disposition of Claims

5)☒ Claim(s) <u>1,2,4-10,12-16 and 18-21</u> is/are pending in the application.

    5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6)☐ Claim(s) _____ is/are allowed.

7)☐ Claim(s) _____ is/are rejected.

8)☐ Claim(s) _____ is/are objected to.

9)☒ Claim(s) <u>1–2, 4–10, 12–16 and 18–21</u> are subject to restriction and/or election requirement.

\* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

### Application Papers

10)☐ The specification is objected to by the Examiner.

11)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

### Priority under 35 U.S.C. § 119

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All  b)☐ Some * c)☐ None of:

      1.☐ Certified copies of the priority documents have been received.

      2.☐ Certified copies of the priority documents have been received in Application No. _____ .

      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    \* See the attached detailed Office action for a list of the certified copies not received.

### Attachment(s)

1)☐ Notice of References Cited (PTO-892)

2)☐ Information Disclosure Statement(s) (PTO/SB/08) Paper No(s)/Mail Date _____ .

3)☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____ .

4)☐ Other: _____ .

Application/Control Number: 12/731,973                                    Page 2

Art Unit: 3688

## DETAILED ACTION

This is in reference to communication received 25 October 2012. Addition of

claims 18 – 21 is acknowledged. Claims 1 – 2, 4 – 10, 12 – 16 and 18 – 21 are pending

for examination.

### *Election/Restrictions*

Restriction to one of the following inventions is required under 35 U.S.C. 121:

I.       Claims 1 – 2, 4 – 10 and 12 – 16, (invention as originally presented) drawn

         to system and method for delivering an online advertisement by displaying

         an advertisement associated with a first party, wherein the advertisement

         contains an interactive element displayed within the advertisement, and

         wherein the network communication is associated with a second party;

         displaying an interface option within the advertisement; receiving contact

         information inputted into the interface option by the recipient; displaying, a

         further advertisement associated with a third party, wherein the further

         advertisement contains a further interactive element displayed within the

         further advertisement, and wherein the further network communication is

         associated with a fourth party; delivering additional information associated

         with the further advertisement to the recipient using the contact

         information, classified in class 705, subclass 14.73.

Application/Control Number: 12/731,973                                Page 3
Art Unit: 3688

II.    Claims 18 – 21, (newly added claims) drawn to system and method for

online advertising by providing an advertisement associated with a first

party for display in a network communication delivered to a computing

device of a recipient during a browsing session; determining, whether

unique identifying information about the recipient is not present on the

computing device; receiving contact information; generating a user profile

associated with the recipient based on the contact information; and if the

identifier containing unique identifying information about the recipient is

present on the computing device: retrieving a user profile associated with

the recipient from a visitor information database using at least a portion of

the identifier; retrieving additional information associated with the

advertisement based on at least a portion of the user profile associated

with the recipient; delivering the additional information to the recipient

based on the delivery method preferences, and recording the activation by

the recipient of the interactive element as recipient tracking data in an

analytics server, classified in class 705, subclass 14.73.


The inventions are distinct, each from the other because of the following reasons:

        Inventions I – II are related as subcombinations disclosed as usable together in a

single combination.  The subcombinations are distinct if they do not overlap in scope

and are not obvious variants, and if it is shown that at least one subcombination is

separately usable.  In the instant case,

Application/Control Number: 12/731,973                                        Page 4
Art Unit: 3688

subcombination II has separate utility such as <u>determining, whether unique identifying information about the recipient is not present on the computing device</u>; receiving contact information; <u>generating a user profile associated with the recipient based on the contact information</u>; and if the identifier containing unique identifying information about the recipient is present on the computing device: <u>retrieving a user profile associated with the recipient from a visitor information</u> database using at least a portion of the identifier; <u>retrieving additional information associated with the advertisement based on at least a portion of the user profile associated with the recipient</u>; delivering the additional information to the recipient based on the delivery method preferences, and recording the activation by the recipient of the interactive element as recipient tracking data in an analytics server,.

Restriction for examination purposes as indicated is proper because all these inventions listed in this action are independent or distinct for the reasons given above and there would be a serious search and/or examination burden if restriction were not required because at least the following reason(s) apply:

(a) the inventions have acquired a separate status in the art in view of their
    different classification;

(b) the inventions have acquired a separate status in the art due to their
    recognized divergent subject matter;

(c) the inventions require a different field of search (for example, searching
    different classes/subclasses or electronic resources, or employing different
    search queries);

(d) the prior art applicable to one invention would not likely be applicable to

another invention;

(e) the inventions are likely to raise different non-prior art issues under 35 U.S.C.

101 and/or 35 U.S.C. 112, first paragraph.

**Applicant is advised that the reply to this requirement to be complete must**

**include (i) an election of a invention to be examined** even though the requirement

may be traversed (37 CFR 1.143) **and (ii) identification of the claims encompassing**

**the elected invention**.

The election of an invention may be made with or without traverse. To reserve a

right to petition, the election must be made with traverse. If the reply does not distinctly

and specifically point out supposed errors in the restriction requirement, the election

shall be treated as an election without traverse. Traversal must be presented at the time

of election in order to be considered timely. Failure to timely traverse the requirement

will result in the loss of right to petition under 37 CFR 1.144. If claims are added after

the election, applicant must indicate which of these claims are readable upon the

elected invention.

Should applicant traverse on the ground that the inventions are not patentably

distinct, applicant should submit evidence or identify such evidence now of record

showing the inventions to be obvious variants or clearly admit on the record that this is

the case. In either instance, if the examiner finds one of the inventions unpatentable

over the prior art, the evidence or admission may be used in a rejection under 35 U.S.C.

103(a) of the other invention.

Application/Control Number: 12/731,973                                    Page 6
Art Unit: 3688

A telephone interview was not conducted due to complexity of the restriction requirement and since the examiner knows from past experience that an election will not be made by telephone. (see MPEP 812.01).

Applicant is reminded that upon the cancellation of claims to a non-elected invention, the inventorship must be amended in compliance with 37 CFR 1.48(b) if one or more of the currently named inventors is no longer an inventor of at least one claim remaining in the application. Any amendment of inventorship must be accompanied by a request under 37 CFR 1.48(b) and by the fee required under 37 CFR 1.17(i).

Application/Control Number: 12/731,973                                         Page 7
Art Unit: 3688

    Any inquiry concerning this communication or earlier communications from the

examiner should be directed to NARESH VIG whose telephone number is (571)272-

6810.  The examiner can normally be reached on Mon-Thu 7:00 - 5:30.

    If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, John Weiss can be reached on (571) 272-6812.  The fax phone number for

the organization where this application or proceeding is assigned is 571-273-8300.

    Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


                                                    /Naresh  Vig/
December 1, 2012                                     Primary Examiner, Art Unit 3688

| *Index of Claims* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 12731973 | BOOTH ET AL. |
| | **Examiner** | **Art Unit** |
| | NARESH VIG | 3688 |

| ✓ | **Rejected** | | - | **Cancelled** | | N | **Non-Elected** | | A | **Appeal** |
|---|---|---|---|---|---|---|---|---|---|---|
| = | **Allowed** | | ÷ | **Restricted** | | I | **Interference** | | O | **Objected** |

☐ **Claims renumbered in the same order as presented by applicant**     ☐ CPA     ☐ T.D.     ☐ R.1.47

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 04/03/2012 | 12/01/2012 | | | | | | | |
| | 1 | ✓ | ÷ | | | | | | | |
| | 2 | ✓ | ÷ | | | | | | | |
| | 3 | ✓ | - | | | | | | | |
| | 4 | ✓ | ÷ | | | | | | | |
| | 5 | ✓ | ÷ | | | | | | | |
| | 6 | ✓ | ÷ | | | | | | | |
| | 7 | ✓ | ÷ | | | | | | | |
| | 8 | ✓ | ÷ | | | | | | | |
| | 9 | ✓ | ÷ | | | | | | | |
| | 10 | ✓ | ÷ | | | | | | | |
| | 11 | ✓ | - | | | | | | | |
| | 12 | ✓ | ÷ | | | | | | | |
| | 13 | ✓ | ÷ | | | | | | | |
| | 14 | ✓ | ÷ | | | | | | | |
| | 15 | ✓ | ÷ | | | | | | | |
| | 16 | ✓ | ÷ | | | | | | | |
| | 17 | ✓ | - | | | | | | | |
| | 18 | | ÷ | | | | | | | |
| | 19 | | ÷ | | | | | | | |
| | 20 | | ÷ | | | | | | | |
| | 21 | | ÷ | | | | | | | |

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | |
|---|---|---|
| In re application of: | § | Attorney Docket No.:    42129.6 |
| Timothy L. BOOTH | § | |
| | § | Group Art Unit: 3688 |
| Application No.: 12/731,973 | § | |
| | § | Examiner: Naresh Vig |
| Filed: March 25, 2010 | § | |
| | § | Confirmation No.: 2161 |
| For: SYSTEM AND METHOD OF | § | |
| ON-LINE ADVERTISING | § | |

**Mail Stop Amendment**
Commissioner For Patents
PO Box 1450
Alexandria, VA 22313-1450

## <u>RESPONSE TO OFFICE ACTION MAILED DECEMBER 4, 2012</u>

Sir:

The present paper is being submitted in response to the Office Action mailed December 4, 2012.

No fees are believed necessary for consideration of the present paper. However, if any fees are necessary, the Commissioner is hereby authorized to charge any such fees to Haynes and Boone, LLP's Deposit Account No. 08-1394.

The **Listing of Claims** begins on page 2.

**Remarks** begin on page 8.

Serial No.: 12/731,973                                                                Attorney Docket No.: 42129.6
Response to Office Action mailed December 4, 2012                                      Customer No.: 27683

**Listing of Claims:**

This listing of claims will replace all prior versions, and listings, of claims in the application:

1. (Previously presented) A method for delivering an online advertisement comprising:

displaying, in a network communication delivered to a recipient during a browsing session, an advertisement associated with a first party, wherein the advertisement contains an interactive element displayed within the advertisement, and wherein the network communication is associated with a second party;

displaying, as a result of an interaction by the recipient with the interactive element, an interface option within the advertisement;

receiving contact information inputted into the interface option by the recipient;

storing the contact information in a database;

displaying, in a further network communication delivered to a recipient, a further advertisement associated with a third party, wherein the further advertisement contains a further interactive element displayed within the further advertisement, and wherein the further network communication is associated with a fourth party;

receiving an indication that the recipient activated the further interactive element displayed within the further advertisement; and

delivering additional information associated with the further advertisement to the recipient using the contact information.

2. (Original) The method of claim 1, wherein the interface option is a text field that is displayed within the advertisement.

3. (Canceled).

4. (Original) The method of claim 1, further comprising sending a confirmation message to the recipient using the contact information.

5. (Previously presented) The method of claim 1, further comprising:

Serial No.: 12/731,973                                              Attorney Docket No.: 42129.6
Response to Office Action mailed December 4, 2012                              Customer No.: 27683

displaying a second interface option within the advertisement, wherein the second interface option displays a delivery preference selectable by the recipient;

receiving the delivery preference in the second interface option; and

storing the delivery preference in a database;

wherein delivering additional information associated with the further advertisement is based in part on the delivery preference.

6. (Previously presented) The method of claim 1, wherein delivering additional information includes:

querying an identifier stored on a computer associated with the recipient;

identifying an email address associated with the identifier; and

sending advertising information to the email address.

7. (Original) The method of claim 6, wherein the identifier is stored in response to a confirmation message sent to the recipient using the contact information.

8. (Original) The method of claim 6, wherein the email address is entered by the recipient in response to a confirmation message sent to the recipient using the contact information.

9. (Previously presented) A plurality of computer-executable instructions stored on a computer readable medium for execution by a processor of a computer, wherein upon execution the instructions enable the computer to perform a method for delivering an online advertisement, the plurality of instructions comprising:

instructions for displaying, in a network communication delivered to a recipient during a browsing session, an advertisement associated with a first party, wherein the advertisement contains an interactive element displayed within the advertisement, and wherein the network communication is associated with a second party;

instructions for displaying, as a result of an interaction by the recipient with the interactive element, an interface option within the advertisement;

Serial No.: 12/731,973                                                                    Attorney Docket No.: 42129.6
Response to Office Action mailed December 4, 2012                                      Customer No.: 27683

instructions for receiving contact information inputted into the interface option by the recipient;

instructions for storing the contact information in a database;

instructions for displaying, in a further network communication delivered to a recipient, a further advertisement associated with a third party, wherein the further advertisement contains a further interactive element displayed within the further advertisement, and wherein the further network communication is associated with a fourth party;

instructions for receiving an indication that the recipient activated the further interactive element displayed within the further advertisement; and

instructions for delivering additional information associated with the further advertisement to the recipient using the contact information.

10. (Original) The plurality of instructions of claim 9, wherein the interface option is a text field that is displayed within the advertisement.

11. (Canceled).

12. (Original) The plurality of instructions of claim 9, further comprising instructions for sending a confirmation message to the recipient using the contact information.

