UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

ADNEXUS INCORPORATED,

    *Plaintiff*,

v.                          **Case No. 6:23-CV-152-JKP**

META PLATFORMS, INC.,

    *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is an Opposed Motion to Dismiss (ECF No. 17) filed by Defendant Meta Platforms, Inc. Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant seeks to dismiss Plaintiff's First Amended Complaint (ECF No. 16). Plaintiff has filed a response (ECF No. 21), and Defendant has filed a reply (ECF No. 22). After considering the motion, related briefing, and applicable law, the Court grants the motion.

## I. BACKGROUND

After Defendant complied with this Court's Standing Order (ECF No. 7), Plaintiff filed its First Amended Complaint ("FAC"). The patent-in-suit at issue in this case is "United States Patent No. 8,719,101 ("the '101 Patent"), entitled 'System and method of on-line advertising.'" *See* ECF No. 16 ¶ 12. Plaintiff attached the relevant patent as Exhibit A to its FAC. *See* ECF No. 16-1. Its Abstract identifies the patent as:

> A system and method according to which an advertisement associated with a first party that contains an interactive element displayed within the advertisement is displayed to a recipient in a network communication associated with a second party, an interface option within the advertisement is displayed as a result of an interaction by the recipient with the interactive element, contact information in the interface option is received from the recipient, and the contact information is stored in a database.

*Id*. Plaintiff identifies the "Accused Instrumentalities" or "Accused Products" as Defendant's

"Meta Lead Ads," and provides a link to a guide for such ads. *See* ECF No. 16 ¶ 15.

Plaintiff asserts that Defendant has directly infringed "literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '101 Patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products." *Id*. ¶ 17. Plaintiff further asserts that Defendant has indirectly infringed the '101 Patent through inducement and has engaged in contributory, as well as willful infringement. *See id*. ¶¶ 18, 24. As an attachment to its FAC, it provides a claim chart that "describes how the elements of an exemplary claim 1 from the '101 Patent are infringed by the Accused Products. *See id*. ¶ 29; ECF No. 16-2 (Ex. B). According to Exhibit B, Plaintiff's claim comprises of nine elements (denoted as [1a] through [1i]). Defendant takes the information from the claim chart and puts it into a more readable paragraph structure. *See* ECF No. 17 at 4-5. The Court has no need to restate all elements here. Because Plaintiff has voiced no objection or concern about the more readable format, the Court will rely on it.

Unsatisfied with the factual allegations of the FAC, Defendant moved to dismiss this action on grounds that the FAC fails to state a claim for either direct or indirect infringement. With respect to the alleged direct infringement, Defendant contests the sufficiency of Plaintiff's allegations as to elements [1d], [1e]. [1f], and [1h]. *See* ECF No. 17 at 8-15. As to the alleged indirect infringement, Defendant first argues that such infringement claims necessarily fails when there is no direct infringement. *Id*. at 16. More specifically for the alleged induced infringement, Defendant argues that Plaintiff has made insufficient allegations as to specific intent. *Id*. And for the alleged contributory infringement, Defendant argues that Plaintiff has made insufficient factual allegations necessary to that specific type of infringement. *Id*. at 16-17. With the filing of the response and reply, the motion became ripe for ruling.

## II. PATENT LITIGATION

Patent cases differ from general civil litigation in multiple respects. One of which is that "Federal Circuit law governs questions involving substantive issues of patent law." *Grecia Est. Holdings LLC v. Meta Platforms, Inc.*, 605 F. Supp. 3d 905, 910 (W.D. Tex. 2022) (citing *Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*, 778 F.3d 1311, 1314 (Fed. Cir. 2015)). Nevertheless, procedural questions continue to be governed by regional circuit law. *See id*. Naturally, this means that Fed. R. Civ. P. 8(a) applies in the patent context. *See Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021) (applying Rule 8). Further, "the law of the respective regional circuit" governs the procedural issue of whether to grant or deny a motion to dismiss. *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1259 (Fed. Cir. 2018); *Bascom Global Internet Servs., Inc. v. AT & T Mobility LLC*, 827 F.3d 1341, 1347 (Fed. Cir. 2016). More-over, the familiar standards for stating a claim set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) apply regardless of the governing circuit law. *See Bot M8*, 4 F. 4th at 1352 (applying *Iqbal/Twombly* in patent context); *Grecia*, 605 F. Supp. 3d at 909 (same). Consequently, this Court's normal standard for motions to dismiss applies here. But to show that the Federal Circuit would apply the same standard in any event, the Court supplements its normal standard with some citations to Federal Circuit precedent.