13. (Previously presented) The plurality of instructions of claim 9, further comprising:

instructions for displaying a second interface option within the advertisement, wherein the second interface option displays a delivery preference selectable by the recipient;

instructions for receiving the delivery preference in the second interface option; and

instructions for storing the delivery preference in a database;

wherein the instructions for delivering additional information associated with the further advertisement are based in part on the delivery preference.

14. (Previously presented) The plurality of instructions of claim 9, wherein the instructions for delivering additional information include:

instructions for querying an identifier stored on a computer associated with the recipient;

Serial No.: 12/731,973                                                                          Attorney Docket No.: 42129.6
Response to Office Action mailed December 4, 2012                                      Customer No.: 27683

instructions for identifying an email address associated with the identifier; and
instructions for sending advertising information to the email address.

15. (Original) The method of claim 14, wherein the identifier is stored in response to a
confirmation message sent to the recipient using the contact information.

16. (Original) The method of claim 14, wherein the email address is entered by the
recipient in response to a confirmation message sent to the recipient using the contact
information.

17. (Canceled).

18. (Previously presented) A method of online advertising, comprising:
providing an advertisement associated with a first party for display in a network
communication delivered to a computing device of a recipient during a browsing session,
wherein the advertisement contains an interactive element displayed within the advertisement,
and wherein the network communication is associated with a second party different than the first
party;
receiving an indication that the recipient activated the interactive element displayed
within the advertisement;
determining, in response to the receiving the indication, whether an identifier containing
unique identifying information about the recipient is present on the computing device;
if the identifier containing unique identifying information about the recipient is not
present on the computing device:
causing a text field to be displayed in at least a portion of the advertisement;
receiving contact information inputted into the text field by the recipient;
generating a user profile associated with the recipient based on the contact
information; and
causing an identifier associated with the user profile to be stored on the
computing device of the recipient; and

if the identifier containing unique identifying information about the recipient is present on the computing device:

retrieving a user profile associated with the recipient from a visitor information database using at least a portion of the identifier, wherein the user profile comprises at least delivery method preferences and demographic information;

retrieving additional information associated with the advertisement based on at least a portion of the user profile associated with the recipient;

delivering the additional information to the recipient based on the delivery method preferences, the delivering being performed without interrupting the browsing session of the recipient; and

recording the activation by the recipient of the interactive element as recipient tracking data in an analytics server, the recipient tracking data being associated with the unique identifying information about the recipient.


19. (Previously presented) The method of claim 18, further including:

causing an interface option to be displayed in at least a portion of the advertisement, wherein the interface option includes a plurality of delivery methods selectable by the recipient;

receiving an indication of at least one delivery method selected by the recipient; and

updating the delivery method preferences in the user profile of the recipient to reflect the at least one delivery method selected by the recipient.


20. (Previously presented) The method of claim 18, further including:

causing a plurality of selectable delivery preference options to be displayed in at least a portion of the advertisement, the plurality of selectable delivery preference options including types of additional information available for delivery to the recipient;

receiving an indication of at least one delivery preference selected by the recipient; and

updating the user profile of the recipient to reflect the at least one delivery preference selected by the recipient.


21. (Previously presented) The method of claim 18, further including:

providing a further advertisement associated with a third party for display in a further network communication delivered to the computing device of the recipient, wherein the further advertisement contains a further interactive element displayed within the further advertisement, and wherein the further network communication is associated with a fourth party different than the third party;

receiving an indication that the recipient activated the further interactive element displayed within the further advertisement;

if the identifier containing unique identifying information about the recipient is present on the computing device:

retrieving the user profile associated with the recipient from the visitor information database using at least a portion of the identifier;

retrieving further additional information associated with the further advertisement based on at least a portion of the user profile associated with the recipient;

delivering the further additional information to the recipient based on the delivery method preferences, the delivering being performed without interrupting the browsing session of the recipient; and

recording the activation by the recipient of the further interactive element as recipient tracking data in the analytics server.

Serial No.: 12/731,973                                                                Attorney Docket No.: 42129.6
Response to Office Action mailed December 4, 2012                                              Customer No.: 27683

## REMARKS

Claims 1, 2, 4-10, 12-16 and 18-21 are pending in the present application. The Office Action requires election between the inventions set forth in the following groups:

I.   Claims 1, 2, 4-10, 12-16, drawn to system and method for delivering an online advertisement, classified in class 705, subclass 14.73; and

II.  Claims 18-21, drawn to system and method for delivering an online advertisement, classified in class 705, subclass 14.73.

Applicants hereby elect group II (claims 18-21) with traverse. In that regard, MPEP § 803 clearly states that:

> There are <u>two criteria</u> for a proper requirement for restriction between patentably distinct inventions:
>
> (A) The inventions must be independent (see MPEP § 802.01, § 806.06, § 808.01) or distinct as claimed (see MPEP § 806.05 - § 806.05(j)); <u>and</u>
>
> (B) <u>There would be a serious burden on the examiner if restriction is not required</u> (see MPEP § 803.02, § 808, and § 808.02). (emphasis added)

In the present application, Applicants respectfully submit that there would not be a serious burden on the Examiner if the inventions of groups I and II were considered together. Should the Examiner have any questions or comments, the Examiner is invited to call the undersigned attorney.

Respectfully submitted,

Dated: _Jan 3, 2013_

HAYNES AND BOONE, LLP
Customer No. 27683
Telephone: 972/739-8639
Facsimile: 214/200-0853
Client Matter No.: 42129.6

Andrew S. Ehmke
Reg. No. 50,271

File: R-322715_1.doc

**Certificate of Service**

I hereby certify that this correspondence is being filed with the U.S. Patent and Trademark Office via EFS-Web on _January 3, 2013_

Jan Cleveland

8

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 14605517 |
| **Application Number:** | 12731973 |
| **International Application Number:** | |
| **Confirmation Number:** | 2161 |
| **Title of Invention:** | System and Method of On-line Advertising |
| **First Named Inventor/Applicant Name:** | Timothy L. Booth |
| **Customer Number:** | 27683 |
| **Filer:** | Andrew s. Ehmke/jan cleveland |
| **Filer Authorized By:** | Andrew s. Ehmke |
| **Attorney Docket Number:** | 42129.6 |
| **Receipt Date:** | 03-JAN-2013 |
| **Filing Date:** | 25-MAR-2010 |
| **Time Stamp:** | 12:58:35 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 42129-6response.pdf | 331207 <br> a469cd725bdb1f3f54d36fd37d6e3ba8cbb2dbee | yes | 8 |

**Multipart Description/PDF files in .zip description**

| Document Description | Start | End |
|---|---|---|
| Response to Election / Restriction Filed | 1 | 1 |
| Claims | 2 | 7 |
| Applicant Arguments/Remarks Made in an Amendment | 8 | 8 |

| **Warnings:** | |
|---|---|
| **Information:** | |
| **Total Files Size (in bytes):** | 331207 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/SB/06 (07-06)
Approved for use through 1/31/2007. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>12/731,973 | Filing Date<br>03/25/2010 | ☐ To be Mailed |
|---|---|---|---|

## APPLICATION AS FILED – PART I

| | | | SMALL ENTITY ☒ | OR | OTHER THAN<br>SMALL ENTITY | |
|---|---|---|---|---|---|---|
| FOR | NUMBER FILED<br>(Column 1) | NUMBER EXTRA<br>(Column 2) | RATE ($) | FEE ($) | RATE ($) | FEE ($) |
| ☐ BASIC FEE<br>(37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | N/A | |
| ☐ SEARCH FEE<br>(37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | N/A | |
| ☐ EXAMINATION FEE<br>(37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | N/A | |
| TOTAL CLAIMS<br>(37 CFR 1.16(i)) | minus 20 = | * | X $ = | | X $ = | OR |
| INDEPENDENT CLAIMS<br>(37 CFR 1.16(h)) | minus 3 = | * | X $ = | | X $ = | |
| ☐ APPLICATION SIZE FEE<br>(37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $250 ($125 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | TOTAL | |

## APPLICATION AS AMENDED – PART II

| | | (Column 1) | (Column 2) | (Column 3) | SMALL ENTITY | | OR | OTHER THAN<br>SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|---|
| **AMENDMENT** | **01/03/2013** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) | | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 18 | Minus ** 21 | = 0 | X $31 = | 0 | OR | X $ = | |
| | Independent (37 CFR 1.16(h)) | * 3 | Minus *** 3 | = 0 | X $125 = | 0 | OR | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | OR | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | **0** | OR | TOTAL ADD'L FEE | |

| | | (Column 1) | (Column 2) | (Column 3) | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **AMENDMENT** | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) | | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * | Minus ** | = | X $ = | | OR | X $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | X $ = | | OR | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | OR | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

Legal Instrument Examiner:
/KIMBERLY PANNELL/

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/731,973 | 03/25/2010 | Timothy L. Booth | 42129.6 | 2161 |

27683          7590          03/14/2013
HAYNES AND BOONE, LLP
IP Section
2323 Victory Avenue
Suite 700
Dallas, TX 75219

| EXAMINER |
|---|
| VIG, NARESH |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3688 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 03/14/2013 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

| *Office Action Summary* | Application No. | Applicant(s) |
| | 12/731,973 | BOOTH ET AL. |
| | Examiner | Art Unit | |
| | NARESH VIG | 3688 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE _1_ MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a).  In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment.  See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on _03 January 2013_.

2a)☐ This action is **FINAL**.          2b)☐ This action is non-final.

3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____ ; the restriction requirement and election have been incorporated into this action.

4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

5)☒ Claim(s) _1,2,4-10,12-16 and 18-21_ is/are pending in the application.

  5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6)☐ Claim(s) _____ is/are allowed.

7)☐ Claim(s) _____ is/are rejected.

8)☐ Claim(s) _____ is/are objected to.

9)☒ Claim(s) _1,2,4-10,12-16 and 18-21_ are subject to restriction and/or election requirement.

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

**Application Papers**

10)☐ The specification is objected to by the Examiner.

11)☐ The drawing(s) filed on _____ is/are:  a)☐ accepted or b)☐ objected to by the Examiner.

  Applicant may not request that any objection to the drawing(s) be held in abeyance.  See 37 CFR 1.85(a).

  Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

  a)☐ All  b)☐ Some * c)☐ None of:

  1.☐ Certified copies of the priority documents have been received.

  2.☐ Certified copies of the priority documents have been received in Application No. _____ .

  3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

  * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☐ Notice of References Cited (PTO-892)

2)☐ Information Disclosure Statement(s) (PTO/SB/08) Paper No(s)/Mail Date _____.

3)☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____ .

4)☐ Other: _____.

Application/Control Number: 12/731,973                                    Page 2
Art Unit: 3688

## DETAILED ACTION

This is in reference to communication received 03 January 3013. Claims 1 – 2, 4 – 10, 12 – 16 and 18 – 21 are pending for examination.

### *Election/Restrictions*

Restriction to one of the following inventions is required under 35 U.S.C. 121:

I.      Claims 1 – 2, 4 – 10 and 12 – 16, (invention as originally presented) drawn to system and method for delivering an online advertisement by displaying an advertisement associated with a first party, wherein the advertisement contains an interactive element displayed within the advertisement, and wherein the network communication is associated with a second party; displaying an interface option within the advertisement; receiving contact information inputted into the interface option by the recipient; displaying, a further advertisement associated with a third party, wherein the further advertisement contains a further interactive element displayed within the further advertisement, and wherein the further network communication is associated with a fourth party; delivering additional information associated with the further advertisement to the recipient using the contact information, classified in class 705, subclass 14.73.

II.     Claims 18 – 21, (newly added claims) drawn to system and method for online advertising by providing an advertisement associated with a first

Application/Control Number: 12/731,973                                    Page 3
Art Unit: 3688

> party for display in a network communication delivered to a computing
> device of a recipient during a browsing session; determining, whether
> unique identifying information about the recipient is not present on the
> computing device; receiving contact information; generating a user profile
> associated with the recipient based on the contact information; and if the
> identifier containing unique identifying information about the recipient is
> present on the computing device: <u>retrieving a user profile associated with
> the recipient from a visitor information database using at least a portion of
> the identifier</u>; <u>retrieving additional information associated with the
> advertisement based on at least a portion of the user profile associated
> with the recipient</u>; delivering the additional information to the recipient
> based on the delivery method preferences, and <u>recording the activation by
> the recipient of the interactive element as recipient tracking data in an
> analytics server</u>, classified in class 705, subclass 14.73.