## III. MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant seeks to dismiss all claims asserted by Plaintiff. Under Rule 12(b)(6), litigants may move to dismiss asserted claims for "failure to state a claim for which relief can be granted." As required by Fed. R. Civ. P. 8(a)(2), every pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Such requirement provides opposing parties "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *accord Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021).

In general, a court addressing a motion under Rule 12(b)(6) "must limit itself to the contents of the pleadings, including attachments thereto." *Brand Coupon Network, LLC v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) (citation omitted). Nevertheless, when a pleading refers to documents that are central to a claim, the Court may consider such documents if attached to the motion to dismiss. *Lone Star Fund V (U.S.), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

It is also "clearly proper . . . to take judicial notice of matters of public record" when deciding a Rule 12(b)(6) motion. *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007). Communications with the Patent Trial and Appeal Board ("PTAB") and prosecution histories are matters of public record that "are subject to judicial notice and appropriate for this Court to consider at the pleading stage." *Grecia Est. Holdings LLC v. Meta Platforms, Inc.*, 605 F. Supp. 3d 905, 915 (W.D. Tex. 2022) (citing, inter alia, *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1008 n.2 (Fed. Cir. 2018); *Uniloc USA, Inc. v. ADP, LLC*, 772 F. App'x 890, 898 n.3 (Fed. Cir. 2019)). This Court thus can and does take judicial notice of the file history of '101 Patent that Defendant provides with its motion as Exhibit 3. Because the Court has no reason to consider the other attachments to the motion to dismiss, it will not consider them and thus has no need to determine whether they are properly before the Court on a motion to dismiss.

When ruling on a motion to dismiss, courts "accept all well-pled facts as true, construing all reasonable inferences in the [operative pleading] in the light most favorable to the plaintiff." *White v. U.S. Corr., LLC*, 996 F.3d 302, 306-07 (5th Cir. 2021). But courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (citations and internal quotation marks omitted). "And

despite the natural focus on the allegations of the operative pleading, the party moving for dismissal under Rule 12(b)(6) has the burden to show that dismissal is warranted." *C.M. v. United States*, ___ F. Supp. 3d ___, ___, No. 5:21-CV-0234-JKP-ESC, 2023 WL 3261612, at *44 (W.D. Tex. May 4, 2023) (citing *Cantu v. Guerra*, No. SA-20-CV-0746-JKP-HJB, 2021 WL 2636017, at *1 (W.D. Tex. June 25, 2021)).

A well-pleaded pleading "may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (citation omitted). Nevertheless, parties asserting a claim must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"); *accord Bot M8*, 4 F.4th at 1352. Parties need not plead the legal basis for a claim, but they "must plead facts sufficient to show that [the] claim has substantive plausibility." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam). And they satisfy that standard when they allege "simply, concisely, and directly events" that are sufficient to inform the defendant of the "factual basis" of their claim. *Id*.

Facts alleged by the plaintiff must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

> To withstand a motion to dismiss under Rule 12(b)(6), a complaint must present enough facts to state a plausible claim to relief. A plaintiff need not provide exhaustive detail to avoid dismissal, but the pleaded facts must allow a reasonable inference that the plaintiff should prevail. Facts that only conceivably give rise to relief don't suffice. Thus, though we generally take as true what a complaint alleges, we do not credit a complaint's legal conclusions or threadbare recitals of the elements of a cause of action.

*Smith v. Heap*, 31 F. 4th 905, 910 (5th Cir. 2022) (quoting *Mandawala v. Ne. Baptist Hosp.*, 16 F.4th 1144, 1150 (5th Cir. 2021)); *accord Bot M8*, 4 F.4th at 1352. As *Twombly* states, to avoid

dismissal under Rule 12(b)(6), plaintiffs must allege facts that "nudge" an asserted claim "across the line from conceivable to plausible." 550 U.S. at 570. The focus is not on whether the party asserting the claim will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted claims. *Id.* at 563 n.8; *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011).

Further, determining plausibility is a "context-specific task," that courts perform in light of their "judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *accord Bot M8*, 4 F.4th at 1352. "The level of detail required in any given case will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device." *Bot M8*, 4 F.4th at 1353, *see also U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009) (recognizing that some claims simply require less factual detail to state a claim upon which courts may grant relief).