The inventions are distinct, each from the other because of the following reasons:

Inventions I – II are related as <u>subcombinations disclosed as usable together in a
single combination.</u>  The subcombinations are distinct if they do not overlap in scope
and are not obvious variants, and if it is shown that at least one subcombination is
separately usable.  In the instant case,

subcombination I has separate utility such as system and method for delivering
an online advertisement (from first advertiser) by delivering to a recipient during a

Application/Control Number: 12/731,973                                    Page 4
Art Unit: 3688

browsing session, an advertisement associated with a first party, when the recipient

interacts with the advertisement, an interface is displayed to the recipient in which the

user inputs contact information. Same process is conducted for a second advertiser (i.e.

contact information of the recipient are collected and stored on a server which is remote

from the recipient device). In future displaying of advertisements, when the user

activates an interactive element in the displayed advertisement, additional information

associated with the further advertisement is delivered and displayed to the recipient

using the contact information (stored contact information on the server). **Invention as**

**originally claimed does not store the recipient contact information on the**

**computing device of the recipient** (e.g. cookies stored on recipient device)

subcombination II has separate utility such as storing a cookie stored on the

recipient computing device, user profile associated with the recipient from a visitor

information database is retrieved using at least a portion of the identifier (which is stored

as a cookie), additional information associated with the advertisement based on at least

a portion of the user profile associated with the recipient is retrieved; and an analytics

server tracks activation of the advertisement by the recipient and associates it with the

unique identifying information about the recipient.

This clearly shows that the random broadcast of advertisement to recipients and

providing additional information related to the broadcasted advertisement when the

recipient activates an interactive indicator (invention as originally filed ) is different than

providing advertising content to the recipient by extracting the information stored on the

computing device of the recipient, and based on the content stored on the cookie, target advertisement is sent to said recipient (New Invention).

If the applicant still believes that the two claimed inventions are not distinct, applicant is requested to explain their reason why the inventions as claimed are not distinct (e.g. why user specific target advertising and general broadcast advertising are same in scope for the claimed invention).

Restriction for examination purposes as indicated is proper because all these inventions listed in this action are independent or distinct for the reasons given above and there would be a serious search and/or examination burden if restriction were not required because at least the following reason(s) apply:

(a) the inventions have acquired a separate status in the art in view of their different classification;

(b) the inventions have acquired a separate status in the art due to their recognized divergent subject matter;

(c) the inventions require a different field of search (for example, searching different classes/subclasses or electronic resources, or employing different search queries);

(d) the prior art applicable to one invention would not likely be applicable to another invention;

(e) the inventions are likely to raise different non-prior art issues under 35 U.S.C. 101 and/or 35 U.S.C. 112, first paragraph.

Application/Control Number: 12/731,973                                      Page 6
Art Unit: 3688

**Applicant is advised that the reply to this requirement to be complete <u>must</u> include (i) an election of a invention to be examined** even though the requirement may be traversed (37 CFR 1.143) **and (ii) identification of the claims encompassing the elected invention**.

The election of an invention may be made with or without traverse. To reserve a right to petition, the election must be made with traverse. If the reply does not distinctly and specifically point out supposed errors in the restriction requirement, the election shall be treated as an election without traverse. Traversal must be presented at the time of election in order to be considered timely. Failure to timely traverse the requirement will result in the loss of right to petition under 37 CFR 1.144. If claims are added after the election, applicant must indicate which of these claims are readable upon the elected invention.

Should applicant traverse on the ground that the inventions are not patentably distinct, applicant should submit evidence or identify such evidence now of record showing the inventions to be obvious variants or clearly admit on the record that this is the case. In either instance, if the examiner finds one of the inventions unpatentable over the prior art, the evidence or admission may be used in a rejection under 35 U.S.C. 103(a) of the other invention.

A telephone interview was not conducted due to complexity of the restriction requirement and since the examiner knows from past experience that an election will not be made by telephone. (see MPEP 812.01).

Application/Control Number: 12/731,973                                          Page 7
Art Unit: 3688

Applicant is reminded that upon the cancellation of claims to a non-elected invention, the inventorship must be amended in compliance with 37 CFR 1.48(b) if one or more of the currently named inventors is no longer an inventor of at least one claim remaining in the application. Any amendment of inventorship must be accompanied by a request under 37 CFR 1.48(b) and by the fee required under 37 CFR 1.17(i).

Application/Control Number: 12/731,973                                    Page 8
Art Unit: 3688

Any inquiry concerning this communication or earlier communications from the examiner should be directed to NARESH VIG whose telephone number is (571)272-6810.  The examiner can normally be reached on Mon-Thu 7:00 - 5:30.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, John Weiss can be reached on (571) 272-6812.  The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system.  Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

                                                /Naresh  Vig/
March 9, 2013                                   Primary Examiner, Art Unit 3688

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | |
|---|---|---|
| In re application of: | § | Attorney Docket No.:   42129.6 |
| Timothy L. BOOTH | § | |
| | § | Group Art Unit: 3688 |
| Application No.: 12/731,973 | § | |
| | § | Examiner:  Naresh Vig |
| Filed:  March 25, 2010 | § | |
| | § | Confirmation No.: 2161 |
| For:  SYSTEM AND METHOD OF | § | |
| ON-LINE ADVERTISING | § | |

**Mail Stop Amendment**
Commissioner For Patents
PO Box 1450
Alexandria, VA  22313-1450

## RESPONSE TO OFFICE ACTION MAILED MARCH 14, 2014

Sir:

The present paper is being submitted in response to the Office Action mailed March 14, 2013.

No fees are believed necessary for consideration of the present paper.  However, if any fees are necessary, the Commissioner is hereby authorized to charge any such fees to Haynes and Boone, LLP's Deposit Account No. 08-1394.

The **Listing of Claims** begins on page 2.

**Remarks** begin on page 8.

## Listing of Claims:

This listing of claims will replace all prior versions, and listings, of claims in the application:

1. (Previously presented) A method for delivering an online advertisement comprising:

displaying, in a network communication delivered to a recipient during a browsing session, an advertisement associated with a first party, wherein the advertisement contains an interactive element displayed within the advertisement, and wherein the network communication is associated with a second party;

displaying, as a result of an interaction by the recipient with the interactive element, an interface option within the advertisement;

receiving contact information inputted into the interface option by the recipient;

storing the contact information in a database;

displaying, in a further network communication delivered to a recipient, a further advertisement associated with a third party, wherein the further advertisement contains a further interactive element displayed within the further advertisement, and wherein the further network communication is associated with a fourth party;

receiving an indication that the recipient activated the further interactive element displayed within the further advertisement; and

delivering additional information associated with the further advertisement to the recipient using the contact information.

2. (Original) The method of claim 1, wherein the interface option is a text field that is displayed within the advertisement.

3. (Canceled).

4. (Original) The method of claim 1, further comprising sending a confirmation message to the recipient using the contact information.

5. (Previously presented) The method of claim 1, further comprising:

Application No.: 12/731,973
Response to Office Action mailed March 14, 2013

Attorney Docket No.: 42129.6
Customer No.: 27683

displaying a second interface option within the advertisement, wherein the second interface option displays a delivery preference selectable by the recipient;

receiving the delivery preference in the second interface option; and

storing the delivery preference in a database;

wherein delivering additional information associated with the further advertisement is based in part on the delivery preference.

6. (Previously presented) The method of claim 1, wherein delivering additional information includes:

querying an identifier stored on a computer associated with the recipient;

identifying an email address associated with the identifier; and

sending advertising information to the email address.

7. (Original) The method of claim 6, wherein the identifier is stored in response to a confirmation message sent to the recipient using the contact information.

8. (Original) The method of claim 6, wherein the email address is entered by the recipient in response to a confirmation message sent to the recipient using the contact information.

9. (Previously presented) A plurality of computer-executable instructions stored on a computer readable medium for execution by a processor of a computer, wherein upon execution the instructions enable the computer to perform a method for delivering an online advertisement, the plurality of instructions comprising:

instructions for displaying, in a network communication delivered to a recipient during a browsing session, an advertisement associated with a first party, wherein the advertisement contains an interactive element displayed within the advertisement, and wherein the network communication is associated with a second party;

instructions for displaying, as a result of an interaction by the recipient with the interactive element, an interface option within the advertisement;

3

instructions for receiving contact information inputted into the interface option by the recipient;

instructions for storing the contact information in a database;

instructions for displaying, in a further network communication delivered to a recipient, a further advertisement associated with a third party, wherein the further advertisement contains a further interactive element displayed within the further advertisement, and wherein the further network communication is associated with a fourth party;

instructions for receiving an indication that the recipient activated the further interactive element displayed within the further advertisement; and

instructions for delivering additional information associated with the further advertisement to the recipient using the contact information.

10. (Original) The plurality of instructions of claim 9, wherein the interface option is a text field that is displayed within the advertisement.

11. (Canceled).

12. (Original) The plurality of instructions of claim 9, further comprising instructions for sending a confirmation message to the recipient using the contact information.

13. (Previously presented) The plurality of instructions of claim 9, further comprising:

instructions for displaying a second interface option within the advertisement, wherein the second interface option displays a delivery preference selectable by the recipient;

instructions for receiving the delivery preference in the second interface option; and

instructions for storing the delivery preference in a database;

wherein the instructions for delivering additional information associated with the further advertisement are based in part on the delivery preference.

14. (Previously presented) The plurality of instructions of claim 9, wherein the instructions for delivering additional information include:

instructions for querying an identifier stored on a computer associated with the recipient;

4

Application No.: 12/731,973                                          Attorney Docket No.: 42129.6
Response to Office Action mailed March 14, 2013                         Customer No.: 27683

instructions for identifying an email address associated with the identifier; and

instructions for sending advertising information to the email address.

15. (Original) The method of claim 14, wherein the identifier is stored in response to a confirmation message sent to the recipient using the contact information.

16. (Original) The method of claim 14, wherein the email address is entered by the recipient in response to a confirmation message sent to the recipient using the contact information.

17. (Canceled).

18. (Previously presented) A method of online advertising, comprising:

providing an advertisement associated with a first party for display in a network communication delivered to a computing device of a recipient during a browsing session, wherein the advertisement contains an interactive element displayed within the advertisement, and wherein the network communication is associated with a second party different than the first party;

receiving an indication that the recipient activated the interactive element displayed within the advertisement;

determining, in response to the receiving the indication, whether an identifier containing unique identifying information about the recipient is present on the computing device;

if the identifier containing unique identifying information about the recipient is not present on the computing device:

causing a text field to be displayed in at least a portion of the advertisement;

receiving contact information inputted into the text field by the recipient;

generating a user profile associated with the recipient based on the contact information; and

causing an identifier associated with the user profile to be stored on the computing device of the recipient; and

Application No.: 12/731,973                                      Attorney Docket No.: 42129.6
Response to Office Action mailed March 14, 2013                        Customer No.: 27683

if the identifier containing unique identifying information about the recipient is present on the computing device:

retrieving a user profile associated with the recipient from a visitor information database using at least a portion of the identifier, wherein the user profile comprises at least delivery method preferences and demographic information;

retrieving additional information associated with the advertisement based on at least a portion of the user profile associated with the recipient;

delivering the additional information to the recipient based on the delivery method preferences, the delivering being performed without interrupting the browsing session of the recipient; and

recording the activation by the recipient of the interactive element as recipient tracking data in an analytics server, the recipient tracking data being associated with the unique identifying information about the recipient.

19.  (Previously presented) The method of claim 18, further including:

causing an interface option to be displayed in at least a portion of the advertisement, wherein the interface option includes a plurality of delivery methods selectable by the recipient;

receiving an indication of at least one delivery method selected by the recipient; and

updating the delivery method preferences in the user profile of the recipient to reflect the at least one delivery method selected by the recipient.

20.  (Previously presented) The method of claim 18, further including:

causing a plurality of selectable delivery preference options to be displayed in at least a portion of the advertisement, the plurality of selectable delivery preference options including types of additional information available for delivery to the recipient;

receiving an indication of at least one delivery preference selected by the recipient; and

updating the user profile of the recipient to reflect the at least one delivery preference selected by the recipient.

21.  (Previously presented) The method of claim 18, further including:

providing a further advertisement associated with a third party for display in a further network communication delivered to the computing device of the recipient, wherein the further advertisement contains a further interactive element displayed within the further advertisement, and wherein the further network communication is associated with a fourth party different than the third party;

receiving an indication that the recipient activated the further interactive element displayed within the further advertisement;

if the identifier containing unique identifying information about the recipient is present on the computing device:

retrieving the user profile associated with the recipient from the visitor information database using at least a portion of the identifier;

retrieving further additional information associated with the further advertisement based on at least a portion of the user profile associated with the recipient;

delivering the further additional information to the recipient based on the delivery method preferences, the delivering being performed without interrupting the browsing session of the recipient; and

recording the activation by the recipient of the further interactive element as recipient tracking data in the analytics server.

Application No.: 12/731,973                                                                    Attorney Docket No.: 42129.6
Response to Office Action mailed March 14, 2013                                              Customer No.: 27683

## REMARKS

Claims 1, 2, 4-10, 12-16 and 18-21 are pending in the present application. The Office Action requires election between the inventions set forth in the following groups:

I.   Claims 1, 2, 4-10, 12-16, drawn to system and method for delivering an online advertisement, classified in class 705, subclass 14.73; and

II.  Claims 18-21, drawn to system and method for delivering an online advertisement, classified in class 705, subclass 14.73.