### III. ANALYSIS

The parties disagree as to whether Plaintiff has alleged sufficient facts to survive Defendant's Rule 12(b)(6) motion to dismiss. Defendant aptly sets out this disagreement in its reply brief when it argues that Plaintiff relies on an incorrect pleading standard. *See* ECF No. 22 at 1-2. But Defendant goes too far when it argues that Plaintiff advocates for a pleading standard so permissive that it is sufficient to allege "I have a patent, and your product infringes its claims." *See id*. Plaintiff does not argue for such a standard. It instead relies on *Bot M8*'s recognition that the required level of detail will vary and must be judged on a case-by-case basis. That is the proper benchmark. The question is whether under the circumstances of this case, Plaintiff has made sufficient factual allegations.

In general, direct infringement arises when, without authorization, one "makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States

any patented invention during the term of the patent." 35 U.S.C. § 271(a). Because "[a] method patent claims a number of steps . . . the patent is not infringed unless all the steps are carried out." *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921 (2014).

"To prove infringement, the patentee must show that the accused device meets each claim limitation either literally or under the doctrine of equivalents." *Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc.*, 289 F.3d 801, 812 (Fed. Cir. 2002). Both of these methods for showing infringement are questions of fact. *See id*. But "[l]iteral infringement requires the patentee to prove that the accused device contains each limitation of the asserted claim," whereas "[i]nfringement under the doctrine of equivalents requires the patentee to prove that the accused device contains an equivalent for each limitation not literally satisfied." *Id*. Notably, "a patentee cannot narrowly claim an invention to avoid prosecution scrutiny by the PTO, and then, after patent issuance, use the doctrine of equivalents to establish infringement because the specification discloses equivalents." *Johnson & Johnston Assocs. Inc. v. R.E. Serv. Co.*, 285 F.3d 1046, 1054 (Fed. Cir. 2002) (en banc). Thus, when, as is the case here, the prosecution history suggests that a limitation served to limit the scope of examination so as to obtain the patent, the patentee cannot utilize the doctrine of equivalency to support a claimed infringement. *Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141 (Fed. Cir. 2018).

Naturally, a plaintiff "need not prove its case at the pleading state." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2012) (citation and internal quotation marks omitted). At this stage, proof of infringement is not at issue. Rather, the question is whether Plaintiff sufficiently placed Defendant "on notice for possible direct infringement, regardless of whether [Plaintiff] specifically listed every product that was infringing." *Iron Oak Techs., LLC v. Acer Am. Corp.*, No. 6:17-CV-00143-RP-JCM, 2017 WL 9477677, at *3 (W.D. Tex. Nov. 28, 2017) (recommendation of Mag. J.) *accepted by unpub. order Iron Oak Techs., LLC v. Acer Am. Corp*, No. 3:18-

CV-1543-M (N.D. Tex. July 5, 2018) (after transfer for multi-district litigation). The "fair notice" standard requires factual allegations which show that "each and every limitation set forth in a claim appears in the accused product." *Id.*; *accord Grecia Est. Holdings LLC v. Meta Platforms, Inc.*, 605 F. Supp. 3d 905, 909 (W.D. Tex. 2022).

Plaintiff's alleged direct infringement relates to Meta Lead Ads, the only identified accused product. Defendant challenges the factual sufficiency of four elements ([1d], [1e]. [1f], and [1h]) of the direct infringement claim. ECF No. 17 at 8-15. The Court need not consider each element because if the FAC lacks sufficient facts as to any one of the elements, the entire claim fails for lack of factual sufficiency. *See Grecia*, 605 F. Supp. 3d at 909.

Here, the FAC lacks sufficient factual allegations to support the delivery-method-preferences limitation set out in element [1f]. That element requires that Meta Lead Ads "retriev[es] a user profile associated with the recipient from a visitor information database using at least a portion of the identifier, wherein the user profile comprises at least delivery method preferences and demographic information." *See* ECF No. 16-2 at 6-7. As Defendant points out, Plaintiff makes no allegation that Meta Lead Ads retrieves any user profile that includes any delivery method preferences. ECF No. 17 at 12-13.