Applicants hereby elect group II (claims 18-21) with traverse. In that regard, MPEP § 803 clearly states that:

> There are <u>two criteria</u> for a proper requirement for restriction between patentably distinct inventions:
>
> (A) The inventions must be independent (see MPEP § 802.01, § 806.06, § 808.01) or distinct as claimed (see MPEP § 806.05 - § 806.05(j)); <u>and</u>
>
> (B) <u>There would be a serious burden on the examiner if restriction is not required</u> (see MPEP § 803.02, § 808, and § 808.02). (emphasis added)

In the present application, Applicants respectfully submit that there would not be a serious burden on the Examiner if the inventions of groups I and II were considered together. Should the Examiner have any questions or comments, the Examiner is invited to call the undersigned attorney.

The present Office Action contains characterizations of the claims with which Applicants do not necessarily agree. Unless expressly noted otherwise, Applicants decline to subscribe to any statement or characterization in the Office Action.

Application No.: 12/731,973                                   Attorney Docket No.: 42129.6
Response to Office Action mailed March 14, 2013                      Customer No.: 27683

Respectfully submitted,

Dated: _4/2/13_

Andrew S. Ehmke
Reg. No. 50,271

HAYNES AND BOONE, LLP
Customer No. 27683
Telephone: 972/739-8639
Facsimile: 214/200-0853
Client Matter No.: 42129.6

File: R-330495_1.doc

**Certificate of Service**

I hereby certify that this correspondence is being filed with the U.S. Patent and Trademark Office via EFS-Web on *4-2-13*.

Carol Marstaller

Carol Marstaller

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 15413604 |
| **Application Number:** | 12731973 |
| **International Application Number:** | |
| **Confirmation Number:** | 2161 |
| **Title of Invention:** | System and Method of On-line Advertising |
| **First Named Inventor/Applicant Name:** | Timothy L. Booth |
| **Customer Number:** | 27683 |
| **Filer:** | Andrew s. Ehmke/Carol Marstaller |
| **Filer Authorized By:** | Andrew s. Ehmke |
| **Attorney Docket Number:** | 42129.6 |
| **Receipt Date:** | 02-APR-2013 |
| **Filing Date:** | 25-MAR-2010 |
| **Time Stamp:** | 16:34:34 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Amendment/Req. Reconsideration-After Non-Final Reject | 42129-6_Response.pdf | 371334 <br> 08fed677b28f0c2711ce251ba4e14060a41a 8d5b | no | 9 |

**Warnings:**

**Information:**

**Total Files Size (in bytes):**                                                371334

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/SB/06 (07-06)
Approved for use through 1/31/2007. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD Substitute for Form PTO-875 | Application or Docket Number 12/731,973 | Filing Date 03/25/2010 | ☐ To be Mailed |
|---|---|---|---|

## APPLICATION AS FILED – PART I

| | (Column 1) | (Column 2) | SMALL ENTITY ☒ | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) | | RATE ($) | FEE ($) |
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | X $ = | | OR | X $ = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | X $ = | | | X $ = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $250 ($125 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | | TOTAL | |

## APPLICATION AS AMENDED – PART II

| | | (Column 1) | | (Column 2) | (Column 3) | SMALL ENTITY | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|---|---|
| | 04/02/2013 | CLAIMS REMAINING AFTER AMENDMENT | | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) | | RATE ($) | ADDITIONAL FEE ($) |
| AMENDMENT | Total (37 CFR 1.16(i)) | * 18 | Minus | ** 21 | = 0 | X $40 = | 0 | OR | X $ = | |
| | Independent (37 CFR 1.16(h)) | * 3 | Minus | *** 3 | = 0 | X $210 = | 0 | OR | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | | |
| | | | | | | TOTAL ADD'L FEE | 0 | OR | TOTAL ADD'L FEE | |

| | | (Column 1) | | (Column 2) | (Column 3) | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | CLAIMS REMAINING AFTER AMENDMENT | | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) | | RATE ($) | ADDITIONAL FEE ($) |
| AMENDMENT | Total (37 CFR 1.16(i)) | * | Minus | ** | = | X $ = | | OR | X $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | X $ = | | OR | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | | |
| | | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

Legal Instrument Examiner:
/RENEE COLLINS/

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/731,973 | 03/25/2010 | Timothy L. Booth | 42129.6 | 2161 |

27683            7590          06/04/2013
HAYNES AND BOONE, LLP
IP Section
2323 Victory Avenue
Suite 700
Dallas, TX 75219

| EXAMINER |
|---|
| VIG, NARESH |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3688 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 06/04/2013 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

| **Office Action Summary** | **Application No.**<br>12/731,973 | **Applicant(s)**<br>BOOTH ET AL. | |
|---|---|---|---|
| | **Examiner**<br>NARESH VIG | **Art Unit**<br>3688 | **AIA (First Inventor to File)**<br>**Status**<br>No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

### Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

### Status

1) ☒ Responsive to communication(s) filed on <u>2 April 2013</u>.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a) ☒ This action is **FINAL**.   2b) ☐ This action is non-final.

3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

### Disposition of Claims

5) ☒ Claim(s) <u>18-21</u> is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☒ Claim(s) <u>18-21</u> is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

\* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

### Application Papers

10) ☐ The specification is objected to by the Examiner.

11) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

### Priority under 35 U.S.C. § 119

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

**Certified copies:**

a) ☐ All  b) ☐ Some *  c) ☐ None of the:

1. ☐ Certified copies of the priority documents have been received.

2. ☐ Certified copies of the priority documents have been received in Application No. _____.

3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

\* See the attached detailed Office action for a list of the certified copies not received.

**Interim copies:**

a) ☐ All  b) ☐ Some  c) ☐ None of the:  Interim copies of the priority documents have been received.

### Attachment(s)

1) ☒ Notice of References Cited (PTO-892)

2) ☐ Information Disclosure Statement(s) (PTO/SB/08)
   Paper No(s)/Mail Date _____.

3) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date. _____ .

4) ☐ Other: _____.

Application/Control Number: 12/731,973                                    Page 2
Art Unit: 3688

## DETAILED ACTION

### *Election/Restrictions*

Applicant's election with traverse of claims 18 - 21 in the reply filed on 02 April
2013 is acknowledged. The traversal is on the ground(s) that there would not be burden
on examiner.  This is not found persuasive because why the inventions are distinct has
been communicated to the applicant in communication mailed 14 March 2013. The
requirement is still deemed proper and is therefore made FINAL.

### *Claim Rejections - 35 USC § 112*

The following is a quotation of 35 U.S.C. 112(b):

> (B)  CONCLUSION.—The specification shall conclude with one or more claims particularly pointing
> out and distinctly claiming the subject matter which the inventor or a joint inventor regards as the
> invention.

> The following is a quotation of 35 U.S.C. 112 (pre-AIA), second paragraph:

> The specification shall conclude with one or more claims particularly pointing out and distinctly
> claiming the subject matter which the applicant regards as his invention.

Claims 18 – 21 are rejected under 35 U.S.C. 112(b) or 35 U.S.C. 112 (pre-AIA),
second paragraph, as being vague to particularly point out and distinctly claim the
subject matter which the inventor or a joint inventor, or for pre-AIA the applicant regards
as the invention. Applicant recites "recording the activation by the recipient of the
interactive element as recipient tracking data in an analytics server, the recipient
tracking data being associated with the unique identifying information about the

Application/Control Number: 12/731,973                                          Page 3
Art Unit: 3688

recipient". Applicant has not positively claimed how said tracking of user activation of

advertisements is tied to the claimed invention because said collected tracking

information is not used in the claimed invention. As currently claimed, it is deemed that

said tracking of user interaction with the advertisement is an insignificant activity.

### *Claim Rejections - 35 USC § 103*

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

**Claims 18 – 21 are rejected under 35 U.S.C. 103(a) as being unpatentable**

**over Elliott et al. US Publication 2006/0149630 in view of Crespo et al. US**

**Publication 2011/0246593**.

Regarding claim 18, Elliott teaches capability and concept of system and method

for providing advertisements to recipient and allow the recipient to obtain further

information to the recipient using their contact information [Elliott, 0009, Fig. 3 and

associated disclosure]. Elliott teaches capability and concept for:

providing an advertisement associated with a first party (advertiser) for display in a network communication delivered to a computing device of a recipient during a browsing session, wherein the advertisement contains an interactive element displayed within the advertisement, and wherein the network communication is associated with a second party different than the first party (advertising intermediary) [Elliott, Fig. 3 and associated disclosure];

receiving an indication that the recipient activated the interactive element displayed within the advertisement [Elliott, Fig. 3 and associated disclosure];

determining, in response to the receiving the indication, whether an identifier containing unique identifying information about the recipient is present on the computing device (**using of cookies to identify recipients which is stored on recipients computing device is an old and known technology used by businesses in advertising industry**); Crespo teaches capability and concept of system and method for managing communication between merchant and recipients [Crespo, 0005]. Crespo teaches capability and concept for determining whether unique identifying information is present for the user [Crespo, Fig. 7 and associated disclosure].

Therefore, at the time of invention, it would have been obvious to one of ordinary skill in the art to modify Elliott by adopting teachings of Crespo to maintain privacy of recipients; minimize spam recipient by recipients; apply a known technique to a known device (method, or product) ready for improvement to yield predictable results; known work in one field of endeavor may prompt variations of it for use in either the same field

or a different one based on design incentives or other market forces if the variations

would have been predictable to one of ordinary skill in the art.

Elliott in view of Crespo teaches capability and concept for:

if the identifier containing unique identifying information about the recipient is not

present on the computing device [Crespo, Fig. 7 and associated disclosure]:

causing a text field to be displayed in at least a portion of the advertisement

(**soliciting recipients to become subscribing members of service provider's

services by acquiring their contact information is old and known business

practice**). Crespo teaches capability and concept for soliciting user to get permission

for creating record of contact information to be used for communication [Crespo, Fig. 7

and associated disclosure];

receiving contact information inputted into the text field by the recipient (Crespo

teaches capability for using recipient's email address) [Crespo, Fig. 7 and associated

disclosure];

generating a user profile associated with the recipient based on the contact

information [Crespo, Fig. 7 and associated disclosure]; and

causing an identifier associated with the user profile to be stored on the

computing device of the recipient (**using of cookies to identify recipients which is

stored on recipients computing device is an old and known technology used by

businesses in advertising industry**) [Crespo, Fig. 3 and associated disclosure]; and

if the identifier containing unique identifying information about the recipient is

present on the computing device [Crespo, Fig. 7 and associated disclosure]:

retrieving a user profile associated with the recipient from a visitor information

database using at least a portion of the identifier, wherein the user profile comprises at

least delivery method preferences and demographic information [Crespo, Fig. 7 and

associated disclosure];

retrieving additional information associated with the advertisement based on at

least a portion of the user profile associated with the recipient [Elliott, Fig. 3 and

associated disclosure];

delivering the additional information to the recipient based on the delivery method

preferences, the delivering being performed without interrupting the browsing session of

the recipient [Elliott, Fig. 3 and associated disclosure]; and

recording the activation by the recipient of the interactive element as recipient

tracking data in an analytics server, the recipient tracking data being associated with the

unique identifying information about the recipient (Subscriber database with historical

information about advertisements to which recipient has previously responded to)

[Elliott, 0016].


Regarding claim 19, Elliott in view of Crespo teaches capability and concept for:

causing an interface option to be displayed in at least a portion of the

advertisement, wherein the interface option can include a plurality of delivery methods

selectable by the recipient (Crespo solicits recipient whether they want further

information using their own email or anonymous email) [Crespo, Fig. 7 and associated

disclosure];

Application/Control Number: 12/731,973                                      Page 7
Art Unit: 3688

receiving an indication of at least one delivery method selected by the recipient [Crespo, Fig. 7 and associated disclosure]; and

updating the delivery method preferences in the user profile of the recipient to reflect the at least one delivery method selected by the recipient (**allowing recipients to change their delivery preference is old and known business practice known to one of ordinary skill in the art**) [Elliott, Fig. 3; Crespo, Fig. 7 and associated disclosure].


Regarding claim 20, as responded to earlier, Elliott in view of Crespo teaches capability and concept for:

causing a plurality of selectable delivery preference options to be displayed in at least a portion of the advertisement, the plurality of selectable delivery preference options including types of additional information available for delivery to the recipient [Crespo, Fig. 7 and associated disclosure];

receiving an indication of at least one delivery preference selected by the recipient [Crespo, Fig. 7 and associated disclosure]; and

updating the user profile of the recipient to reflect the at least one delivery preference selected by the recipient (**allowing recipients to change their delivery preference is old and known business practice known to one of ordinary skill in the art**) [Elliott, Fig. 3; Crespo, Fig. 7 and associated disclosure].