Plaintiff first responds that Defendant's argument is premature and should occur after claim construction. ECF No. 21 at 9. But claim construction does not dispense with the pleading requirements to allege sufficient facts to survive a Rule 12(b)(6) motion to dismiss. *See Ortiz & Assocs. Consulting, LLC v. Ricoh USA, Inc.*, No. 6:21-CV-01178-ADA, 2023 WL 2904583, at *4 (W.D. Tex. Apr. 11, 2023) (dismissing direct infringement claim despite argument that claim construction was needed); *Bowmar Archery LLC v. VIP Veteran Innovative Prod. LLC*, No. 1:22-CV-00346-RP, 2023 WL 28438, at *3-4 (W.D. Tex. Jan. 3, 2023) (recommendation of Mag. J.) (recommending Rule 12(b)(6) dismissal despite argument that determining the meaning of a term "is

entirely inappropriate at the pleading stage") *adopted by* 2023 WL 2311988 (W.D. Tex. Jan. 18, 2023).

Plaintiff next argues that it has alleged and cited information sufficient to support infringement of the delivery-method-preferences limitation. ECF No. 21 at 9-10. In doing so, it equates pre-filled forms based on specific contact information as equivalent to the user's delivery method preference. However, the prosecution history precludes Plaintiff from relying on the doctrine of equivalents. And the Court finds contact information sufficiently distinct from delivery method preferences to find that Plaintiff's allegations insufficient to state a plausible claim for direct infringement. This finding does not require claim construction. This is not a case of inconsistent direct infringement contentions, *see Unification Techs. LLC v. Dell Techs., Inc.*, No. 6:20-CV-00499-ADA, 2021 WL 1343188, at *3 (W.D. Tex. Jan. 28, 2021) (finding that "a 12(b)(6) motion is not the appropriate procedure for identifying inconsistent direct infringement contentions"), but rather, this case lacks sufficient factual allegations under the circumstances. Accordingly, the FAC fails to state a claim for direct infringement upon which relief can be granted.

The Court thus turns to the claims of indirect infringement. "To state a claim for indirect infringement . . . a plaintiff need not identify a *specific* direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists." *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012). "It is axiomatic that there can be no inducement or contributory infringement without an underlying act of direct infringement." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1355 (Fed. Cir. 2018) (citation and internal quotation marks omitted). Supreme Court precedent "leaves no doubt that inducement liability may arise 'if, but only if, [there is] . . . direct infringement.'" *Limelight Networks*, 572 U.S. at 921 (quoting *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, 341 (1961)). In short, when

9

"there has been no direct infringement, there can be no inducement of infringement under [35 U.S.C.] § 271(b)." *Id*. at 922.

Because Plaintiff has failed to state enough facts to plausibly state a direct infringement claim, its indirect infringement claims also fail. Similarly, there can be no willful infringement absent direct infringement. *Nalco Co. v. Chem-Mod, LLC*, No. 14-CV-2510, 2015 WL 6122811, at *3 (N.D. Ill. Oct. 15, 2015) (dismissing a third amended complaint without prejudice); *see also*, *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1345, 1357 (Fed. Cir. 2018) (recognizing reasoning for dismissal of third amended complaint and reversing dismissal of willfulness claim because the plaintiff had "adequately stated a direct infringement claim for at least some of the methods of infringement").

## IV. LEAVE TO AMEND

In general, the Court considers whether it should grant a plaintiff leave to amend when it has determined that dismissal is warranted. Leave to amend is not required, however, when plain-tiffs have already pled their "best case." *See Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (per curiam). Whether to grant leave to amend is within the Court's sound discretion. *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). Notably, a "party who neglects to ask the district court for leave to amend cannot expect to receive such a dispensa-tion from the court of appeals." *Id*.

Plaintiff has not asked to amend its complaint. Moreover, according to Defendant's certif-icate of conference attached to the motion to dismiss, it complied with this Court's standing order, Plaintiff filed the First Amended Complaint in response, and Defendant views the amended plead-ing as still deficient. *See* ECF No. 17 at 20. The Court's Standing Order is intended to advance cases efficiently and to minimize the cost of litigation. *See* ECF No. 7 at 1. Through this Standing Order, "the Plaintiff has already been provided notice of the proposed deficiencies and the

opportunity to amend the pleading prior to the filing of a Motion to Dismiss." *Id*. Thus, "if the Court finds any Motion to Dismiss has merit, **the Plaintiff shall not be allowed an additional opportunity to amend its Complaint following a properly filed Motion to Dismiss**." *Id*. at 1-2 (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 567 (5th Cir. 2002)). Based upon all of the foregoing, the Court finds that Plaintiff has stated its best case and thus declines to exercise its discretion to permit the filing of another amended complaint.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Opposed Motion to Dismiss (ECF No. 17) filed by Defendant Meta Platforms, Inc. By separate document, the Court will enter final judgment dismissing this action with prejudice.

**SIGNED this 2nd day of February 2024.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**