Application/Control Number: 12/731,973                                    Page 8
Art Unit: 3688

Regarding claim 21, as responded to earlier, Elliott in view of Crespo teaches capability and concept for:

providing a further advertisement associated with a third party for display in a further network communication delivered to the computing device of the recipient, wherein the further advertisement contains a further interactive element displayed within the further advertisement, and wherein the further network communication is associated with a fourth party different than the third party [Elliott, Fig. 3; Crespo, Fig. 7 and associated disclosure];

receiving an indication that the recipient activated the further interactive element displayed within the further advertisement [Elliott, Fig. 3; Crespo, Fig. 7 and associated disclosure];

if the identifier containing unique identifying information about the recipient is present on the computing device [Crespo, Fig. 7 and associated disclosure]:

retrieving the user profile associated with the recipient from the visitor information database using at least a portion of the identifier [Crespo, Fig. 7 and associated disclosure];

retrieving further additional information associated with the further advertisement based on at least a portion of the user profile associated with the recipient [Elliott, Fig. 3 and associated disclosure];

delivering the further additional information to the recipient based on the delivery method preferences, the delivering being performed without interrupting the browsing session of the recipient [Elliott, Fig. 3 and associated disclosure]; and

Application/Control Number: 12/731,973                                       Page 9
Art Unit: 3688

recording the activation by the recipient of the further interactive element as

recipient tracking data in the analytics server [Elliott, 0016].

### *Response to Arguments*

Applicant's arguments and concerns are for newly added claims which have

been responded to in response to pending claims.

### *Conclusion*

Applicant is required under 37 CFR '1.111 (c) to consider the references fully

when responding to this office action.

Applicant's amendment necessitated the new ground(s) of rejection presented in

this Office action.  Accordingly, **THIS ACTION IS MADE FINAL**.  See MPEP

§ 706.07(a).  Applicant is reminded of the extension of time policy as set forth in 37

CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action.  In the event a first reply is filed within

TWO MONTHS of the mailing date of this final action and the advisory action is not

mailed until after the end of the THREE-MONTH shortened statutory period, then the

shortened statutory period will expire on the date the advisory action is mailed, and any

extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of

Application/Control Number: 12/731,973                                    Page 10
Art Unit: 3688

the advisory action.  In no event, however, will the statutory period for reply expire later

than SIX MONTHS from the date of this final action.

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to NARESH VIG whose telephone number is (571) 272-

6810.  The examiner can normally be reached on Mon-Thu 7:00 - 5:30.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, John Weiss can be reached on (571) 272-6812.  The fax phone number for

the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


                                        /Naresh  Vig/
                                        Primary Examiner, Art Unit 3688

| *Notice of References Cited* | Application/Control No. 12/731,973 | Applicant(s)/Patent Under Reexamination BOOTH ET AL. | |
|---|---|---|---|
| | Examiner NARESH VIG | Art Unit 3688 | Page 1 of 1 |

### U.S. PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-2006/0149630 | 07-2006 | Elliott et al. | 705/014 |
| * | B | US-2011/0246593 | 10-2011 | Crespo et al. | 709/206 |
| | C | US- | | | |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

### FOREIGN PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

### NON-PATENT DOCUMENTS

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.



**UNITED STATES PATENT AND TRADEMARK OFFICE**

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

## BIB DATA SHEET

**CONFIRMATION NO. 2161**

| SERIAL NUMBER | FILING or 371(c) DATE | CLASS | GROUP ART UNIT | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 12/731,973 | 03/25/2010 | 705 | 3688 | 42129.6 |
| | RULE | | | |

**APPLICANTS**
   Timothy L. Booth, Murphy, TX;
   Shawn Sandifer, Frisco, TX;

**\*\* CONTINUING DATA \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
   This appln claims benefit of 61/163,132 03/25/2009

**\*\* FOREIGN APPLICATIONS \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**\*\* IF REQUIRED, FOREIGN FILING LICENSE GRANTED \*\* \*\* SMALL ENTITY \*\***
   06/11/2010

| Foreign Priority claimed ☐ Yes ☑ No | | STATE OR COUNTRY | SHEETS DRAWINGS | TOTAL CLAIMS | INDEPENDENT CLAIMS |
|---|---|---|---|---|---|
| 35 USC 119(a-d) conditions met ☐ Yes ☐ No | ☐ Met after Allowance | | | | |
| Verified and Acknowledged  /NARESH VIG/ _Examiner's Signature_ | _Initials_ | TX | 5 | 17 | 3 |

**ADDRESS**

   HAYNES AND BOONE, LLP
   IP Section
   2323 Victory Avenue
   Suite 700
   Dallas, TX 75219
   UNITED STATES

**TITLE**

   System and Method of On-line Advertising

| FILING FEE RECEIVED 557 | FEES: Authority has been given in Paper No._____ to charge/credit DEPOSIT ACCOUNT No._____ for following: | ☐ All Fees |
|---|---|---|
| | | ☐ 1.16 Fees (Filing) |
| | | ☐ 1.17 Fees (Processing Ext. of time) |
| | | ☐ 1.18 Fees (Issue) |
| | | ☐ Other _____ |
| | | ☐ Credit |

BIB (Rev. 05/07).

| *Index of Claims* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 12731973 | BOOTH ET AL. |
| | Examiner | Art Unit |
| | NARESH VIG | 3688 |

| ✓ | Rejected | | - | Cancelled | | N | Non-Elected | | A | Appeal |
|---|---|---|---|---|---|---|---|---|---|---|
| = | Allowed | | ÷ | Restricted | | I | Interference | | O | Objected |

| ☐ Claims renumbered in the same order as presented by applicant | | ☐ CPA | ☐ T.D. | ☐ R.1.47 |
|---|---|---|---|---|

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 04/03/2012 | 12/01/2012 | 06/01/2013 | | | | | |
| | 1 | ✓ | ÷ | N | | | | | |
| | 2 | ✓ | ÷ | N | | | | | |
| | 3 | ✓ | - | - | | | | | |
| | 4 | ✓ | ÷ | N | | | | | |
| | 5 | ✓ | ÷ | N | | | | | |
| | 6 | ✓ | ÷ | N | | | | | |
| | 7 | ✓ | ÷ | N | | | | | |
| | 8 | ✓ | ÷ | N | | | | | |
| | 9 | ✓ | ÷ | N | | | | | |
| | 10 | ✓ | ÷ | N | | | | | |
| | 11 | ✓ | - | - | | | | | |
| | 12 | ✓ | ÷ | N | | | | | |
| | 13 | ✓ | ÷ | N | | | | | |
| | 14 | ✓ | ÷ | N | | | | | |
| | 15 | ✓ | ÷ | N | | | | | |
| | 16 | ✓ | ÷ | N | | | | | |
| | 17 | ✓ | - | - | | | | | |
| | 18 | | ÷ | ✓ | | | | | |
| | 19 | | ÷ | ✓ | | | | | |
| | 20 | | ÷ | ✓ | | | | | |
| | 21 | | ÷ | ✓ | | | | | |

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 12731973 | BOOTH ET AL. |
| | Examiner | Art Unit |
| | NARESH VIG | 3688 |

## CPC- SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| | | |

## CPC COMBINATION SETS  - SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| | | |

## US CLASSIFICATION SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 705 | 14.73 | 04/03/2012 | nvig |

## SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| EAST; PLUS; ip.com | 04/03/2012 | nvig |
| EAST; Google.com/patents | 06/01/2013 | nvig |

## INTERFERENCE SEARCH

| US Class/ CPC Symbol | US Subclass / CPC Group | Date | Examiner |
|---|---|---|---|
| | | | |

Doc Code: AP.PRE.REQ

PTO/SB/33 (07-09)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## PRE-APPEAL BRIEF REQUEST FOR REVIEW

Filed via EFS

| Docket Number (Optional) |
|---|
| 42129.6 |

I hereby certify that this correspondence is being ~~deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to "Mail Stop AF, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450" [37 CFR 1.8(a)]~~

on _____ 10-4-13

Signature _Carol Marstaller_

Typed or printed name _Carol Marstaller_

| Application Number | Filed |
|---|---|
| 12/731,973 | March 25, 2010 |

| First Named Inventor |
|---|
| Timothy L. Booth |

| Art Unit | Examiner |
|---|---|
| 3688 | Naresh Vig |

Applicant requests review of the final rejection in the above-identified application. No amendments are being filed with this request.

This request is being filed with a notice of appeal.

The review is requested for the reason(s) stated on the attached sheet(s).
    Note: No more than five (5) pages may be provided.

I am the

☐ applicant/inventor.

☐ assignee of record of the entire interest.
    See 37 CFR 3.71. Statement under 37 CFR 3.73(b) is enclosed.
    (Form PTO/SB/96)

☑ attorney or agent of record.
    Registration number _70,297_

☐ attorney or agent acting under 37 CFR 1.34.

    Registration number if acting under 37 CFR 1.34 _____

Signature

Typed or printed name _Scott T. Jarratt_

Telephone number _972-739-8663_

Date _October 4, 2013_

NOTE: Signatures of all the inventors or assignees of record of the entire interest or their representative(s) are required.
Submit multiple forms if more than one signature is required, see below*.

☐ *Total of _____ forms are submitted.

This collection of information is required by 35 U.S.C. 132. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11, 1.14 and 41.6. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Mail Stop AF, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

PTO/SB/22 (03-13)
Approved for use through 3/31/2013. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PETITION FOR EXTENSION OF TIME UNDER 37 CFR 1.136(a) | Docket Number (Optional) |
|---|---|
| | 42129.6 |

| Application Number | 12/731,973 | Filed | March 25, 2010 |
|---|---|---|---|

**For** System and Method of On-Line Advertising

| Art Unit | 3688 | Examiner | Naresh Vig |
|---|---|---|---|

This is a request under the provisions of 37 CFR 1.136(a) to extend the period for filing a reply in the above-identified application.

The requested extension and fee are as follows (check time period desired and enter the appropriate fee below):

| | | Fee | Small Entity Fee | Micro Entity Fee | |
|---|---|---|---|---|---|
| ✓ | One month (37 CFR 1.17(a)(1)) | $200 | $100 | $50 | $ 100.00 |
| ☐ | Two months (37 CFR 1.17(a)(2)) | $600 | $300 | $150 | $ _____ |
| ☐ | Three months (37 CFR 1.17(a)(3)) | $1,400 | $700 | $350 | $ _____ |
| ☐ | Four months (37 CFR 1.17(a)(4)) | $2,200 | $1,100 | $550 | $ _____ |
| ☐ | Five months (37 CFR 1.17(a)(5)) | $3,000 | $1,500 | $750 | $ _____ |

☑ Applicant asserts small entity status. See 37 CFR 1.27.

☐ Applicant certifies micro entity status. See 37 CFR 1.29.
Form PTO/SB/15A or B or equivalent must either be enclosed or have been submitted previously.

☐ A check in the amount of the fee is enclosed.

☑ Payment by credit card. ~~Form PTO-2038 is attached.~~

☐ The Director has already been authorized to charge fees in this application to a Deposit Account.

☑ The Director is hereby authorized to charge any fees which may be required, or credit any overpayment, to
Deposit Account Number  081394

☑ Payment made via EFS-Web.

**WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.**

I am the

☐ applicant/inventor.

☐ assignee of record of the entire interest. See 37 CFR 3.71. 37 CFR 3.73(b) statement is enclosed (Form PTO/SB/96).

☑ attorney or agent of record. Registration number  70,297

☐ attorney or agent acting under 37 CFR 1.34. Registration number _____.

| _Signature_ | October 4, 2013 |
|---|---|
| Signature | Date |
| Scott T. Jarratt | 972-739-8663 |
| Typed or printed name | Telephone Number |

**NOTE:** This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications. Submit multiple forms if more than one signature is required, see below*.

☐ * Total of _____ forms are submitted.

This collection of information is required by 37 CFR 1.136(a). The information is required to obtain or retain a benefit by the public, which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 6 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| In re application of: | § | Attorney Docket No.:   42129.6 |
|     Timothy L. BOOTH | § | |
| | § | Group Art Unit: 3688 |
| Application No.: 12/731,973 | § | |
| | § | Examiner: Naresh Vig |
| Filed: March 25, 2010 | § | |
| | § | Confirmation No.: 2161 |
| For: SYSTEM AND METHOD OF | § | |
| ON-LINE ADVERTISING | § | |

**Mail Stop AF**
Commissioner For Patents
PO Box 1450
Alexandria, VA  22313-1450

## REASONS IN SUPPORT OF PRE-APPEAL BRIEF REQUEST FOR REVIEW

In the Final Office Action mailed June 4, 2013, claims 18-21 were rejected. It is respectfully submitted that the rejection of claims 18-21 is in clear error and should be withdrawn. Please consider the following reasons in support of the concurrently filed Pre-Appeal Brief Request for Review.

A Notice of Appeal and appropriate fees are being submitted herewith. If any additional fees are necessary, the Commissioner is hereby authorized to charge any such fees to Haynes and Boone, LLP's Deposit Account No. 08-1394.

### Claim Rejections – 35 U.S.C. § 112

Claims 18-21 stand rejected under the second paragraph of 35 U.S.C. § 112 as failing to particularly point out and distinctly claim the subject matter which the Applicants regard as the invention. Specifically, on pages 2-3 of the Final Office Action, the Examiner asserts that the limitation in claim 18 of "recording the activation by the recipient . . ." is an "insignificant activity" because "Applicant has not positively claimed how said tracking of user activation of advertisements is tied to the claimed invention." Applicants respectfully submit that this rejection is in clear error.

In more detail, Applicants have reviewed the pertinent portions of the MPEP related to

patentability under the second paragraph of § 112 and are unable to locate any language regarding "insignificant activity." It is the Applicants' understanding that whether or not a claim is definite under the second paragraph of § 112 turns on whether the claim "clearly and precisely inform[s] persons skilled in the art of the boundaries of protected subject matter." MPEP § 2173. In that regard, Applicants respectfully submit that all the limitations of claim 18 are clear to one of ordinary skill in the art, and that claim 18 is definite under the second paragraph of § 112.

However, in the interest of completeness, Applicants additionally respectfully submit that "recording the activation by the recipient . . ." is indeed tied to the remainder of claim 18, and is not an insignificant activity. In that regard, MPEP § 2173.02(II) states that "the examiner must consider the claim as a whole to determine whether the claim apprises one of ordinary skill in the art of its scope" (emphasis added). Here, the Examiner asserts that "said collected tracking information is not used in the claimed invention." Applicants respectfully disagree. For example, the objected to limitation clearly recites associating the recipient tracking data with "the unique identifying information about the recipient," which is recited in other limitations of claim 18.

Accordingly, based on the above, Applicants respectfully submit that claim 18 particularly point outs and distinctly claims the subject matter therein, and thus the rejection of claims 18-21 under the second paragraph of § 112 is in clear error.

## Claim Rejections – 35 U.S.C. § 103

Claims 18-21 additionally stand rejected under 35 U.S.C. § 103 as being unpatentable over United States Patent Application Publication No. 2006/0149630 to Elliot et al. ("Elliot") and United States Patent Application Publication No. 2011/0246593 to Crespo et al. ("Crespo"). Applicants respectfully submit this rejection is in clear error.

The PTO provides in MPEP § 2131 that

> "The examiner bears the initial burden of factually supporting any prima facie conclusion of obviousness. If the examiner does not produce a prima facie case, the applicant is under no obligation to submit evidence of nonobviousness."

Here, the Examiner clearly cannot, using Elliot and Crespo, establish a *prima facie* case of obviousness with respect to independent claim 18 because: (i) even when combined, the references fail to disclose all of the recited features of the claims, and (ii) the Examiner fails to

provide a reasonable articulated basis to arrive at the claimed invention, but instead is impermissibly relying on hindsight reasoning.

First, Applicants respectfully submit that, even when combined, the portions of Elliot and Crespo cited by the Examiner at least fail to disclose "determining, in response to the receiving the indication, whether an identifier containing unique identifying information about the recipient is present on the computing device," and subsequently performing alternate method steps based on the determination, as recited in claim 18. In more detail, the Examiner acknowledges that Elliot fails to disclose this limitation but asserts that Fig. 7 and its associated disclosure in Crespo does, and that it would be obvious to modify Elliot in view of Crespo. However, Applicants respectfully submit that Fig. 7 of Crespo also fails to disclose "determining, in response to the receiving the indication, whether an identifier containing unique identifying information about the recipient is present on the computing device," as recited in claim 18. In that regard, paragraph [0075] of Crespo explains that in Fig. 7, it is determined "whether an anonymous email address exists for the received customer ID and merchant ID." This determination is distinctly different than the claimed determination because (i) the former seeks to determine the existence of <u>anonymous</u> information about a customer, whereas the latter seeks to determine the existence of <u>unique identifying</u> information about a recipient. Moreover, Crespo's determination requires that identifying information about a customer (e.g., customer ID) <u>already be known</u>, whereas the claimed determination seeks to determine whether unique identifying information about a recipient <u>exists at all</u>.

Additionally, claim 18 recites the performance of alternate method steps based on the determination of whether identifying information about a recipient is present on the recipient's computing device. Elliot and Crespo, even when combined, fail to disclose performing every method step recited in the decision tree of claim 18. For example, none of the portions of Elliot or Crespo cited by the Examiner disclose "causing a text field to be displayed <u>in</u> at least a portion of the advertisement" when identifying information about a recipient is not present on the recipient's computing device. Although Crespo discloses that a customer may enter an email address into a field on a checkout confirmation page (Fig. 10), this field is (i) not displayed in a portion of an advertisement and (ii) is not displayed in response to a determination that identifying information is not present on a recipient's computing device. Accordingly, even when combined, Elliot and Crespo fail to disclose all of the recited features of the claims.

Second, as mentioned above, Applicants respectfully submit that the Examiner is impermissibly relying on hindsight reasoning in the obviousness rejection of claim 18. In that regard, MPEP §2141(III) states that "[t]he key to supporting any rejection under 35 U.S.C. 103 is the clear articulation of the reason(s) why the claimed invention would have been obvious." Furthermore, the MPEP states that while "[a]ny judgment on obviousness is in a sense necessarily a reconstruction based on hindsight reasoning," it cannot "include knowledge gleaned only from applicant's disclosure." MPEP § 2145, citing to *In re McLaughlin* 443 F.2d 1392, 1395, 170 USPQ 209, 212 (CCPA 1971). Moreover, the PTO Board has stated "[i]t is impermissible to use the claimed invention as an instruction manual or 'template' to piece together the teaching of the prior art so that the claimed invention is rendered obvious . . . ." *Ex Parte Hawkins*, Appeal 2009-000134 p.8. (BPAI Sept. 14, 2009) (emphasis added).

Here, the Examiner fails to provide a reasonable articulated basis to arrive at the claimed invention, but instead is using the claimed invention as an instruction manual. In more detail, the Examiner explicitly acknowledges that Elliot fails to disclose the recitations in claim 18 of "causing a text field to be displayed in at least a portion of the advertisement" and "receiving contact information inputted into the text field by the recipient" but asserts that it would be obvious to modify the advertising method of Elliot in view of Crespo to include such steps. However, the Examiner fails to articulate a reasonable explanation as to why one of ordinary skill in the art would make such a modification. In fact, Applicants respectfully submit that one of ordinary skill in the art would not make such a modification to Elliot, because collecting customer contact information in a text field would be unnecessary in the context of Elliot's advertising system. In that regard, Elliot discloses an advertising system for "mobile device users who are subscribers to its service," and further discloses that

> [i]f the subscriber indicates an interest in receiving additional
> information, e.g., by selecting a link provided as part of the
> advertisement, an indication of this interest is sent to the
> advertising intermediary. The advertising intermediary in one
> embodiment includes preference information about the subscriber's
> preferred medium by which to receive additional information, e.g.,
> via e-mail, postal mail, etc. Elliot, [0009].

In other words, when a subscriber selects an ad, Elliot's advertising system is already in possession of contact information for the subscriber, rendering it unnecessary to display a text input field and collect the subscriber's contact information in order to send additional

4

information. Accordingly, one of ordinary skill in the art would not modify Elliot in view of Crepo in the manner asserted by the Examiner, making it is clear the Office has impermissibly used "the claimed invention as an instruction manual or 'template' to piece together the teaching of the prior art so that the claimed invention is rendered obvious." *Ex Parte Hawkins*, p.8.

Accordingly, for at least these reasons, even when combined the Elliot and Crespo cannot establish a *prima facie* case of obviousness with respect to independent claim 18 or dependent claims 19-21. Therefore, there is clear error with the § 103 rejection of claims 18-21.

## Conclusion

Applicants have shown clear legal deficiency and error in all of the Examiner's rejections. Therefore, it is respectfully requested that the rejections be withdrawn, prosecution be reopened, and all of the claims be allowed.

Respectfully submitted,

Dated: $10/4/2013$

Scott T. Jarratt
Reg. No. 70,297

HAYNES AND BOONE, LLP
Customer No. 27683
Telephone: 972/739-8663
Facsimile: 214/200-0853
Client Matter No.: 42129.6

File: R-42129 6 - Pre-appeal Brief_345409(1).DOC

**Certificate of Service**

I hereby certify that this correspondence is being filed with the U.S. Patent and Trademark Office via EFS-Web on *10-4-13*

Carol Marstaller

5

PTO/SB/31 (09-12)
Approved for use through 01/31/2013. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## NOTICE OF APPEAL FROM THE EXAMINER TO THE PATENT TRIAL AND APPEAL BOARD

| | Docket Number (Optional) |
|---|---|
| | 42129.6 |

I hereby certify that this correspondence is being ~~facsimile~~ transmitted to the USPTO EFS-Web ~~transmitted to the USPTO~~, or or deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to "Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450" [37 CFR 1.8(a)]

on _____10-4-13_____

Signature _Carol Marstaller_

Typed or printed name  Carol Marstaller

| In re Application of | |
|---|---|
| Timothy L. Booth | |
| Application Number | Filed |
| 12/731,973 | March 25, 2010 |
| For  System and Method of On-Line Advertising | |
| Art Unit | Examiner |
| 3688 | Naresh Vig |

Applicant hereby **appeals** to the Patent Trial and Appeal Board from the last decision of the examiner.

The fee for this Notice of Appeal is (37 CFR 41.20(b)(1))                                $  800.00

[✓] Applicant claims small entity status. See 37 CFR 1.27. Therefore, the fee shown above is reduced
    by half, and the resulting fee is:                                                  $  400.00

[ ] A check in the amount of the fee is enclosed.

[✓] Payment by credit card. ~~Form PTO-2038 is attached.~~

[ ] The Director has already been authorized to charge fees in this application to a Deposit Account.

[✓] The Director is hereby authorized to charge any fees which may be required, or credit any overpayment
    to Deposit Account No.  081394              .

[✓] A petition for an extension of time under 37 CFR 1.136(a) (PTO/SB/22) is enclosed.

**WARNING: Information on this form may become public. Credit card information should not
be included on this form. Provide credit card information and authorization on PTO-2038.**

I am the

[ ] applicant/inventor.

[ ] assignee of record of the entire interest.
    See 37 CFR 3.71. Statement under 37 CFR 3.73(b) is enclosed.
    (Form PTO/SB/96)

[✓] attorney or agent of record.  70,297
    Registration number _____.

[ ] attorney or agent acting under 37 CFR 1.34.
    Registration number if acting under 37 CFR 1.34. _____

_____
                              Signature

Scott T. Jarratt
_____
                  Typed or printed name

972-739-8663
_____
                  Telephone number

October 4, 2013
_____
                              Date

NOTE: Signatures of all the inventors or assignees of record of the entire interest or their representative(s) are required.
Submit multiple forms if more than one signature is required, see below*.

[ ] *Total of _____ forms are submitted.

This collection of information is required by 37 CFR 41.31. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11, 1.14 and 41.6. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

## Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 12731973 |
| **Filing Date:** | 25-Mar-2010 |
| **Title of Invention:** | System and Method of On-line Advertising |
| **First Named Inventor/Applicant Name:** | Timothy L. Booth |
| **Filer:** | Scott Taylor Jarratt/Carol Marstaller |
| **Attorney Docket Number:** | 42129.6 |

Filed as Small Entity

## Utility under 35 USC 111(a) Filing Fees

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| Notice of Appeal | 2401 | 1 | 400 | 400 |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| Extension - 1 month with $0 paid | 2251 | 1 | 100 | 100 |
| **Miscellaneous:** | | | | |
| | | | **Total in USD ($)** | **500** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 17047893 |
| **Application Number:** | 12731973 |
| **International Application Number:** | |
| **Confirmation Number:** | 2161 |
| **Title of Invention:** | System and Method of On-line Advertising |
| **First Named Inventor/Applicant Name:** | Timothy L. Booth |
| **Customer Number:** | 27683 |
| **Filer:** | Scott Taylor Jarratt/Carol Marstaller |
| **Filer Authorized By:** | Scott Taylor Jarratt |
| **Attorney Docket Number:** | 42129.6 |
| **Receipt Date:** | 04-OCT-2013 |
| **Filing Date:** | 25-MAR-2010 |
| **Time Stamp:** | 18:29:42 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Credit Card |
| Payment was successfully received in RAM | $ 500 |
| RAM confirmation Number | 5505 |
| Deposit Account | 081394 |
| Authorized User | JARRATT, SCOTT |

The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows:

Charge any Additional Fees required under 37 C.F.R. Section 1.17 (Patent application and reexamination processing fees)

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Pre-Brief Conference request | 42129-6_Pre-Appeal_Brief_Request.pdf | 46691<br><br>d8cac1614e4c309b1872d03abcf5974d370<br>61044 | no | 1 |

**Warnings:**

**Information:**

| | | | | | |
|---|---|---|---|---|---|
| 2 | Extension of Time | 42129-6_Extension_of_Time.pdf | 54149<br><br>4b392bac84e1e88f5fd08bfac93eb0f63c94<br>4307 | no | 1 |

**Warnings:**

**Information:**

| | | | | | |
|---|---|---|---|---|---|
| 3 | Pre-Brief Conference request | 42129-6_Pre-Appeal_Brief.pdf | 252683<br><br>643d4ac47149680d0abc9483a61e60d0e7fc<br>2515 | no | 5 |

**Warnings:**

**Information:**

| | | | | | |
|---|---|---|---|---|---|
| 4 | Notice of Appeal Filed | 42129-6_Notice_of_Appeal.pdf | 55719<br><br>5d79f968ef7833a6ca7d4d6faf4bbbeb9afb<br>79e4 | no | 1 |

**Warnings:**

**Information:**

| | | | | | |
|---|---|---|---|---|---|
| 5 | Fee Worksheet (SB06) | fee-info.pdf | 31630<br><br>49d2e74aac69b1747984549f1239f81dae8<br>bd3ac | no | 2 |

**Warnings:**

**Information:**

| | | |
|---|---|---|
| **Total Files Size (in bytes):** | | 440872 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/731,973 | 03/25/2010 | Timothy L. Booth | 42129.6 | 2161 |

27683          7590          11/04/2013
HAYNES AND BOONE, LLP
IP Section
2323 Victory Avenue
Suite 700
Dallas, TX 75219

| EXAMINER |
|---|
| VIG, NARESH |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3688 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 11/04/2013 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A  (Rev. 04/07)

| *Notice of Non-Compliant* *Amendment (37 CFR 1.121)* | Application No. | Applicant(s) |
|---|---|---|
| | 12/731,973 | BOOTH ET AL. |
| | Examiner | Art Unit |
| | NARESH VIG | 3688 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

The amendment document filed on <u>05 March 2013</u> is considered non-compliant because it has failed to meet the requirements of 37 CFR 1.121 or 1.4. In order for the amendment document to be compliant, correction of the following item(s) is required.

THE FOLLOWING MARKED (X) ITEM(S) CAUSE THE AMENDMENT DOCUMENT TO BE NON-COMPLIANT:

☐ 1. Amendments to the specification:
  ☐ A. Amended paragraph(s) do not include markings.
  ☐ B. New paragraph(s) should not be underlined.
  ☐ C. Other _____.

☐ 2. Abstract:
  ☐ A. Not presented on a separate sheet. 37 CFR 1.72.
  ☐ B. Other _____.

☐ 3. Amendments to the drawings:
  ☐ A. The drawings are not properly identified in the top margin as "Replacement Sheet," "New Sheet," or "Annotated Sheet" as required by 37 CFR 1.121(d).
  ☐ B. The practice of submitting proposed drawing correction has been eliminated. Replacement drawings showing amended figures, without markings, in compliance with 37 CFR 1.84 are required.
  ☐ C. Other _____.

☒ 4. Amendments to the claims:
  ☐ A. A complete listing of all of the claims is not present.
  ☐ B. The listing of claims does not include the text of all pending claims (including withdrawn claims)
  ☒ C. Each claim has not been provided with the proper status identifier, and as such, the individual status of each claim cannot be identified. Note: the status of every claim must be indicated after its claim number by using one of the following status identifiers: (Original), (Currently amended), (Canceled), (Previously presented), (New), (Not entered), (Withdrawn) and (Withdrawn-currently amended).
  ☐ D. The claims of this amendment paper have not been presented in ascending numerical order.
  ☐ E. Other: _____.

☐ 5. Other (e.g., the amendment is unsigned or not signed in accordance with 37 CFR 1.4):
  _____

For further explanation of the amendment format required by 37 CFR 1.121, see MPEP § 714.

TIME PERIODS FOR FILING A REPLY TO THIS NOTICE:

1.  Applicant is given **no new time period** if the non-compliant amendment is an after-final amendment or an amendment filed after allowance. If applicant wishes to resubmit the non-compliant after-final amendment with corrections, the **entire corrected amendment** must be resubmitted.

2.  Applicant is given **one month**, or thirty (30) days, whichever is longer, from the mail date of this notice to supply the correction, if the non-compliant amendment is one of the following: a preliminary amendment, a non-final amendment (including a submission for a request for continued examination (RCE) under 37 CFR 1.114), a supplemental amendment filed within a suspension period under 37 CFR 1.103(a) or (c), and an amendment filed in response to a *Quayle* action. If any of above boxes 1. to 4. are checked, the correction required is only the **corrected section** of the non-compliant amendment in compliance with 37 CFR 1.121.

    <u>Extensions of time</u> are available under 37 CFR 1.136(a) <u>only</u> if the non-compliant amendment is a non-final amendment or an amendment filed in response to a *Quayle* action.

    <u>Failure to timely respond</u> to this notice will result in:
    **Abandonment** of the application if the non-compliant amendment is a non-final amendment or an amendment filed in response to a *Quayle* action; or
    **Non-entry** of the amendment if the non-compliant amendment is a preliminary amendment or supplemental amendment.

/Naresh Vig/
Primary Examiner, Art Unit 3688

**Continuation Sheet (PTOL-324)** **Application No.**

Applicant had cacelled all of previously pending claims and added new claims 37 - 71. Newly added claims 45 and 46 are missing from the Preliminary Amendment filed 03 March 2013



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/731,973 | 03/25/2010 | Timothy L. Booth | 42129.6 | 2161 |

27683        7590        11/26/2013
HAYNES AND BOONE, LLP
IP Section
2323 Victory Avenue
Suite 700
Dallas, TX 75219

| EXAMINER |
|---|
| VIG, NARESH |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3688 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 11/26/2013 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A  (Rev. 04/07)

| Notice of Panel Decision from Pre-Appeal Brief Review | Application No. | Applicant(s) |
|---|---|---|
| | 12/731,973 | BOOTH ET AL. |
| | Examiner | Art Unit |
| | NARESH VIG | 3688 |

This is in response to the Pre-Appeal Brief Request for Review filed 04 October, 2013.

1. ☐ **Improper Request** – The Request is improper and a conference will not be held for the following reason(s):

    ☐ The Notice of Appeal has not been filed concurrent with the Pre-Appeal Brief Request.
    ☐ The request does not include reasons why a review is appropriate.
    ☐ A proposed amendment is included with the Pre-Appeal Brief request.
    ☐ Other:    .

The time period for filing a response continues to run from the receipt date of the Notice of Appeal or from the mail date of the last Office communication, if no Notice of Appeal has been received.

2. ☐ **Proceed to Board of Patent Appeals and Interferences** – A Pre-Appeal Brief conference has been held. The application remains under appeal because there is at least one actual issue for appeal. Applicant is required to submit an appeal brief in accordance with 37 CFR 41.37. The time period for filing an appeal brief will be reset to be one month from mailing this decision, or the balance of the two-month time period running from the receipt of the notice of appeal, whichever is greater. Further, the time period for filing of the appeal brief is extendible under 37 CFR 1.136 based upon the mail date of this decision or the receipt date of the notice of appeal, as applicable.

    ☐ The panel has determined the status of the claim(s) is as follows:
Claim(s) allowed: _____.
Claim(s) objected to: _____.
Claim(s) rejected: _____.
Claim(s) withdrawn from consideration: _____.

3. ☐ **Allowable application** – A conference has been held. The rejection is withdrawn and a Notice of Allowance will be mailed. Prosecution on the merits remains closed.  No further action is required by applicant at this time.

4. ☒ **Reopen Prosecution** – A conference has been held. The rejection is withdrawn and a new Office action will be mailed.  No further action is required by applicant at this time.

All participants:

| (1) *NARESH VIG*. | (3)*SABA DAGNEW*. |
|---|---|
| (2) *JOHN WEISS*. | (4)_____. |

| /Naresh Vig/ Primary Examiner, Art Unit 3688 | SABA DAGNEW/ Primary Examiner, Art Unit 3688 | /JOHN G WEISS/ Supervisory Patent Examiner, Art Unit 3688 |
|---|---|---|



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

| | | |
|---|---|---|
| 27683 | 7590 | 01/08/2014 |

HAYNES AND BOONE, LLP
IP Section
2323 Victory Avenue
Suite 700
Dallas, TX 75219

| EXAMINER |
|---|
| VIG, NARESH |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3688 | |

DATE MAILED: 01/08/2014

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/731,973 | 03/25/2010 | Timothy L. Booth | 42129.6 | 2161 |

TITLE OF INVENTION: SYSTEM AND METHOD OF ON-LINE ADVERTISING

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | SMALL | $480 | $0 | $0 | $480 | 04/08/2014 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED. THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN <u>THREE MONTHS</u> FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. <u>THIS STATUTORY PERIOD CANNOT BE EXTENDED.</u> SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.**

**HOW TO REPLY TO THIS NOTICE:**

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 1/2 the amount of undiscounted fees, and micro entity fees are 1/2 the amount of small entity fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

PTOL-85 (Rev. 02/11)

# PART B - FEE(S) TRANSMITTAL

**Complete and send this form, together with applicable fee(s), to:** <u>**Mail**</u>
   **Mail Stop ISSUE FEE**
   **Commissioner for Patents**
   **P.O. Box 1450**
   **Alexandria, Virginia 22313-1450**
   **or <u>Fax</u>  (571)-273-2885**

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

    27683      7590      01/08/2014
**HAYNES AND BOONE, LLP**
IP Section
2323 Victory Avenue
Suite 700
Dallas, TX 75219

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/731,973 | 03/25/2010 | Timothy L. Booth | 42129.6 | 2161 |

TITLE OF INVENTION: SYSTEM AND METHOD OF ON-LINE ADVERTISING

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | SMALL | $480 | $0 | $0 | $480 | 04/08/2014 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| VIG, NARESH | 3688 | 705-014730 |

**1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).**

   ☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

   ☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

**2. For printing on the patent front page, list**

(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

**3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT** (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                    (B) RESIDENCE: (CITY and STATE or COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) :   ☐ Individual  ☐ Corporation or other private group entity  ☐ Government

**4a. The following fee(s) are submitted:**

   ☐ Issue Fee

   ☐ Publication Fee (No small entity discount permitted)

   ☐ Advance Order - # of Copies _____

**4b. Payment of Fee(s): (Please first reapply any previously paid issue fee shown above)**

   ☐ A check is enclosed.

   ☐ Payment by credit card. Form PTO-2038 is attached.

   ☐ The Director is hereby authorized to charge the required fee(s), any deficiency, or credits any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

**5. Change in Entity Status** (from status indicated above)

   ☐ Applicant certifying micro entity status. See 37 CFR 1.29

   ☐ Applicant asserting small entity status. See 37 CFR 1.27

   ☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.

NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.

NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _____   Date _____

Typed or printed name _____   Registration No. _____

Page 2 of 3

PTOL-85 Part B (10-13) Approved for use through 10/31/2013.   OMB 0651-0033   U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/731,973 | 03/25/2010 | Timothy L. Booth | 42129.6 | 2161 |

27683        7590        01/08/2014
HAYNES AND BOONE, LLP
IP Section
2323 Victory Avenue
Suite 700
Dallas, TX 75219

| EXAMINER |
|---|
| VIG, NARESH |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3688 | |

DATE MAILED: 01/08/2014

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
### (application filed on or after May 29, 2000)

The Patent Term Adjustment to date is 175 day(s). If the issue fee is paid on the date that is three months after the mailing date of this notice and the patent issues on the Tuesday before the date that is 28 weeks (six and a half months) after the mailing date of this notice, the Patent Term Adjustment will be 175 day(s).

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

PTOL-85 (Rev. 02/11)

## OMB Clearance and PRA Burden Statement for PTOL-85 Part B

The Paperwork Reduction Act (PRA) of 1995 requires Federal agencies to obtain Office of Management and Budget approval before requesting most types of information from the public. When OMB approves an agency request to collect information from the public, OMB (i) provides a valid OMB Control Number and expiration date for the agency to display on the instrument that will be used to collect the information and (ii) requires the agency to inform the public about the OMB Control Number's legal significance in accordance with 5 CFR 1320.5(b).

The information collected by PTOL-85 Part B is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450. Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

| | Application No. | Applicant(s) |
|---|---|---|
| ***Notice of Allowability*** | 12/731,973 | BOOTH ET AL. |
| | Examiner | Art Unit | AIA (First Inventor to File) Status |
| | NARESH VIG | 3688 | No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *communication received 04 October 2013*.

   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☒ The allowed claim(s) is/are *18-21*. As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov .

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

   **Certified copies:**

      a) ☐ All    b) ☐ Some    *c) ☐ None of the:

        1. ☐ Certified copies of the priority documents have been received.

        2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

        3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

      * Certified copies not received: _____.

   Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
   **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.

      ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail No. _____.

      **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1. ☐ Notice of References Cited (PTO-892)
2. ☐ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date _____
3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material
4. ☐ Interview Summary (PTO-413), Paper No./Mail Date _____ .

5. ☒ Examiner's Amendment/Comment
6. ☒ Examiner's Statement of Reasons for Allowance
7. ☐ Other _____ .

/NARESH VIG/
Primary Examiner, Art Unit 3688

Application/Control Number: 12/731,973                                    Page 2
Art Unit: 3688

## DETAILED ACTION

This is in reference to communication mailed 04 October 2013. The present

application is being examined under the pre-AIA first to invent provisions.

## EXAMINER'S AMENDMENT

An examiner's amendment to the record appears below. Should the changes

and/or additions be unacceptable to applicant, an amendment may be filed as provided

by 37 CFR 1.312. To ensure consideration of such an amendment, it MUST be

submitted no later than the payment of the issue fee.

Authorization for this examiner's amendment was given by Scott T. Jarratt

(Registration Number 70,297) on 02 January 2014.

The application has been amended as follows:

**Claims 1 – 2**      Cancelled

**Claims 4 – 10**     Cancelled

**Claims 12 – 16**    Cancelled

Application/Control Number: 12/731,973                                    Page 3
Art Unit: 3688

### *Reason For Allowance*

The following is an examiner's statement of reasons for allowance.

The Applicant's remarks/arguments dated 04 October 2013 regarding claim rejections over Elliot et al. US Publication 2006/0149630 in view of Crespo et al. US Publication 2011/0246593 deemed as the closest prior art of record, are persuasive and are incorporated by reference herein as the reasons for allowance of claims 18 – 21.

Any comments considered necessary by applicant must be submitted no later than the payment of the issue fee and, to avoid processing delays, should preferably accompany the issue fee.  Such submissions should be clearly labeled "Comments on Statement of Reasons for Allowance."

Application/Control Number: 12/731,973                                Page 4
Art Unit: 3688

### *Conclusion*

Any inquiry concerning this communication or earlier communications from the examiner should be directed to NARESH VIG whose telephone number is (571)272-6810.  The examiner can normally be reached on Mon-Thu 7:00 - 5:30.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, John Weiss can be reached on (571) 272-6812.  The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system.  Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

                                                /NARESH VIG/
January 2, 2014                                 Primary Examiner, Art Unit 3688

| *Issue Classification* | **Application/Control No.** | | **Applicant(s)/Patent Under Reexamination** |
|---|---|---|---|
| | 12731973 | | BOOTH ET AL. |
| | **Examiner** | | **Art Unit** |
| | NARESH VIG | | 3688 |

| **CPC** | | | |
|---|---|---|---|
| **Symbol** | | **Type** | **Version** |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| **CPC Combination Sets** | | | | | |
|---|---|---|---|---|---|
| **Symbol** | | **Type** | **Set** | **Ranking** | **Version** |
| | | | | | |

| NONE | **Total Claims Allowed:** | |
|---|---|---|
| (Assistant Examiner)                (Date) | 4 | |
| /NARESH VIG/<br>Primary Examiner.Art Unit 3688<br><br>(Primary Examiner)                (Date) | 12/23/2013<br><br>O.G. Print Claim(s)<br>18 | O.G. Print Figure<br>4 |

| *Issue Classification* | Application/Control No. | | Applicant(s)/Patent Under Reexamination |
|---|---|---|---|
| | 12731973 | | BOOTH ET AL. |
| | **Examiner** | | **Art Unit** |
| | NARESH VIG | | 3688 |

| US ORIGINAL CLASSIFICATION | | INTERNATIONAL CLASSIFICATION | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| CLASS | SUBCLASS | CLAIMED | | | | | NON-CLAIMED | | |
| 705 | 14.73 | G | 0 | 6 | Q | 10 / 00 (2012.0) | | | |
| **CROSS REFERENCE(S)** | | | | | | | | | |
| CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

| NONE | | **Total Claims Allowed:** | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 4 | |
| /NARESH VIG/ Primary Examiner.Art Unit 3688 | 12/23/2013 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 18 | 4 |

U.S. Patent and Trademark Office

Part of Paper No. 20131223

| Issue Classification | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 12731973 | BOOTH ET AL. |
| | **Examiner** | **Art Unit** |
| | NARESH VIG | 3688 |

| ☐  Claims renumbered in the same order as presented by applicant | | ☐  CPA | ☐  T.D. | ☐  R.1.47 |

| Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 1 | | 17 | | | | | | | | | | | | |
| | 2 | 1 | 18 | | | | | | | | | | | | |
| | 3 | 2 | 19 | | | | | | | | | | | | |
| | 4 | 3 | 20 | | | | | | | | | | | | |
| | 5 | 4 | 21 | | | | | | | | | | | | |
| | 6 | | | | | | | | | | | | | | |
| | 7 | | | | | | | | | | | | | | |
| | 8 | | | | | | | | | | | | | | |
| | 9 | | | | | | | | | | | | | | |
| | 10 | | | | | | | | | | | | | | |
| | 11 | | | | | | | | | | | | | | |
| | 12 | | | | | | | | | | | | | | |
| | 13 | | | | | | | | | | | | | | |
| | 14 | | | | | | | | | | | | | | |
| | 15 | | | | | | | | | | | | | | |
| | 16 | | | | | | | | | | | | | | |

| NONE | | **Total Claims Allowed:** | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 4 | |
| /NARESH VIG/ Primary Examiner.Art Unit 3688 | 12/23/2013 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 18 | 4 |

| *Index of Claims* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 12731973 | BOOTH ET AL. |
| | Examiner | Art Unit |
| | NARESH VIG | 3688 |

| ✓ | Rejected | | - | Cancelled | | N | Non-Elected | | A | Appeal |
|---|---|---|---|---|---|---|---|---|---|---|
| = | Allowed | | ÷ | Restricted | | I | Interference | | O | Objected |

☐ Claims renumbered in the same order as presented by applicant   ☐ CPA   ☐ T.D.   ☐ R.1.47

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 04/03/2012 | 12/01/2012 | 06/01/2013 | 12/23/2013 | | | | | |
| | 1 | ✓ | ÷ | N | - | | | | | |
| | 2 | ✓ | ÷ | N | - | | | | | |
| | 3 | ✓ | - | - | - | | | | | |
| | 4 | ✓ | ÷ | N | - | | | | | |
| | 5 | ✓ | ÷ | N | - | | | | | |
| | 6 | ✓ | ÷ | N | - | | | | | |
| | 7 | ✓ | ÷ | N | - | | | | | |
| | 8 | ✓ | ÷ | N | - | | | | | |
| | 9 | ✓ | ÷ | N | - | | | | | |
| | 10 | ✓ | ÷ | N | - | | | | | |
| | 11 | ✓ | - | - | - | | | | | |
| | 12 | ✓ | ÷ | N | - | | | | | |
| | 13 | ✓ | ÷ | N | - | | | | | |
| | 14 | ✓ | ÷ | N | - | | | | | |
| | 15 | ✓ | ÷ | N | - | | | | | |
| | 16 | ✓ | ÷ | N | - | | | | | |
| | 17 | ✓ | - | - | - | | | | | |
| 1 | 18 | | ÷ | ✓ | = | | | | | |
| 2 | 19 | | ÷ | ✓ | = | | | | | |
| 3 | 20 | | ÷ | ✓ | = | | | | | |
| 4 | 21 | | ÷ | ✓ | = | | | | | |

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 12731973 | BOOTH ET AL. |
| | Examiner | Art Unit |
| | NARESH VIG | 3688 |

## CPC- SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| | | |

## CPC COMBINATION SETS  - SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| | | |

## US CLASSIFICATION SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 705 | 14.73 | 04/03/2012 | nvig |

## SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| EAST; PLUS; ip.com | 04/03/2012 | nvig |
| EAST; Google.com/patents | 06/01/2013 | nvig |

## INTERFERENCE SEARCH

| US Class/ CPC Symbol | US Subclass / CPC Group | Date | Examiner |
|---|---|---|---|
| 705 | 14.73 | 12/23/2013 | nvig |

| | |
|---|---|
| | |

# PART B - FEE(S) TRANSMITTAL

**Complete and send this form, together with applicable fee(s), to:** **Mail**   Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

or **Fax**   (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

27683     7590     01/08/2014
HAYNES AND BOONE, LLP
IP Section
2323 Victory Avenue
Suite 700
Dallas, TX 75219

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

Karen Vertz (Depositor's name)

_Karen Vertz_ (Signature)

March 20, 2014 (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/731,973 | 03/25/2010 | Timothy L. Booth | 42129.6 | 2161 |

TITLE OF INVENTION: SYSTEM AND METHOD OF ON-LINE ADVERTISING

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | SMALL | $480 | $0 | $0 | $480 | 04/08/2014 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| VIG, NARESH | 3688 | 705-014730 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list

(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1   Haynes and Boone, LLP

2 _____

3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE

**COR, INC.**

(B) RESIDENCE: (CITY and STATE OR COUNTRY)

**Plano, Texas**

Please check the appropriate assignee category or categories (will not be printed on the patent) :   ☐ Individual   ☒ Corporation or other private group entity   ☐ Government

4a. The following fee(s) are submitted:

☒ Issue Fee
☐ Publication Fee (No small entity discount permitted)
☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): (Please first reapply any previously paid issue fee shown above)

☐ A check is enclosed.
☐ Payment by credit card. ~~Form PTO-2038 is attached.~~
☒ The Director is hereby authorized to charge the required fee(s), any deficiency, or credits any overpayment, to Deposit Account Number 08-1394 (enclose an extra copy of this form).

5. Change in Entity Status (from status indicated above)

☐ Applicant certifying micro entity status. See 37 CFR 1.29

☐ Applicant asserting small entity status. See 37 CFR 1.27

☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.

NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.

NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _____   Date **March 20, 2014**

Typed or printed name   **Andrew S. Ehmke**   Registration No. **50,271**

Page 2 of 3

PTOL-85 Part B (10-13) Approved for use through 10/31/2013.   OMB 0651-0033   U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 12731973 |
| **Filing Date:** | 25-Mar-2010 |
| **Title of Invention:** | SYSTEM AND METHOD OF ON-LINE ADVERTISING |
| **First Named Inventor/Applicant Name:** | Timothy L. Booth |
| **Filer:** | Andrew s. Ehmke/Karen Vertz |
| **Attorney Docket Number:** | 42129.6 |

Filed as Small Entity

## Utility under 35 USC 111(a) Filing Fees

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| Utility Appl Issue Fee | 2501 | 1 | 480 | 480 |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Miscellaneous:** | | | | |
| | | | **Total in USD ($)** | **480** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 18535644 |
| **Application Number:** | 12731973 |
| **International Application Number:** | |
| **Confirmation Number:** | 2161 |
| **Title of Invention:** | SYSTEM AND METHOD OF ON-LINE ADVERTISING |
| **First Named Inventor/Applicant Name:** | Timothy L. Booth |
| **Customer Number:** | 27683 |
| **Filer:** | Andrew s. Ehmke/Karen Vertz |
| **Filer Authorized By:** | Andrew s. Ehmke |
| **Attorney Docket Number:** | 42129.6 |
| **Receipt Date:** | 20-MAR-2014 |
| **Filing Date:** | 25-MAR-2010 |
| **Time Stamp:** | 14:18:40 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Credit Card |
| Payment was successfully received in RAM | $ 480 |
| RAM confirmation Number | 524 |
| Deposit Account | 081394 |
| Authorized User | EHMKE, ANDREW S. |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |
| Charge any Additional Fees required under 37 C.F.R. Section 1.17 (Patent application and reexamination processing fees) | |
| Charge any Additional Fees required under 37 C.F.R. Section 1.20 (Post Issuance fees) | |

Charge any Additional Fees required under 37 C.F.R. Section 1.21 (Miscellaneous fees and charges)

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Issue Fee Payment (PTO-85B) | 42129-6_IssueFeePayment.pdf | 119238<br><br>c6e4995c8c0530acd8f619f8d8cafbb27340c5cf | no | 1 |
| Warnings: | | | | | |
| Information: | | | | | |
| 2 | Fee Worksheet (SB06) | fee-info.pdf | 30392<br><br>7ed80996720b03b14d051b8453fbe5c401c6370b | no | 2 |
| Warnings: | | | | | |
| Information: | | | | | |
| | | **Total Files Size (in bytes):** | 149630 | | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

New Applications Under 35 U.S.C. 111
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

National Stage of an International Application under 35 U.S.C. 371
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

New International Application Filed with the USPTO as a Receiving Office
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | ISSUE DATE | PATENT NO. | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/731,973 | 05/06/2014 | 8719101 | 42129.6 | 2161 |

27683          7590          04/16/2014
HAYNES AND BOONE, LLP
IP Section
2323 Victory Avenue
Suite 700
Dallas, TX 75219

# ISSUE NOTIFICATION

The projected patent number and issue date are specified above.

### Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(application filed on or after May 29, 2000)

The Patent Term Adjustment is 485 day(s). Any patent to issue from the above-identified application will include an indication of the adjustment on the front page.

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Application Assistance Unit (AAU) of the Office of Data Management (ODM) at (571)-272-4200.

APPLICANT(s) (Please see PAIR WEB site http://pair.uspto.gov for additional applicants):

Timothy L. Booth, Murphy, TX;
Shawn Sandifer, Frisco, TX;

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The USA offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to encourage and facilitate business investment. To learn more about why the USA is the best country in the world to develop technology, manufacture products, and grow your business, visit <u>SelectUSA.gov</u>.

IR103 (Rev. 10/09)